UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Slidell, Inc.,

Plaintiff and Counter-Defendant,

Court File No. 02-CV-213 (JRT/FLN)

**STIPULATED PROTECTIVE ORDER**

Millennium Inorganic Chemicals Inc.,

Defendant and Counter-Claimant.

---

IT IS HEREBY STIPULATED AND AGREED by the parties to the above-entitled action, through the undersigned counsel, that the Court may enter an order pursuant to the following terms:

1. Definitions.

a. The term "Designating Party" means the party producing or designating documents or deposition testimony as "Confidential" under this Order.

b. The term "Receiving Party" means the party receiving documents or deposition testimony designated as "Confidential" under this Order.

c. The term "Confidential" as used in this Order means any document, affidavit, discovery response or deposition testimony that constitutes or discloses information that is not known or readily ascertainable, through proper means, by either the public or the party's competitors or potential competitors, or customers or potential customers is presumed to be confidential information. All copies, abstracts, excerpts, analysis, or other writings that contain, reflect, or disclose the substance of documents or deposition testimony designated

FILED NOV 1 5 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Confidential shall also be deemed Confidential.

2. Limited Use. Documents and deposition testimony designated Confidential pursuant to this Protective Order shall be used only for purposes related to this action, and shall not be used for any business or commercial purpose. Disclosure of information extracted from documents or deposition testimony designated Confidential is authorized only in accordance with the terms of this Order.

3. Disclosure Scope/Confidential Material. Documents and deposition testimony designated Confidential may be disclosed only to:

a. The partners, associate attorneys, and staff for the firms of Fredrikson & Byron, P.A., Halleland, Lewis, Nilan, Sipkins & Johnson, P.A., Mary McGregor, Stuart G. Breslow, Patrick Casey, and/or future designated attorneys who represent any of the parties in this action ("The Attorneys");

b. The plaintiff and defendants, and those officers and employees of the parties to this action who need access to the information to assist the Attorneys in representation of the parties;

c. Independent experts, consultants, or persons or firms employed to provide litigation support services who are not competitors of the parties, or employees of competitors of the parties, retained on behalf of or by any party for purposes of this litigation, including their secretarial or clerical personnel (the "Independent Experts"), provided that such independent experts or consultants first read this Protective Order and agree to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A;

d. The Court, Judge, Magistrate Judge, Special Masters, or other persons appointed by the Court, and stenographic and other deposition reporters;

e. Deposition witnesses, provided that such deposition witnesses first read this Order and agree to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A; and

f. Commercial copying or imaging services employed by the parties to make copies of documents and deposition testimony for use in connection with this case.

4. Notice/Marking. Documents designated Confidential need not be marked in any manner. If a document produced in this action or deposition testimony given in this action has not been marked, it shall be presumed that the document or testimony is designated Confidential. The presumption is rebutted and shall not apply if the document or information (i) does not satisfy the criteria in Paragraph 1(c) or (ii) are or have been available to the public or previously have been disclosed to a non-party who has no obligation to keep the information or documents confidential, unless the document or information was made public in violation of the Proprietary Information Disclosure Agreement executed by the parties in April of 2000. A Receiving Party may not unilaterally change the presumptive status of any document; instead the receiving party must follow the procedures contained in Section 6 of this Order.

5. Additional Relief. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court or a ruling concerning a party's compliance with this stipulation and order, including, but not limited to: (1) a ruling that pertinent information or documents should or should not be treated as Confidential under this Order; (2) permission to disclose Confidential documents to any person who might not otherwise be permitted to receive such documents under the provisions of this Order; and/or (3) a ruling that some classes of information subject to production under this Order are subject to a higher level of protection than afforded by this Order, such as "Attorneys' Eyes Only."

6. Conflicts Regarding Designation. In the event a Receiving Party contests the designation of any document, deposition testimony, or other information as Confidential the parties agree to consider an informal resolution of the matter. In the event the parties cannot agree, the parties shall submit the matter to the Court, in which case the Designating Party shall have the burden of proof that any Confidential designation is necessary and appropriate. A Receiving Party is not obligated to challenge the propriety of another party's designation of documents and deposition testimony as Confidential at the time the designation is made, and failure to do so does not preclude a subsequent challenge to the designation.

7. Amendment/Modification. This Order may be amended or waived with respect to specific documents or deposition testimony without leave of Court by the agreement of counsel for the parties in the form of a written agreement or an oral agreement that is recorded by a court reporter. This Order shall remain in force and effect indefinitely until modified, superseded, or terminated on the record by agreement of the parties hereto or by order of the Court.

