ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Slidell, Inc.,

Plaintiff and Counter-Defendant,

v.

Millennium Inorganic Chemicals Inc.,

Defendant and Counter-Claimant.

Court File No. 02-CV-213 (JRT/FLN)

**STIPULATION AND ORDER CONCERNING MODIFICATION OF PRE-TRIAL SCHEDULE ORDER AND AMENDED PLEADING**

## STIPULATION

The parties to the above-entitled action, through their undersigned counsel, agree and stipulate as follows:

1. Notwithstanding Paragraph 1.a. of the Pretrial Schedule Order dated April 24, 2002, Defendant and Counter-Claimant Millennium Inorganic Chemicals Inc. may, within 10 days of the filing of this Order, serve and file an Amended Answer and Counterclaim in the form that is attached to this Stipulation and Order as Exhibit A.

2. Paragraph 1.b. of the Pretrial Schedule Order dated April 24, 2002, shall be modified to provide that all discovery shall be commenced in time to be completed by **May 30, 2003**.

3. Paragraph 1.d. of the Pretrial Schedule Order dated April 24, 2002, shall be modified to provide that each party may take up to **20** depositions.

FILED 4.14.03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

DN: 180 662

4. All other dates and deadlines contained in the Pretrial Schedule Order dated April 24, 2002, shall remain the same.

Dated: 3/31/03

Thomas S. Fraser (#31641)
Jeffrey W. Post (#0271883)
FREDRIKSON & BYRON, P.A.
4000 Pillsbury Center
600 Second Avenue South
Minneapolis, MN 55402
Phone: (612) 492-7000
Fax: (612) 492-7077

ATTORNEYS FOR PLAINTIFF-COUNTER-DEFENDANT

Dated: April 1, 2003

Michael T. Nilan (#79224)
Scott A. Smith (#174026)
Matthew E. Johnson (#235945)
Amanda M. Cialkowski (#306514)
HALLELAND, LEWIS, NILAN, SIPKINS & JOHNSON, P.A.
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-4501
Phone: (612) 338-1838
Fax: (612) 338-7858

ATTORNEYS FOR DEFENDANT-COUNTER-CLAIMANT

**ORDER**

IT IS SO ORDERED.

Dated: April 11, 2003

HONORABLE FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Slidell, Inc.,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>Millennium Inorganic Chemicals Inc.,<br><br>Defendant and Counter-Claimant. | Court File No.: 02-CV-213 (JRT/FLN)<br><br>**FIRST AMENDED ANSWER AND COUNTERCLAIM OF MILLENNIUM INORGANIC CHEMICALS INC.** |

## Answer

For its Answer to the Complaint in this case, Defendant Millennium Inorganic Chemicals Inc. ("Millennium") hereby states the following:

1. Millennium is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint.

2. Millennium admits that it is a Delaware corporation with its principal place of business in Hunt Valley, Maryland and that it is engaged in the manufacture and sales of inorganic products. Millennium is without information sufficient to form a belief as to the truth or falsity of the allegations pertaining the amount of Slidell's revenues, and denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, Millennium admits that, based upon the allegations contained in Plaintiff's Complaint and in Millennium's Counterclaim against Plaintiff, this Court possesses subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332.

4. Millennium admits that personal jurisdiction over it exists within the State of Minnesota, denies that any of its acts have damaged Plaintiff in any manner, and is without

EXHIBIT
A

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 of Complaint.

5. Millennium admits that venue is appropriate in this District, and is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5 of Complaint.

6. Millennium admits that it is subject to personal jurisdiction in Minnesota and is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 of the Complaint.

7. Millennium admits that it executed a Letter of Intent dated November 30, 1999, which speaks for itself, and is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7 of the Complaint.

8. Millennium admits that the parties executed a written contract for the packaging equipment in question in March and April, 2000, which speaks for itself, and is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8 of the Complaint.

9. Millennium states that the terms of the contract speak for themselves and denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Millennium states that the contract speaks for itself, admits that the contract price for the packaging equipment in question was $10,350,465.00, and denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Millennium denies the allegations contained in Paragraph 11 of the Complaint.

12. Millennium denies that Slidell substantially performed its contract and is without information as to the truth or falsity of the remaining allegations contained in Paragraph 12 of the Complaint.

13. Millennium admits that it had certain contacts with Minnesota after the execution of the contract and is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 13 of the Complaint.

14. Millennium states that the contract speaks for itself and is without information as to the truth or falsity of the remaining allegations contained in Paragraph 14 of the Complaint.

