UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Slidell, Inc., Civil No. 02-213 JRT/FLN

Plaintiff,

v. ORDER

Millennium Inorganic Chemicals, Inc.,

Defendant.

---

Jeffrey W. Post, for Plaintiff.
Scott Smith, for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge for a hearing on July 21, 2003, on Plaintiff's Motion for a Renewed Protective Order [#75] and Plaintiff's Motion to Compel Discovery [#72].

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Renewed Protective Order [#75] is **GRANTED**. The parties are directed to meet and submit a renewed protective order for the Court to sign including the change proposed by the Defendant;

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel [#72] is **GRANTED in part** and **DENIED in part** as follows:

1. In so far as the Motion relates to Plaintiff's Request for Production of Documents, Set I, No. 4, the Motion is **DENIED as moot**;

2. In so far as the Motion relates to Plaintiff's request for Production of Documents, Set III, No. 1, the Motion is



FILED AUG 0 7 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**GRANTED**, including the work papers, the internal audits and the external audits;

3. In so far as the Motion relates to Plaintiff's request for Production of Documents, Set I, No. 11, the Motion is **Granted in part** and **Denied in part**. In so far as the Motion seeks the production of Defendant's overall capital budget for the time period at issue the Motion is **GRANTED**. In so far as the Motion seeks the production of documents related to the Defendant's Stock buy-back program, the Motion is **GRANTED**. In so far as the Defendant has already produced such documents, they can identify the documents to the Plaintiff by Bates number. In all other respects the Motion is **DENIED**;

4. In so far as the Motion relates to Plaintiff's request for Production of Documents, Set II, No. 2(o) the Motion is **GRANTED**;

5. In so far as the Motion relates to Plaintiff's request for Production of Documents, Set I, No. 12, the Motion is **DENIED**;

6. In so far as the Motion relates to Plaintiff's request for Production of Documents, Set I, No. 16, the Motion is **GRANTED in part** and **DENIED in part**. In so far as the Motion seeks the production of the contents of the Allen Bradley folder, the Motion is **GRANTED**. In all other respects the Motion is **DENIED as moot**;

7. In so far as the Motion relates to Plaintiff's request for Production of Documents, Set I, No. 25, the Motion is **DENIED as moot**;

8. In so far as the Motion relates to Plaintiff's request for Production of Documents, Set I, Nos. 30 and 31, the Motion is **GRANTED in part** and **DENIED in part**. In so far as the Motion seeks the production of documents relating to the Slidell project from the Operational Excellence Committee, the Operations Committee, and the Executive Committee, the Motion is **GRANTED**. In so far as the Motion seeks the production of the strategic plans, the Motion is **GRANTED**. In so far as the Motion seeks the production of the notes of

individuals, the Motion is **GRANTED** to the extent the notes are requested in the Document Production request. To the extent that the Defendant has already produced these documents, they can identify the documents to the Plaintiff by Bates number. In so far as the Plaintiff seeks the production of the photographs by David Hughes in a digital or electronic form, the Motion is **GRANTED**. In all other respects the Motion is **DENIED**;

9. In so far as the Motion relates to Plaintiff's request for Production of Documents, Set III, No. 9, the Motion is **DENIED**;

10. In so far as the Motion relates to Plaintiff's request for Production of Documents, Set I, Nos. 2 and 3, the Motion is **GRANTED**. To the extent that the Defendant has already produced these documents, they can identify the documents to the Plaintiff by Bates number; and

11. In so far as the Motion relates to Plaintiff's request for Production of Documents, Set III, No. 11, the Motion is **DENIED**.

DATED: August 7, 2003

Franklin L. Noel

FRANKLIN L. NOEL
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## District of Minnesota

700 Federal Building
716 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55082

# CLERK'S NOTICE IN RE: PROTECTIVE ORDER

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. **Failure to do so may result in documents NOT getting filed under seal.**

## Guidelines for Submission of Sealed Documents:

A. File ORIGINALS with the Clerk. Copies are for the Judge or Magistrate Judge.

B. Each ORIGINAL document is to be **sealed** (closed, fastened, taped, or otherwise secured) in a separate envelope of comparable size no larger than 9 x 12.
*LR 5.1: All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. This rule does not apply to: (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.*

C. EACH original document MUST be in a separate envelope, and the front of EACH envelope must include the following information:
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal). Note: Motions, affidavits and memoranda are each considered a separate document.
- The word "**SEALED**" or "**CONFIDENTIAL**"

D. Copies MUST be together as a separate set in an envelope **addressed to the Judge or Magistrate Judge**.