**ORIGINAL**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Slidell, Inc.,

Plaintiff and Counter-Defendant,

vs.

Millennium Inorganic Chemicals Inc.,

Defendant and Counter-Claimant.

Court File No. 02-CV-213 (JRT/FLN)

**STIPULATION AND ORDER CONCERNING *IN CAMERA* REVIEW AND HIGHLY CONFIDENTIAL DOCUMENTS**

---

## STIPULATION

IT IS HEREBY STIPULATED AND AGREED by the parties to the above-entitled action, through the undersigned counsel, that the Court may enter an Order pursuant to the following terms:

1. Following the September 22, 2003, hearing on Slidell's motion to compel discovery, the parties met and conferred in an attempt to narrow or resolve some of the issues raised by that motion. As a result of those discussions, Millennium has agreed to make an additional production of specified documents and specified portions of documents containing information that Millennium had designated confidential commercial information and/or trade secrets. In light of Millennium's agreement to make that supplemental production, Slidell has agreed to waive its pending motion to compel to the extent that the motion sought the production of documents or portions of documents containing information that Millennium had designated confidential commercial information and/or trade secrets. Slidell will continue to pursue its motion with respect to documents or portions of documents that Millennium had designated as

FILED OCT 17 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED________
DEPUTY CLERK'S INTIALS________

attorney-client privileged or protected by the attorney work product doctrine.

2. As a consequence of the agreement described in Paragraph 1, when conducting the *in camera* review of the documents identified during the September 22, 2003, hearing, the Court need not consider issues concerning confidential commercial information and/or trade secrets. When conducting the *in camera* review, the Court need only consider issues concerning Millennium's assertion of the attorney-client privilege or attorney work product doctrine.

3. Pursuant to Slidell's Motion for Renewed Protective Order (Docket No. 75) and the Court's Order dated August 7, 2003, Slidell may designate the following documents as "Highly Confidential": S040467, S040468, S040527, S040541, S040543, S040544, S041757, S041759, S041771, S041773, S040614, S040623, S040664, S040665, S040675, S040676, S040692, and S050292-S052956.

4. The parties agree that Slidell also may designate the following documents as "Highly Confidential": S041846-S041858 and S059104-S059107.

5. Pursuant to the agreement described in Paragraph 1, the parties agree that Millennium may designate as "Highly Confidential" any and all documents that Millennium produced to Slidell that also, as a result of the September 22, 2003, hearing on Slidell's motion to compel discovery, must be submitted to the Court for an *in camera* review; these documents are as follows: HV017802-03, HV017818, HV017825, HV017829, HV017835, HV017837, HV017842, HV017843, HV017850, HV018241-44, HV018245-48, HV018302-HV018308, HV017196-HV0172204, HV018249-52, HV017205-HV017212, HV017213-HV01724, HV017225-HV017231, HV017773, HV018309-HV018325, HV017174, HV017232-HV017246, HV017247-HV017253, and HV018326-HV018330.

6. Documents designated "Highly Confidential" in this Order may not be given to or

shown to the persons identified in Paragraph 3.b. of the Court's Stipulated Protective Order, dated November 15, 2002, unless the information warranting highly-confidential status has been redacted from the document. Notwithstanding the preceding sentence, Slidell may show the documents stamped HV018242 and HV018251 to its employee, Phil Williams, so long as Mr. Williams agrees not to show those two documents to any other person not permitted to receive "Highly Confidential" documents. The parties agree that Paul Berwanger is not within Paragraph 3.b. of the Court's Stipulated Protective Order, dated November 15, 2002, so long as Mr. Berwanger agrees not to show any of Slidell "Highly Confidential" documents to any other person not permitted to receive "Highly Confidential" documents.

7. Documents designated "Highly Confidential" by this Order shall be conspicuously marked as follows: "HIGHLY CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY."

8. Nothing in this stipulation and order shall prevent either party from seeking relief from the Court, upon a showing of good cause, to obtain an order providing that (a) documents should or should not be designated as "Highly Confidential" or (b) documents designated "Highly Confidential" may be shown to a person or persons who otherwise are not permitted to receive or review such documents.

9. In all other respects, documents designated "Highly Confidential" by this Order shall be governed by the provisions of the Court's Stipulated Protective Order, dated November 15, 2002, governing documents designated "Confidential."

Dated: October 15, 2003

Thomas S. Fraser (#31641)
Jeffrey W. Post (#0271883)
FREDRIKSON & BYRON, P.A.
4000 Pillsbury Center
600 Second Avenue South
Minneapolis, MN 55402
Phone: (612) 492-7000
Fax: (612) 492-7077

ATTORNEYS FOR PLAINTIFF-COUNTER-DEFENDANT

Dated: Oct. 15, 2003

Michael T. Nilan (#79224)
Scott A. Smith (#174026)
Matthew E. Johnson (#235945)
HALLELAND, LEWIS, NILAN, SIPKINS & JOHNSON, P.A.
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-4501
Phone: (612) 338-1838
Fax: (612) 338-7858

ATTORNEYS FOR DEFENDANT-COUNTER-CLAIMANT

**ORDER**

IT IS SO ORDERED.

Dated: Oct. 16, 2003

Honorable Franklin L. Noel
United States Magistrate Judge

DN: 186 952 .04

# UNITED STATES DISTRICT COURT
## District of Minnesota

Richard D. Sletten, Clerk

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 Federal Building
515 West. First Street
Duluth, MN 55802
(218) 529-3500

# CLERK'S NOTICE IN RE: PROTECTIVE ORDER

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. **Failure to do so may result in documents NOT getting filed under seal.**

## Guidelines for Submission of Sealed Documents:

A. File ORIGINALS with the Clerk. Copies are for the Judge or Magistrate Judge.

B. Each ORIGINAL document is to be **sealed** (closed, fastened, taped, or otherwise secured) in a separate envelope of comparable size no larger than 9 x 12.
*LR 5.1: All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. This rule does not apply to: (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.*

C. EACH original document MUST be in a separate envelope, and the front of EACH envelope must include the following information:
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal). Note: Motions, affidavits and memoranda are each considered a separate document.
- The word "**SEALED**" or "**CONFIDENTIAL**"

D. Copies MUST be together as a separate set in an envelope **addressed to the Judge or Magistrate Judge**.