halleland lewis nilan
sipkins & johnson PA

Attorneys at Law / P.A.
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4501
Office: 612.338.1838 Fax: 612.338.7858
www.halleland.com

**Scott A. Smith**
**Direct Dial: 612.204-4117**
**Email: ssmith@halleland.com**

November 30, 2004

***Via ECF***

Honorable John R. Tunheim
U.S. District Court for the District of Minnesota
Suite 13E
300 South Fourth Street
Minneapolis, Minnesota 55415

RE: **<u>Slidell, Inc. v. Millennium Inorganic Chemicals, Inc.</u>**
Case No. 02-CV-213 (JRT/FLN) (D. Minn.)
Our File No. 50467-0001

Dear Judge Tunheim:

On behalf of Millennium, I am writing to raise an issue that, though best categorized as a motion in limine, should ideally be resolved before the parties copy and exchange their trial exhibits, which the parties have agreed to do by December 15. I spoke with Lou Jean Gleason last week, and Lou Jean felt that the parties could address this via brief letters on the subject, given the press of other matters currently before the Court.

The overwhelming majority of documents produced by both parties carry a designation on the Bates label of "Confidential." I am attaching an example for the Court's review. The Bates label, including the "Confidential" designation, was attached by the parties pursuant to discovery and the Stipulated Protective Order entered by the Court on November 15, 2002. Neither it, nor the Bates number, appears on the original form of these documents.

Millennium has grave concerns, described in greater detail below, that particularly in light of the trade secret issues in this case, the "Confidential" designation found on the Bates label may mislead the jury and should be redacted from all trial exhibits where that designation appears. Slidell has declined to redact its documents but proposes to handle the issue through an instruction to be given by the Court to jurors regarding the "Confidential" designation on the Bates label. Millennium disagrees with Slidell's suggestion, and hence the parties require the Court's resolution of the issue.

Briefly, Millennium's reasons for asking the Court to require that all trial exhibits be redacted to remove the "Confidential" designation from the Bates label are as follows:

1. As the Court knows, Slidell has asserted claims for trade secrets violations, including claims under the Uniform Trade Secrets Act, Minn. Stat. § 325C.01 *et seq.*

2. Under the Uniform Trade Secrets Act, a "trade secret," to be proven, must be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Id.*, subd. 5. . In examining whether a party has taken reasonable steps to maintain a document's secrecy, courts have frequently looked for "some kind of facial indicia indicating that the document is in fact confidential." *See Hoffmann-La Roche Inc. v. Yoder*, 950 F. Supp. 1348, 1362 (S.D. Ohio 1997); *see also Lexis-Nexis v. Beer,* 41 F. Supp. 2d 950, 959 (D. Minn. 1999) (documents not labeled with the "Lexis-Nexis Confidential and Proprietary" mark required by company policy would not be considered trade secrets); M. Margaret McKeown, *Trade Secret Enforcement in the United States,* 9 SPG Int'l L. Practicum 22, 24 (1996); Roger Norman Coe, *Keeping Trade Secrets Secret,* 76 J. Pat. & Trademark Off. Soc'y 833, 836 (1994) ("Fundamental to many of these procedures is confidential stamping: marking sensitive documents with an unmistakable label like 'Confidential', 'Do Not Copy", or 'Trade Secret.' "); Daniel P. Powell, *An Introduction to the Law of Trade Secrets,* 23 Colo.Law. 2125, 2127 (1994) ("It is of utmost necessity in implementing any trade secrets protection program to mark all internal memoranda, manuals, drawings, blueprints, schematics, software, floppy diskettes, tape cartridges or any other item that may contain a business's trade secret information, as being 'confidential.' ").

3. The "Confidential" legend on the Bates labels of documents produced in this case do not appear on the original copies of the documents; that legend was generated by the attorneys as part of document production in this case. Accordingly, copies containing the Bates label are not "duplicates" of the original copies of such documents within the meaning of FRE 1001(4) and 1003 and are not admissible into evidence.

4. The potential undeniably exists that jurors will incorrectly interpret the "Confidential" designation on the Bates label as evidence of a trade secret. Thus, if the "Confidential" labels are not redacted, jurors could potentially find as trade secrets information which neither Slidell nor Millennium, during their normal and regular business dealings, ever considered as trade secrets. The prejudice to Millennium, should the jurors so conclude, is obvious. Thus, all documents with the "Confidential" designation on the Bates label should be excluded under FRE 403 as well.

5. Slidell's suggestion – that the documents may be introduced into evidence in their as-produced form (with the "Confidential" designation on the Bates label included) but accompanied by an instruction from the Court relative to the "Confidential" designation – is, in Millennium's view, not a solution contemplated by the Federal Rules of Evidence. First, as noted above, the versions of the documents containing the "Confidential" designation on the Bates label are not exact duplicates of the original and are therefore not admissible under FRE 1003. Second, jurors may well unfairly infer from the mere fact of the "Confidential" designation, the Court's instruction to the contrary, that the

parties must have intended that something about the document was protected or sensitive. Millennium submits that the correct way to deal with the problem, and the only manner sanctioned by the rules, is to redact the "Confidential" legend from the Bates label wherever it may appear on any trial exhibit.

6. The burden of redacting documents in this manner, Millennium submits, is small and must be borne by both sides. There is no prejudice to either side by doing so. Conversely, if the documents are not redacted as Millennium requests, the potential prejudice to Millennium is severe.

For these reasons, accordingly, Millennium requests that the Court enter an order in limine requiring that both parties redact their trial exhibits to remove any "Confidential" designation appearing on the document as attached by the parties' counsel during the discovery phase of the case.

Thank you for your attention to and consideration of these matters.

Very truly yours,

Scott A. Smith

SAS:cjw
cc: Thomas Fraser, Esq.
Jeffrey Post, Esq.

**Lisa A Howe** **01/04/2001 11:34 AM**

To: Dallas Allen/MFG/AMERICAS/MIC@MIC_AMERICAS_INT
cc:
Subject: Re: Times

You welcome.

Kathy said that all the meetings will start at 8:00 a.m. in the 800 building training room.

CONRAD
OUTLOOK SENT/RECEIVED

CONFIDENTIAL

S000001