Fredrikson
& BYRON, P.A.

December 1, 2004

**VIA ECF**
Honorable John R. Tunheim
U.S. District Court for the District of Minnesota
300 South Fourth Street, Suite 13E
Minneapolis, MN 55415

Re: Slidell, Inc. v. Millennium Inorganic Chemicals, Inc.

Dear Judge Tunheim:

I am responding to Millennium's letter of November 30, 2004 regarding the designation "confidential" on exhibits. I agree that letters to you are the appropriate way to resolve this issue, which needs to be resolved soon.

In general, Millennium's letter fairly presents the issue with a few clarifications noted below. Millennium states that the "overwhelming majority of documents produced by both parties" are designated "confidential." That is true. In addition, we believe almost all of the proposed exhibits are so designated.

The reasons we oppose deleting the confidential designation are set forth below.

1. <u>The Burden Is Heavy</u>.

Contrary to paragraph 6 of Millennium's letter, the burden of redacting documents is not "small." In fact, it is a heavy one. Both sides have tentatively designated numerous exhibits, some of which are voluminous. I am informed by our paralegals that to delete the designation on each page of the proposed exhibits would be a manual, time-consuming process requiring each page to be viewed separately and either manually or electronically redacted. The Slidell's trial exhibits alone number 11,677 pages. Our estimate is that it would take one paralegal approximately five working days to do this.

Moreover, some of these exhibits, of course, are displayed in connection with video depositions, the designations of which are due today. We have been preparing video clips, most of which include deposition exhibits. These clips would have to be redone if redaction were required. This would take a paralegal one or two working days.

Additionally, Millennium's proposal creates the risk of substantial delays at trial. It is impossible to predict which documents will be used for impeachment purposes. Unless an impeachment document was pre-designated as a trial exhibit, the document would have to be redacted shortly before being used with a witness. As a result, the trial may grind to a halt while hundreds of pages are redacted in the courtroom.

We have confirmed that the burden on Millennium would be the same because they have the same sort of software and technology. While Millennium may well be able to afford it, we think the substantial cost in an otherwise already expensive case is unnecessary for the reasons that follow.

2. <u>Exhibits With That Designation Were Used in Depositions Without Objection</u>.

Almost all of the deposition exhibits in this case bear the "confidential" label. They were used in the dozens of depositions without any objection. A substantial portion of both sides' trial exhibits, if not the majority, are made up of these deposition exhibits. Thus, we believe any objection has been waived.

3. <u>The "Confidential" Designation Is Insignificant Verbally and Visually</u>.

Viewed on a screen, the word "confidential" near the Bates label is insignificant—that is, not a prominent feature. Thus, it is not going to be a point of emphasis either verbally or visually.

4. <u>The Trade Secret Issue Will Focus on Specific Documents</u>.

The trade secret issue will focus on certain Slidell documents, which ended up in the hands of Rovisys, Millennium's third-party contractor. Almost all these documents in their original form have a separate confidential designation on them which will be highlighted to the jury. Thus, the potential for any confusion by the confidential stamp on the Bates label is insignificant.

5. <u>The "Duplicates" Rule Does Not Control</u>.

Millennium's suggestion that introduction of these exhibits violates the evidence rules regarding duplicates exalts form over substance. Its argument would, of course, suggest that no documents with Bates numbers could ever be introduced in evidence because they are not precise duplicates of the documents in the party's files. The existence of Bates numbers has not been an issue in any case I have tried and I assume the Court and Millennium's experiences are the same.

6. <u>Removal of the Designation Would Be At Least as Prejudicial</u>.

Millennium's Rule 403 argument is a double-edged sword. The protective order makes no provision for deleting the word "confidential" when these documents are introduced into

evidence In fact, the reason for the protective order is to preserve the proprietary nature of these documents and to put third parties on notice of the proprietary nature of these documents. While it may not be necessary to have internal documents (in either party's file) marked confidential, it is appropriate to mark them confidential when produced to outsiders Thus, omitting the confidential designation, to the extent it suggests Slidell does not protect its confidential information, has the same potential to mislead the jury.

7. <u>Loss of Protection</u>

Both parties voluntarily labeled their documents as confidential to make protecting the proprietary information contained in the documents easier. Removal of the confidential designation naturally increase the risk of inadvertent disclosures. Moreover, removal of the confidential designation eliminates any notice to third parties that the documents contain confidential information.

8. <u>An Instruction from the Court Is the Solution</u>.

Given the burdens, costs, and potential for delay associated with Millennium's redaction proposal we believe an instruction from the Court regarding the insignificance of the confidential designation for purposes of deciding the trade secret claim is appropriate. The parties can draft such an instruction This would eliminate weeks of work by both sides and render this issue moot without prejudicing either side. The potential prejudice that Millennium suggests is a concern only if the jury disregards the Court's explicit instruction Slidell views this outcome as highly improbable.

For all of these reasons, Slidell respectfully requests that the Court allow the parties to introduce the exhibits as they were produced and that the Court order the parties to suggest an instruction that could be given by the Court to the jury to address this issue.

Thank you for your consideration.

Sincerely,

s/Thomas Fraser

Thomas Fraser

**Direct Dial:** 612.492 7028
**Email:** tfraser@fredlaw com

cc: Scott A. Smith, Esq.
Jim McGregor