halleland lewis nilan
sipkins & johnson PA

Attorneys at Law / P.A.
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4501
Office: 612.338.1838 Fax: 612.338.7858
www.halleland.com

**Scott A. Smith**
**Direct Dial: 612.204-4117**
**Email: ssmith@halleland.com**

December 2, 2004

*Via ECF*

Honorable John R. Tunheim
U.S. District Court for the District of Minnesota
Suite 13E
300 South Fourth Street
Minneapolis, Minnesota 55415

RE: **Slidell, Inc. v. Millennium Inorganic Chemicals, Inc.**
Case No. 02-CV-213 (JRT/FLN) (D. Minn.)
Our File No. 50467-0001

Dear Judge Tunheim:

Several of the comments contained in Slidell's counsel's letter of December 1, 2004 require a brief response from Millennium. The numbered paragraphs set forth below correspond to the numbered paragraphs in Slidell's counsel's letter.

1. The "burdens" recited by Slidell are minor. Slidell objects to redacting the "Confidential" designation on the Bates label on Slidell's trial exhibits because that task would consume approximately 50 hours of legal assistant time, presumably costing $5000 or less. No other burden is claimed. The "burden" Slidell asserts is nothing more than part of the ordinary and necessary expense of preparing a case for trial.

   It is also important to keep Slidell's claimed "burden" in context. Slidell seeks tens of millions of dollars in damages from Millennium on its trade secret claims alone. On a claim of such magnitude, anything that might unfairly tilt the jury one way or the other – especially something attached to the documents by the attorneys, not the parties, and long after this lawsuit was commenced – must be avoided. Furthermore, both sides have already spent many hundreds of thousands of dollars to prosecute and defend this case, and far more will be spent by both sides before this case ends. Indeed, if Slidell seriously intends to display nearly 12,000 pages of documents to the jury at trial, the cost of redacting those documents to prevent prejudice to Millennium is miniscule compared to the costs Slidell (and Millennium) will necessarily bear by extending the trial to such an extraordinary degree.

2. The notion that Millennium has somehow waived its right to object to the appearance of the "Confidential" designation on the Bates labels of trial exhibits makes no sense. The

Stipulated Protective Order entered by the Court on November 15, 2002 allows either party to *unilaterally* designate documents produced by it as "Confidential" for discovery and disclosure purposes. Nowhere does the Stipulated Protective Order provide that use of a document labeled "Confidential" in a deposition somehow constitutes the parties' consent to the "Confidential" designation on trial exhibits; indeed, the Stipulated Protective Order contains a separate paragraph on trial confidentiality which makes no mention of the "Confidential" designation. Moreover, the fact that Millennium has listed trial exhibits which were stamped "Confidential" pursuant to the Stipulated Protective Order does not mean that Millennium has somehow consented to the inclusion of the "Confidential" legend at trial. To the contrary, Millennium intends to redact all of its trial exhibits to remove the "Confidential" designation on the Bates label, which in Millennium's view is necessary to comply with FRE 1001 and 1003. No waiver has occurred.

3. The "Confidential" designation on the Bates labels of trial exhibits is hardly "insignificant." Millennium submits that even a single instance of showing a Bates-labeled "Confidential" document to the jury – a designation, again, *not* appearing on the original version of the document, but affixed by the attorneys after this lawsuit commenced – may mislead the jury and prejudice Millennium. And the cumulative effect of showing hundreds of documents to the jury, all bearing the "Confidential" designation on the Bates label, will almost certainly be juror confusion over Slidell's business practices. Finally, if Slidell truly believes the "Confidential" designation on the Bates label is "insignificant," Millennium wonders why Slidell is so determined not to remove it.

4. As Slidell has pled the case, issues of confidentiality and trade secret violations extend far beyond the Slidell documents which ended up in RoviSys' hands. In discovery, Slidell made numerous accusations of trade secret violations on Millennium's part having nothing to do with RoviSys. Indeed, Slidell now characterizes this case not as a contract dispute, but as a trade secret action.

5. Millennium does not object to the presence of Bates numbers, standing alone, on trial exhibits. Such numbers serve a useful purpose, particularly in large document inventory cases such as this where computer retrieval and imaging are necessary to effective trial presentation, and create no potential for prejudice to either side. As a result, trial exhibits in large document cases routinely include a Bates number. But the "Confidential" designation is entirely different; it is a legend not appearing on the original, but affixed by attorneys, and which does have the potential for confusion and prejudice. The Bates number can stay; the "Confidential" designation cannot.

6. The notion that Slidell would be prejudiced by deleting a designation which does *not* appear on the original, and which was affixed unilaterally by attorneys in conformity with a Stipulated Protective Order long after this litigation was commenced, stands the Federal Rules of Evidence on their head. In essence, Slidell argues that *attorneys,* not just the parties, are able to *create* evidence – and, that counsel's creation of evidence cannot be

deleted for fear of prejudicing the party whose counsel created the evidence in the first place! Millennium is not familiar with those evidentiary rules.

7. The Stipulated Protective Order of November 15, 2002 expressly provides the Court with ample authority to prevent the disclosure of *true* confidential information during trial. The Court has the authority to exclude interested onlookers from the courtroom, limit the display of exhibits to witnesses and jurors, and take other actions as may be appropriate. Notably, Slidell has not suggested that the Court take a single one of those steps – an indicator that Slidell is far more interested in prejudicing Millennium than in preserving business secrets.

For these reasons, and those previously set forth in Millennium's November 30, 2004 letter, Millennium urges the Court to require the parties to redact from any document which may be shown to the jury at trial all "Confidential" designations affixed by the parties' counsel during discovery.

Thank you again for your attention to these matters.

Very truly yours,

Scott A. Smith

SAS:cjw
cc: Thomas Fraser, Esq.
Jeffrey Post, Esq.