UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Slidell, Inc.,

Plaintiff,

v.

Millennium Inorganic Chemicals, Inc.,

Defendant.

Court File No. 02-CV-213 (JRT/FLN)

**SLIDELL'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER LITIGATION**

---

## INTRODUCTION

This case involves only Slidell and Millennium. As such, other litigation to which Slidell is a party is not relevant. Any probative value that the introduction of other litigation may have is outweighed by its prejudicial effect and its propensity to confuse the jury. Therefore, the Court should bar Millennium from claiming or presenting evidence of prior or ongoing litigation to which Slidell is a party.

## I. NO OTHER LITIGATION IS RELEVANT TO THIS DISPUTE.

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Further, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. No other lawsuits have been initiated that pertain to the contract between Slidell and Millennium. Indeed, any other lawsuit will not help prove or disprove any material fact at issue in this case.

## II. ANY PROBATIVE VALUE THAT OTHER LITIGATION MAY HAVE IS SUBSTANTIALLY OUTWEIGHED BY THE CONSIDERATIONS LISTED IN FED. R. EVID. 403.

Federal Rule of Evidence 403 provides that even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence." The court has broad discretion to determine that the probative value of evidence is outweighed by these other factors. *Freidus v. First Nat. Bank of Council Bluffs*, 928 F.2d 793, 795 (8th Cir. 1991); *Hicks v. Mickelson*, 835 F.2d 721, 726 (8th Cir. 1987). The purpose of this rule is to prevent a jury from wrongly deciding a case by confusing the issues or by placing greater value on certain evidence than is warranted. 1 John Henry Wigmore, *Evidence in Trials at Common Law* § 10a (1983).

### A. Admission of Evidence Pertaining to Other Litigation Will Be Unfairly Prejudicial to Slidell.

Given that there are no other lawsuits that pertain to the Equipment at issue or that involve otherwise similar claims, evidence of different lawsuits is of minimal probative value. Indeed, the danger of unfair prejudice to Slidell substantially outweighs the usefulness of the evidence. Unfair prejudice within the meaning of Fed. R. Evid. 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Adv. Comm. Notes.

Not surprisingly to members of the legal community, Slidell has been involved in litigation due to its involvement in commercial activity. The mere fact that Slidell has been involved in unrelated litigation, may, for some fact finders, conjure up strong feelings associated with the litigation process that have no bearing on the current case, but, nonetheless, cause the fact finder to form a negative opinion of Slidell. For some jurors, this negative opinion may be dispositive. The risk that jury members will place disproportionate significance on the fact that

Slidell has been involved in other lawsuits substantially outweighs any potential value the evidence may have, and as such, this type of evidence should be excluded.

**B. Admission of Evidence Pertaining to Other Litigation Will Confuse and Mislead the Jury.**

The facts of this case are complex, involving seven titanium dioxide packaging machines. To involve other lawsuits that involve different facts and different parties will only confuse and mislead the jury. When the danger of confusion is greater than the probative value of the proposed evidence, the court should exclude the evidence. *See Palmer v. City of Monticello*, 31 F.3d 1499, 1507 n.11 (10th Cir. 1994) (noting that the trial court properly excluded evidence that "would have diverted the trial from its main focus."); *Fireman's Fund Ins. Co. v. Thein*, 63 F.3d 754, 758 (8th Cir. 1995) ("Confusion of the issues warrants exclusion of relevant evidence if the admission of evidence would lead to litigation of collateral issues.")

Evidence of prior lawsuits has specifically been excluded based upon these very considerations. *Kinsan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989) (holding that the merits of the other litigation "would become inextricably intertwined with the case at bar [resulting in] confusion and the consumption of a great deal of unnecessary time.") The same applies here as well. Evidence of any other litigation in which Slidell is involved will only confuse and mislead the jury by presenting unrelated facts and claims that have little to no bearing on the current dispute.

**C. Admission of Evidence Pertaining to Other Litigation Will Cause Undue Delay and Waste Time.**

Finally, evidence relating to other litigation will serve no purpose and will only cause delay and waste time. As such, the evidence should be excluded. *See Stopka v. Alliance of Am. Insurers*, 141 F.3d 681, 687 (7th Cir. 1998) (observing that a court may exclude evidence to

avoid litigating collateral maters and to avoid undue delay). The considerations listed above demonstrate that evidence of other lawsuits will serve no legitimate purpose. The risk of undue prejudice and juror confusion require the court to take care with the introduction of this evidence through limiting instructions to the jury. The litigation over the limiting instructions will take up even more of the court's time. As a result, the court should not allow evidence of other litigation to be introduced into evidence.

**CONCLUSION**

For all the foregoing reasons, the Court should bar Millennium from introducing evidence that relate to any other case to which Slidell is a party.

Dated: December 7, 2004

s/ Jeffrey W. Jones

Thomas S. Fraser (#31641)
Jeffrey W. Post (#0271883)
Jeffrey W. Jones (#0311418)
Wade S. Davis (#0326864)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7028/492-7193
Facsimile: (612) 492-7077

ATTORNEYS FOR SLIDELL, INC.

#3009955\1