8. Depositions. All testimony taken by way of depositions, whether by subpoena or notice of taking depositions, will be subject to the terms of this Order. A transcript may be designated Confidential by any party or witness, pursuant to Paragraph 1, by requesting such treatment either (1) on the record or (2) by written communication mailed within thirty days after receipt by the witness of the transcript for reading and signing. All parties shall treat a transcript as Confidential during that thirty-day period. If confidential treatment is requested on the record, the court reporter shall mark the face of the transcripts containing the designed testimony with the designation "Confidential" as appropriate.

Counsel for the Designating Party may also request that all persons other than the witness, the court reporter or reporters, counsel, and those individuals specified in Paragraph 4,

leave the deposition room during the portion of the deposition which inquires into matters deemed Confidential by the Designating Party.

9. Exceptions for Consent and Court Order. Nothing contained herein shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing or on the record to such disclosure or if the Court, after notice to all affected parties, authorizes such disclosure.

10. Sealing of Submissions to the Court. Any materials that have been properly designated as "Confidential," when filed with or submitted to the Clerk of Court, Judge, Magistrate Judge, Special Master, or other person appointed by the Court, shall be filed in sealed envelopes or by other appropriate means as the Court may direct, on which shall be endorsed (1) the title of this action, (2) the phrase "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER," and (3) a statement substantially in the following form or containing language of similar import:

> This envelope contains confidential information which is to be kept under seal except by written agreement of the parties and order of the Court.

11. Trial Exhibits. If a Receiving Party intends to introduce into evidence at a trial any Confidential document or deposition transcript, the Receiving Party shall so inform the Court and Designating Party, and the Court will take the steps it may deem reasonably necessary to preserve the confidentiality of such information.

12. Vendors and Customers. When serving subpoenas on former or current vendors or customers of an opposing party, each party shall serve notice on the opposing party at least thirty days prior to the date on which the non-party vendor or customer must comply with the subpoena, unless there are less than 30 days remaining in the discovery period, in which case the party serving the subpoena shall provide reasonable notice to the opposing party.

13. Conclusion of Litigation.

(a) At the conclusion of this litigation, by way of judgment, settlement or otherwise, Counsel for each party may retain a record including its correspondence file of this case, its pleadings file (including all briefs, memoranda and affidavits), and any briefs or appendix on appeal and all legal research memoranda, whether or not Confidential Information of another party is included.

(b) Except as otherwise provided in paragraph (a) of this Section, at the conclusion of this litigation, each party or other person subject to the terms of this Order shall, within 30 days of the expiration of all right to relief, return to the Designating Party, all documents and things designated as containing Confidential Information and shall certify in writing that all the documents have been returned to the Designating Party. Such return shall not relieve said parties or persons from the obligations imposed on them by this Order.

(c) At the conclusion of this litigation, the Court shall retain jurisdiction to enforce this Order.

Dated: November 13, 2002

Jeffrey W. Post

Thomas S. Fraser (#31641)
Jeffrey W. Post (#0271883)
FREDRIKSON & BYRON, P.A.
4000 Pillsbury Center
600 Second Avenue South
Minneapolis, MN 55402
Phone: (612) 492-7000
Fax: (612) 492-7077

ATTORNEYS FOR PLAINTIFF-COUNTER-DEFENDANT

Dated: Nov. 14, 2002

Michael T. Nilan (#79224)
Scott A. Smith (#174026)
Matthew E. Johnson (#235945)
HALLELAND, LEWIS, NILAN,
SIPKINS & JOHNSON, P.A.
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-4501
Phone: (612) 338-1838
Fax: (612) 338-7858

ATTORNEYS FOR DEFENDANT-COUNTER-CLAIMANT

**ORDER**

IT IS SO ORDERED.

Dated: Nov 15 2002

Honorable Franklin L. Noel
United States Magistrate Judge

**EXHIBIT A**

The undersigned, being duly sworn and of lawful age, deposes and says the follow ng:

1. My full name and current address is:

______________________________________________________________________________

_________________________________________________________________.

2. My present occupation is _________________________________.

3. My present employer is ___________ and the address of my present employer is _

___________________________________________________________.

4. Prior to receiving any documents and information designated "CONFIDEN TIAL" in the above-captioned action, I was provided with a copy of the Protective Order, which I have read and fully understand.

5. I agree to be bound by the terms of the Protective Order, and to submit to the jurisdiction of the U.S. District Court for the District of Minnesota concerning the enforcement of the Order.

6. I understand and agree not to discuss, disclose or otherwise reveal the information subject to the Protective Order to anyone, except individuals who also are permitted to view, inspect, examine, or discuss the materials, as stated in the Protective Order.

7. I received confidential information in my capacity as an (attorney, secretary, expert, other) ____________________.

Dated: __________________ ____________________________________

Signature

Subscribed and sworn to before me
this ____ day of ________, 2002.

______________________________
Notary Public

DN: 166 818
#2724253\2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.