15. Millennium denies the allegations contained in Paragraph 15 of the Complaint.

16. Millennium denies the allegations contained in Paragraph 16 of the Complaint.

17. Millennium denies the allegations contained in Paragraph 17 of the Complaint.

18. Millennium denies the allegations contained in Paragraph 18 of the Complaint.

19. Millennium denies the allegations contained in Paragraph 19 of the Complaint.

20. Millennium denies the allegations contained in Paragraph 20 of the Complaint.

21. Millennium denies the allegations contained in Paragraph 21 of the Complaint.

22. Millennium denies the allegations contained in Paragraph 22 of the Complaint.

23. Millennium denies the allegations contained in Paragraph 23 of the Complaint.

24. Millennium denies the allegations contained in Paragraph 24 of the Complaint.

25. Millennium denies the allegations contained in Paragraph 25 of the Complaint.

26. Millennium denies the allegations contained in Paragraph 26 of the Complaint.

27. Millennium denies the allegations contained in Paragraph 27 of the Complaint.

28. Millennium denies that it breached any confidentiality obligations set forth in the contract and is without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28 of the Complaint.

29. Millennium denies the allegations contained in Paragraph 29 of the Complaint.

30. Millennium denies that it is responsible for any of the costs asserted by Plaintiff and is without information as to the truth or falsity of the remaining allegations contained in Paragraph 30 of the Complaint.

31. Millennium incorporates by reference its answers to Paragraphs 1-30 above, of the Complaint.

32. Millennium denies the allegations contained in Paragraph 32 of the Complaint.

33. Millennium denies the allegations contained in Paragraph 33 of the Complaint.

34. Millennium denies the allegations contained in Paragraph 34 of the Complaint.

35. Millennium denies the allegations contained in Paragraph 35 of the Complaint.

36. Millennium denies the allegations contained in Paragraph 36 of the Complaint.

37. Millennium denies the allegations contained in Paragraph 37 of the Complaint.

38. Millennium denies that it breached the contract and is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 38 of the Complaint.

39. Millennium denies the allegations contained in Paragraph 39 of the Complaint.

40. Millennium denies the allegations contained in Paragraph 40 of the Complaint.

41. Millennium denies the allegations contained in Paragraph 41 of the Complaint.

42. Millennium denies the allegations contained in Paragraph 42 of the Complaint.

43. Millennium denies that its conduct was wrongful in that it caused any harm to Plaintiff and is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 43 of the Complaint.

44. Millennium denies the allegations contained in Paragraph 44 of the Complaint.

45. Millennium denies that it is responsible for the services claimed by Plaintiff and is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 45 of the Complaint.

46. Millennium is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Complaint.

47. Millennium is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of the Complaint.

48. Millennium states that terms of the contract and the confidentiality agreement speak for themselves, denies that it breached the contract or the confidentiality agreement, and is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of the Complaint.

49. Millennium denies the allegations contained in Paragraph 49 of the Complaint.

50. Millennium denies the allegations contained in Paragraph 50 of the Complaint.

51. Millennium denies that its conduct was wrongful or that it caused any harm to Plaintiff and is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 51 of the Complaint.

52. Millennium denies the allegations contained in Paragraph 52 of the Complaint.

53. Millennium denies the allegations contained in Paragraph 53 of the Complaint.

54. Millennium is without information sufficient to form a belief as to the truth or falsity of the out-of-pocket expenses claimed by Plaintiff, denies that it is responsible for those expenses, and denies the remaining allegations contained in Paragraph 54 of the Complaint.

55. Millennium denies the allegations contained in Paragraph 55 of the Complaint.

56. Millennium denies that its conduct was wrongful or that it caused any harm to Plaintiff and is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 56 of the Complaint.

**Affirmative Defenses**

57. The Complaint fails to state a claim upon which relief can be granted.

58. Plaintiff's claims against Millennium, in whole or in part, are barred by the doctrines of estoppel, waiver, unclean hands, and/or laches.

59. Pursuant to the contract between the parties, Plaintiff's claims for incidental and consequential damages are barred.

60. Pursuant to the contract, Plaintiff is prohibited from recovering damages in an amount in excess of the contract price.

61. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction, in that Plaintiff and Millennium agreed upon change orders to the contract which fully settled and resolved items of damage now asserted by Plaintiff herein.

62. Plaintiff has breached its contract with Millennium.

63. Plaintiff has failed to mitigate its damages.

64. Millennium is entitled to a set-off against any damages which might be assessed against it in the amount of its payments to Plaintiff pursuant to the contract.

65. Plaintiff's claims are barred in part by the statute of frauds.

66. Plaintiff's claim for breach of an alleged contract regarding Slidell BV is barred by failure of a condition precedent and/or condition subsequent.

67. Plaintiff's claim for breach of an alleged contract regarding Slidell BV is barred by frustration of purpose and/or impracticability.

**WHEREFORE**, Millennium contends that Plaintiff's Complaint should be dismissed with prejudice and on the merits, that Millennium should be awarded its costs, disbursements and other fees allowable by law, and that Millennium is entitled to all additional relief proper in the premises.

Millennium requests trial by jury on all claims and issues so triable.

Dated: April 1, 2003

HALLELAND LEWIS NILAN SIPKINS & JOHNSON

By_______________

Michael T. Nilan (#79224)
Scott A. Smith (#174026)
Matthew E. Johnson (#235945)
Amanda M. Cialkowski (#306514)
220 South Sixth Street, Suite 600
Minneapolis, MN 55402
Telephone: (612) 338-1838
Fax: (612) 338-7858

Attorneys for Defendant Millennium Inorganic Chemicals Inc.

## Counterclaim

For its Counterclaim against Slidell, Millennium hereby states the following:

1. In April, 2000, Millennium and Slidell executed a contract which, generally speaking, called for Slidell to manufacture seven essentially-identical packaging machines, deliver them to three Millennium plants where it manufactures titanium dioxide, and install the machines at Millennium's plants. A true and correct copy of the contract is attached to Plaintiff's Complaint as Exhibit A. Slidell was the drafter of the contract.

2. Under the terms of the contract, the purchase price for all seven machines, including shipment, installation and testing of the machines in Millennium's plants, was $10,350,465. The contract required Millennium to make periodic payments to Slidell pursuant

to Slidell's completion of "milestones" under the contract, as set forth more specifically in paragraph 20 of the contract.

3. During 2000 and 2001, Slidell and Millennium negotiated and agreed upon several change orders to the contract. Including the agreed-upon change orders, the total purchase price of the seven packaging units under the contract is now $11,058,476.

4. To date, Millennium has paid Slidell $8,580,734.20 in progress payments under the terms of paragraph 20 of the contract. This sum is approximately 77.6% of the total contract price.

5. Upon information and belief, Slidell has not yet achieved the "substantial completion of final assembly" milestone set forth in paragraph 20(a) of the contract. Upon Slidell's completion of that milestone, according to the contract, Slidell would be entitled to 65% of the total contract price. Accordingly, Millennium has made payments to Slidell over and above what Slidell is entitled to under the terms of paragraph 20 of the contract.

6. Upon information and belief, Slidell stopped all work on the packaging equipment in late 2001. Slidell claimed that it needed more money from Millennium to finish the job. Despite numerous requests from Millennium that it recommence its work and deliver completed packaging machines to Millennium under the terms of the contract, Slidell has refused to do so.

7. The packaging units called for by the contract are currently in a partially-completed state and in Slidell's possession. In addition, upon information and belief, Slidell has in its possession other parts, components or goods which are identified to the contract but which have not yet been physically installed on the partially-completed units.

8. Slidell has informed Millennium that Slidell intends to cannibalize all or portions of the partially-completed packaging units and other goods attached to its contract with

Millennium by removing parts or other pieces of those machines and incorporating them into packaging machines Slidell is building under other, unrelated contracts for other buyers

9. On account of Slidell's conduct, as set forth more fully below, Millennium has suffered damages including, but not limited to, the following:

(a) All progress payments made by Millennium to Slidell under the terms of the contract;

(b) Lost production of titanium dioxide due to the absence of the Slidell packaging equipment;

(c) Capital outlays to accommodate the Slidell packaging equipment;

(d) Excess supervisory, labor and other operating costs;

(e) Other expenses and losses due to Slidell's failure to deliver the packaging equipment in a timely fashion.

10. In addition, Millennium will continue to suffer damages in the future, including but not limited to start up and support costs, continued production and capital losses, and other losses due to Slidell's conduct.

**<u>Count I – Damages for Breach of Contract</u>**

11. Millennium incorporates and adopts by reference the allegations contained in Paragraphs 1 through 10, above.

12. Slidell's conduct amounts to an anticipatory repudiation of its contract with Millennium.

13. Slidell has breached its contract with Millennium.

14. Slidell's breach of its contract with Millennium is a proximate cause of the damages asserted by Millennium.

15. On account of Slidell's wrongful conduct, pursuant to Minn. Stat. § 336.2-713 Millennium is entitled to recover its damages from Slidell.

**Count II – Specific Performance**

16. Millennium incorporates and adopts by reference the allegations contained in Paragraphs 1 through 15, above.

17. Millennium's packaging units are unique goods within the meaning of Minn. Stat. § 336.2-716(1).

18. On account of Slidell's wrongful conduct, pursuant to Minn. Stat. § 336.2-716(1), Millennium is entitled to specific performance of Slidell's obligations under the contract, including but not limited to Slidell's completion of the packaging units, its delivery of those units to Millennium's facilities, and its installation, start up, and testing of those packaging units.

**Count III - Replevin**

19. Millennium incorporates and adopts by reference the allegations contained in Paragraphs 1 through 18, above.

20. Millennium's packaging units are goods identified to the contract within the meaning of Minn. Stat. § 336.2-716(3).

21. Cover for Millennium's packaging units is reasonably unavailable, unavailing, or both.

22. On account of Slidell's wrongful conduct, pursuant to Minn. Stat. § 336-2.716(3), Millennium has a right of replevin for the packaging units and all components and parts which have been identified to the contract.

**Count IV – Unjust Enrichment**

23. Millennium incorporates and adopts by reference the allegations contained in Paragraphs 1 through 22, above.

24. Slidell has unjustly enriched itself by accepting and keeping the full amount of Millennium's progress payments under the contract, retaining title and possession to the partially-completed units, refusing to complete performance of its obligations under the contract, and repudiating the contract by threatening to disassemble the units and incorporate parts paid for by Millennium on packing machines it is building for other customers.

25. On account of Slidell's wrongful conduct, Millennium is entitled to an award in its favor in the amount by which Slidell has unjustly enriched itself.

**Count V – Equitable Lien**

26. Millennium incorporates and adopts by reference the allegations contained in Paragraphs 1 through 25, above.

27. Millennium has received no consideration from Slidell in exchange for the progress payments made by Millennium under the contract.

28. Slidell has unjustly enriched itself by accepting and keeping the full amount of Millennium's progress payments under the contract, retaining title and possession to the partially-completed units, refusing to complete performance of its obligations under the contract, and repudiating the contract by threatening to disassemble the units and incorporate parts paid for by Millennium on packing machines it is building for other customers.

29. Millennium has no security interest in the partially-constructed packaging units absent the Court's imposition of an equitable lien on the packing units.

30. Millennium has no adequate remedy at law which would permit it to protect its investment in the packaging units and associated goods.

31. On account of Slidell's wrongful conduct, Millennium is entitled, as a matter of equity, to an equitable lien upon the partially-completed packaging units and all parts, supplies, components and other goods which have been identified to the contract.

**Count VI – Constructive Trust**

32. Millennium incorporates and adopts by reference the allegations contained in Paragraphs 1 through 31, above.

33. Slidell currently holds title and possession of the partially-completed packaging units and all parts, supplies, components and other goods which have been identified to the contract through taking improper advantage of its fiduciary relationship with Millennium, fraud, and similar improper means.

34. Millennium has no adequate remedy at law which would permit it to protect its investment in the packaging units and associated goods.

35. On account of Slidell's wrongful conduct, Millennium is entitled, as a matter of equity, to the creation of a constructive trust into which ownership and possessory rights of the packaging units and all parts, supplies, components and other goods which have been identified to the contract would be placed.

**WHEREFORE**, Millennium demands judgment in its favor and against Slidell as follows:

A. Awarding Millennium its damages for breach of contract, which are in excess of $75,000;

B. Compelling Slidell to specifically perform the balance of its obligations under the contract;

C. Granting to Millennium a right of replevin to the partially-completed packaging units and all parts, supplies, components and other goods which have been identified to the contract;

D. Granting to Millennium additional equitable relief as follows:

(1) Creation of an equitable lien on the partially-completed packaging units and all parts, supplies, components and other goods which have been identified to the contract;

(2) Creation of a constructive trust over the partially-completed packaging units and all parts, supplies, components and other goods which have been identified to the contract;

E. Awarding Millennium its costs, expenses, pre- and post-judgment interest and other amounts allowable by law; and,

F. Granting Millennium such other and further relief as the Court may approve in the premises.

Millennium requests trial by jury on all claims and issues so triable.

Dated: April 1, 2003

HALLELAND LEWIS NILAN SIPKINS & JOHNSON

By [signature]
Michael T. Nilan (#79224)
Scott A. Smith (#174026)
Matthew E. Johnson (#235945)
Amanda M. Cialkowski (#306514)
220 South Sixth Street, Suite 600
Minneapolis, MN 55402
Telephone: (612) 338-1838
Fax: (612) 338-7858

Attorneys for Defendant and Counterclaimant
Millennium Inorganic Chemicals Inc.