UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Slidell, Inc.,

Plaintiff,

v.

Millennium Inorganic Chemicals Inc.,

Defendant.

Court File No. 02-CV-213 (JRT/FLN)

**SLIDELL, INC.'S PROPOSED JURY INSTRUCTIONS**

---

Plaintiff Slidell, Inc. requests the following standard civil jury instructions:

| **8th CIR. CIVIL JURY INSTRUCTIONS (2001)** | **TITLE** |
|---|---|
| 1.01 | General: Nature of Case; Burden of Proof; Duty of Jury; Cautionary |
| 1.02 | Evidence; Limitations |
| 1.03 | Bench Conferences and Recesses |
| 1.04 | No Transcript Available [Note-Taking] |
| 1.05 | Conduct of the Jury |
| 1.06 | Outline of Trial |
| 2.01 | Duties of Jury: Recesses |
| 3.01 | Explanatory |
| 3.02 | Judge's Opinion |
| 3.03 | Credibility of Witnesses |
| 3.04 | Burden of Proof |
| 3.06 | Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form |

Plaintiff also requests that the attached special jury instructions be given.

Respectfully submitted,

Dated: January 5, 2005

s/ Jeffrey W. Jones

Thomas S. Fraser (#31641)
Jeffrey W. Post (#0271883)
Jeffrey W. Jones (#311418)
Wade S. Davis (#326860)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, Minnesota 55402-1425
(612) 492-7000

**ATTORNEYS FOR PLAINTIFF SLIDELL, INC.**

## SLIDELL'S SPECIAL INSTRUCTION NO. 1

### IMPEACHMENT – INCONSISTENT STATEMENT OR CONDUCT

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

---

K. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 105.04 (5th ed. 2000).

**SLIDELL'S SPECIAL INSTRUCTION NO. 2**

**USE OF DEPOSITION AS EVIDENCE**

During the trial of this case, the testimony of several witnesses has been presented to you by way of video deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify in person may be presented on a video recording shown on the video monitor. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the person had been present, and had testified in person.

---

K. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS §§ 102.23, 105.02 (5th ed. 2000).

## SLIDELL'S SPECIAL INSTRUCTION NO. 3

## EXPERT WITNESS TESTIMONY

You have heard testimony from "expert witnesses," who because of education or experience have become experts in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

---

K. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 104.40 (5th ed. 2000); *id.* (citing MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT Instruction No. 3.8 (1997), ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS: CIVIL CASES Instruction No. 5.1 (2000)).

**SLIDELL'S SPECIAL INSTRUCTION NO. 4**

**FAILURE TO PRODUCE AVAILABLE EVIDENCE**

If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

---

K. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 104.27 (5th ed. 2000); *United Auto. Workers v. NLRB*, 459 F.2d 1329, 1336 (D.C. Cir. 1972); *Rockingham Machine-Lunex Co. v. NLRB*, 665 F.2d 303, 304 (8th Cir. 1981). *See also Interstate Circuit, Inc. v. United States*, 306 U.S. 208, 226, 59 S.Ct. (12939).

**SLIDELL'S SPECIAL INSTRUCTION NO. 5**

**SUPPRESSION OF EVIDENCE**

If you should find that a party willfully [suppressed][hid][destroyed] evidence in order to prevent its being presented in this trial, you may consider such [suppression][hiding][destruction] in determining what inferences to draw from the evidence or facts in the case.

---

K. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 104.27 (5th ed. 2000); *Heath v. Cast*, 813 F.2d 254, 260 (9th Cir.), cert. denied, 484 U.S. 849, 108 S.Ct. 147

**<u>SLIDELL'S SPECIAL INSTRUCTION NO. 6</u>**

**MISAPPROPRIATION OF TRADE SECRETS – ELEMENTS**

To establish its theft of trade secrets claims against Millennium, Slidell must prove four elements. I will briefly tell you what they are and will give you more detailed instructions about them shortly.

Slidell must prove the following elements:

(1) Slidell had a trade secret;

(2) Millennium acquired the trade secret through a confidential relationship;

(3) Unauthorized use or unauthorized disclosure of the trade secret by Millennium;

(4) Slidell suffered harm as a direct result of Millennium's use or disclosure of Slidell's trade secret or Millennium gained from such use or disclosure.

---

*Vekamaf Holland B.V. v. Pipe Bendes, Inc.*, 696 F.2d 608, 612 (8th Cir. 1982); *I-Systems, Inc. v. Softwares, Inc.*, 2004 WL 742082, *4 (D. Minn. Mar. 29, 2004) (Tunheim, J.); K. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 127.10 (5th ed. 2000).

**SLIDELL'S SPECIAL INSTRUCTION NO. 7**

**DEFINITION OF A TRADE SECRET**

A trade secret is information such as a: (a) Design, (b) Drawing, (c) Compilation (or collection of information from a number of sources), (d) Program, (e) Device, (f) Method, (g) Technique, or (h) Process, that

1. derives actual or potential independent economic value from not being generally known to, and not being easily discoverable by proper means by, other persons who can obtain economic value from its disclosure or use, and
2. is the subject of reasonable efforts under the circumstances to maintain its secrecy.

In determining whether Slidell possessed specific, identifiable trade secrets, you may consider the following factors:

(1) The extent to which the information was known outside of Slidell's business;

(2) The extent to which it was known by employees and others involved in Slidell's business;

(3) The extent of measures taken by Slidell to guard the secrecy of the information;

(4) The value of the information to Slidell, its competitors, or Millennium;

(5) The amount of effort or money expended in developing the information;

(6) The ease or difficulty with which the information could be properly acquired or duplicated by others.

---

Minn. Stat. § 325C.01; *I-Systems, Inc. v. Softwares, Inc.*, 2004 WL 742082, *4 (D. Minn. Mar. 29, 2004) (Tunheim, J.); *Scott Equip. Co. v. Stedman Mach Co.*, 2003 WL 21804868, *2 (D. Minn. July 31, 2003) (Ericksen, J.); K. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 127.11 (5th ed. 2000); MINN. CIVJIG. 40.20.

**SLIDELL'S SPECIAL INSTRUCTION NO. 8**

**TRADE SECRET – CONFIDENTIAL RELATIONSHIP**

Because it is undisputed that Slidell and Millennium had both a Proprietary Information Disclosure Agreement and a Software License Agreement that governed Millennium's access to and use of Slidell's trade secrets, you must find as a matter of law that Millennium acquired Slidell's trade secrets through a confidential relationship.

---

*Slidell, Inc. v. Millennium Inorganic Chemicals, Inc.*, Memorandum Opinion and Order, *27 (D. Minn. June 28, 2004) (Tunheim, J.); K. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 127.12 (5th ed. 2000).

This instruction is based on the law of the case and the undisputed facts. Alternatively, Slidell suggests Special Jury Instruction No. 8(A).

**SLIDELL'S SPECIAL INSTRUCTION NO. 8(A)**

**TRADE SECRET – CONFIDENTIAL RELATIONSHIP**

You must determine whether Slidell has proved by a greater weight of the evidence that its trade secrets were given to Millennium as a result of a confidential relationship between the parties. An express or written agreement is not necessary to the establishment of a confidential relationship.

A confidential relationship may arise from an express agreement (like a non-disclosure agreement or software license) or an implied agreement between the parties. You may find that a confidential relationship was implied by the business relationship or by the circumstances surrounding the dealings between the parties.

K. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 127.12 (5th ed. 2000).

**<u>SLIDELL'S SPECIAL INSTRUCTION NO. 9</u>**

**TRADE SECRET – UNAUTHORIZED USE OR DISCLOSURE**

To establish misappropriation Slidell must show by a greater weight of the evidence that Millennium disclosed or used Slidell's trade secret without Slidell's consent and that the Millennium employee or agent knew or had reason to know that his or her knowledge of the trade secret at the time of the disclosure or use was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use.

---

Minn. Stat. § 325C.01, subd. 3; MINN. CIVJIG. 40.25.

**SLIDELL'S SPECIAL INSTRUCTION NO. 10**

**TRADE SECRET – DAMAGES**

If you find that Millennium has used or disclosed Slidell's trade secrets without Slidell's authorization, you must determine the amount of damages, if any, that Slidell should receive.

Slidell must prove its damages by the greater weight of the evidence; however, Slidell need only show a reasonable basis for the approximate amount of its damages. Although you may not guess or speculate regarding the amount of Slidell's damages, Slidell need not prove its damages with mathematical certainty.

Slidell is entitled to recover damages for both Slidell's actual losses caused by Millennium's misappropriation and any unjust enrichment to Millennium caused by misappropriation that is not taken into account in figuring Slidell's actual losses. In lieu of damages measured by other methods, the damages caused by Millennium's misappropriation may be measured by a reasonable royalty for Millennium's disclosure or use of Slidell's trade secrets.

---

Minn. Stat. § 325C.03; *Children's Broadcasting Corp. v. Walt Disney Co.*, 357 F.3d 860, 865 (8th Cir. 2004) (applying Minnesota law); *Mary Ellen Enters. Inc. v. Camex, Inc.*, 68 F.2d 1065, 1071 (8th Cir. 1995) (applying Minnesota law); K. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 127.14 (5th ed. 2000).

**SLIDELL'S SPECIAL INSTRUCTION NO. 11**

**TRADE SECRET – WILLFUL AND MALICIOUS**

If you find that Millennium misappropriated Slidell's trade secrets, you must determine whether Millennium's misappropriation was willful and malicious.

Willful and malicious means that Millennium's use of Slidell's trade secrets was without legal justification or excuse, or a willful violation of a known right. Slidell must establish Millennium's willful and malicious conduct by a greater weight of the evidence.

In determining whether Millennium's misappropriation was willful and malicious, you may consider the following factors:

(1) Whether there was a written confidentiality agreement, and whether the Millennium employee was aware of it at the time of the use or disclosure of Slidell's trade secrets;

(2) Whether Millennium encouraged Slidell to transfer trade secrets to Millennium after Millennium decided that it would not be using Slidell to complete the supervisory system;

(3) Whether Millennium engaged in conduct that was designed to force Slidell into excusing Millennium's use or transfer of Slidell's trade secrets; and

(4) Whether Millennium's management knew of or participated in the misappropriation of Slidell's trade secrets.

---

Minn. Stat. § 325C.03(b); *Zawels v. Eductronics, Inc.*, 520 N.W.2d 520, 524 (Minn. Ct. App. 1994) (finding of fact that the defendant knowingly used trade secrets to create an identical product sufficient to support the conclusion that the misappropriation was willful and malicious); *K-Sun Corp. v. Heller Invs., Inc.*, 1998 WL 422182, *4 (Minn. Ct. App. July 28, 1998) (unpublished opinion) (holding that plaintiff established willful and malicious conduct where it showed that high-level executives engaged in deliberate scheme to acquire confidential information by pretending to go forward with merger due diligence and that executives violated a written confidentiality agreement); *Scott Equip. Co. v. Stedman Mach Co.*, 2003 WL 21804868, *2 (D. Minn. July 31, 2003) (Ericksen, J.); *See Samuels v. Indep. Sch. Dist. 279*, 2003 WL 23109698, *6 (D. Minn. Dec. 8, 2003) (Tunheim, J.) (discussing the meaning of willful and malicious in the context of qualified immunity).

**SLIDELL'S SPECIAL INSTRUCTION NO. 12**

**EXISTENCE OF A CONTRACT**

The parties agree that Slidell and Millennium entered into a valid contract effective March 17, 2000, for Slidell to construct, install and commission packing equipment and train Millennium's employees to use the equipment. The contract also contained a Proprietary Information Disclosure Agreement and Software Licensing Agreement. The terms of the contract are contained in the written contract entitled "Contract Number 1561." You should, therefore, treat those facts as having been proved.

---

MANUAL OF MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT Instruction No. 2.03 (2001); K. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 102.11 (5th ed. 2000).

## SLIDELL'S SPECIAL INSTRUCTION NO. 13

## BREACH OF CONTRACT – ELEMENTS

Slidell is claiming Millennium breached the contract with regard to three separate parts of this contract for which you will be asked to determine damages, if any. The three parts of the contract that Slidell claims Millennium breached are the underlying Equipment Contract, Installation and Commissioning, and the Proprietary Information Disclosure Agreement and Software Licensing Agreement.

To establish its breach of contract claim against Millennium, Slidell must prove three elements. I will briefly tell you what they are and I will give you more detailed instructions about them in the following instructions.

The three elements that Slidell must prove are:

1. Slidell performed any condition precedent required by the contract;
2. Millennium materially breached the contract; and
3. Millennium's breach caused loss to Slidell.

---

*I-Systems v. Softwares, Inc.*, 2004 WL 742082, *4 (D. Minn. 2004) (Tunheim, J.); R. Kehoe, JURY INSTRUCTIONS FOR CONTRACT CASES § 2.02 (1995).

## SPECIAL JURY INSTRUCTION NO. 14

## CONTRACT – BREACH

I will briefly tell you how a party may breach a contract and then give you more detailed instructions about each type of breach in the instructions that follow. A contract is breached when there is a failure to perform a material part of the contract. A breach occurs when one party does any of the following:

- Fails to carry out part of the contract that requires immediate performance,
- Fails to seasonably agree on specifications or fails to cooperate in performing the contract,
- Repudiates its obligation to perform the contract, or
- Fails to fulfill its duty of good faith and fair dealing.

---

MINN. CIVJIG 20.45; Minn. Stat. § 336.2-311(3); *In Re Hennepin County 1986 Recycling Bond Litigation*, 540 N.W.2d 494, 501 (Minn. 1995); *Zobel and Dalh Constr. v. Crotty*, 356 N.W.2d 42, 45 (Minn. 1984); *Nodland v. Chirpich*, 240 N.W.2d 513, 516 (Minn. 1976); *I-Systems v. Softwares, Inc.*, 2004 WL 742082, *12 (D. Minn. 2004) (Tunheim, J.); *White Stone Partners, LP v. Piper Jaffray Cos., Inc.*, 978 F. Supp. 878, 881-88 (D. Minn. 1997) (Tunheim, J.).

**SLIDELL'S SPECIAL INSTRUCTION NO. 15**

**CONTRACT – BREACH OF CONTRACT BY FAILING TO PERFORM CONTRACTUAL DUTIES**

A party breaches a contract when it fails to carry out part of the contract that requires immediate performance.

---

MINN. CIVJIG 20.45.

**SLIDELL'S SPECIAL INSTRUCTION NO. 16**

**CONTRACT – BREACH OF CONTRACT BY FAILING TO SEASONABLY DECIDE OR FAILING TO COOPERATE**

A party breaches a contract when it fails to seasonably make decisions and that failure materially affects the other party's performance. A party also breaches a contract when it fails to cooperate in a seasonable manner and its cooperation is necessary to the other party's performance.

---

MINN. CIVJIG 20.45; Minn. Stat. § 336.2-311(3)

**SLIDELL'S SPECIAL INSTRUCTION NO. 17**

**CONTRACT – BREACH OF CONTRACT BY REPUDIATION**

Slidell claims that Millennium repudiated the contract. "Repudiation" consists of the indication by words or conduct that a party is not going to render performance under a contract. If the effect of this failure of performance will be substantially to impair the value of the contract to the other party, then Slidell may recover for repudiation of the contract by Millennium. The value of the contract is substantially impaired if significant inconvenience or injustice will result.

A party breaches a contract by repudiation if it does any of the following.

- Makes it clear by words or conduct that it will not perform the contract.
- Places itself in the position where it cannot perform the contract.
- Prevents the contract's performance.
- Demands that Slidell perform an act that is not required by the contract and states definitively, that unless its demands are complied with, it will not perform its obligations under the contract.

In addition, if you find that Millennium repudiated or refused to perform the contract, then Slidell was not obligated to perform its promises under the contract and such nonperformance does not render Slidell liable to Millennium for breaching the contract.

---

Anticipatory repudiation constitutes a breach of contract. Anticipatory repudiation occurs when one party (1) makes it clear by words or conduct that it will not perform the contract, (2) places itself in a position where it cannot perform the contract, or (3) prevents the performance of the contract. MINN. CIVJIG 20.45; *Space Center, Inc. v. 451 Corp.*, 298 N.W.2d 443, 450 (Minn. 1980) (When a party "places itself in a position where it cannot perform the contract, or where the party otherwise prevents performance of the contract, the other contracting party may treat the contract as anticipatorily breached."); *Instrumentation Servs.*, 238 N.W.2d 902, 908-09 (Minn. 1979); Minn. Stat. § 336.2-610.

If a party to the contract conditions its performance of the contract on the other party's performance not required by the contract, the initial party has breached the contract by anticipatory repudiation. *Unique Systems, Inc. v. Zotos Int'l, Inc.*, 662 F.2d 373, 377 (8th Cir.

1980) ("If a party to a contract demands of the other party a performance to which he has no right under the contract and states definitively, that unless his demands are complied with, he will not render his performance, an anticipatory repudiation has been committed.") ; UCC § 2-610 cmt. 2 ("statement of intention not to perform except on conditions which go beyond the contract… becomes repudiation.").

Where one party repudiates or refuses to perform a contract, the aggrieved party is not obligated to perform its promises under the contract and such nonperformance does not render the aggrieved party liable to the repudiating party for breach of the contract. K. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 126.04 and accompanying notes (5th ed. 2000); Restatement (2d) of Contracts § 253; *Nat'l Liberty Corp. v. Wal-Mart Stores, Inc.*, 120 F.3d 913, 916 (8th Cir. 1997).

**SLIDELL'S SPECIAL INSTRUCTION NO. 18**

**DUTY OF GOOD FAITH AND FAIR DEALING – ELEMENTS AND BREACH**

**DUTY OF GOOD FAITH AND FAIR DEALING – INSTRUCTION**

Slidell also claims that Millennium breached its duty of good faith and fair dealing. Under Minnesota law, every contract has an implied duty of good faith and fair dealing. "Acting in good faith" means that a party acts honestly when performing the contract. "Fair dealing" means that one party will not deprive the other party of its expected benefits under the contract or unjustifiably hinder the other party's performance. Millennium breached its duty of good faith and fair dealing if it engaged in any of the following:

- Refused to fulfill some duty or contractual obligation based on an ulterior motive, not an honest mistake regarding Millennium's rights or duties.
- Acted to evade the spirit of the bargain.
- Abused a power to specify terms of the contract.
- Unjustifiably hindered or prevented Slidell's performance of the contract.
- Engaged in arbitrary and unreasonable conduct that has the effect of preventing Slidell from receiving its expected benefits of the contract.

---

A party breaches the covenant of good faith and fair dealing by acting dishonestly in performing a contract, evading the spirit of the bargain, refusing to fulfill the duty or contractual obligations based on an ulterior motive. *White Stone Partners, LP v. Piper Jaffray Cos., Inc.*, 978 F. Supp. 878, 881-88 (D. Minn. 1997) (Tunheim, J.) ("According to the Restatement, good faith performance of a contract includes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party; it excludes the variety of types of conduct characterized as 'bad faith'…. Among the types of bad faith recognized in judicial decisions are evasion of the spirit of the bargain…"); Minn. Stat. § 336.1-203 ("Every contract or duty within this chapter imposes an obligation of good faith in its performance or enforcement."); Restatement (2d) of Contracts § 205.

A party breaches a contract if it unjustifiably hinders the other party's performance of the contract. MINN. CIVJIG 20.45; K. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 126.10 (5th ed. 2000); *In re Hennepin County 1986 Recycling Bond Litigation,*

540 N.W.2d 494, 502 (Minn. 1995) (quoting *Zobel & Dahl Constr. v. Cotty*, 356 N.W.2d 42, 45 (Minn. 1984)) ("Under Minnesota law, every contract includes an implied covenant of good faith and fair dealing requiring that one party not 'unjustifiably hinder' the other party's performance of the contract."); *Zobel and Dahl Constr. v. Crotty*, 356 N.W.2d 42, 45 (Minn. 1984).

A party breaches its duty of good faith and fair dealing if it abuses its power to specify terms in the contract. Restatement (2d) of Contracts, § 205 cmt. d; *See also 451 Corp. v. Pension System*, 310 N.W.2d 922 (Minn. 1981); *White Stone*, 978 F. Supp. at 881-82

A party breaches the covenant of good faith and fair dealing when it engages in unreasonable conduct that has the effect of preventing the other party to the contract from receiving its expected benefits of the contract. *I-Systems v. Softwares, Inc.*, 2004 WL 742082, *12 (D. Minn. 2004) (Tunheim, J.) (quoting *Erikson v. Horing*, 2002 WL 31163611, *13 (Minn. Ct. App. Oct. 1, 2002)) ("[T]he covenant of good faith and fair dealing 'requires a party in a contractual relationship to refrain from arbitrary and unreasonable conduct that has the effect of preventing the other party to the contract from receiving the fruits of the contract'").

**SLIDELL'S SPECIAL INSTRUCTION NO. 19**

**DAMAGES - CONTRACT**

If you find that one of the parties is in breach of contract, you are to determine the amount of money that will fairly and adequately compensate the nonbreaching party for damages caused by the breach of contract. The damages award, if any, should put the non-breaching party in the position it would have been in, if the contract had not been breached by Millennium. The damages award, if any, should not include interest.

The contract between Slidell and Millennium limits the types of damages Slidell and Millennium are allowed to recover. As the result of a breach of contract, Slidell is entitled to recover direct damages, including but not limited to, the cost of manufacturing; shipping and storage; vendor restocking or other such charges; full burden and overhead; design and engineering; general, administrative and selling expenses; costs of capital; and lost profits.

---

MINN. CIVJIG 20.60; Slidell-Millennium Contract ¶ 4.

## SLIDELL'S SPECIAL INSTRUCTION NO. 20

## MILLENNIUM'S BREACH OF CONTRACT CLAIM

Millennium has also brought a breach of contract claim against Slidell. A party who first breaches a contract is precluded from successfully claiming breach of contract against the other party. If you believe that Millennium breached the contract first, you can not find that Slidell breached the contract. If you find that Millennium did not breach the contract, you may then determine if Slidell breached the contract.

To establish its breach of contract claim against Slidell, Millennium must also prove the four basic propositions I mentioned earlier. The four basic elements that Millennium must prove are:

1. A valid contract existed between Millennium and Slidell;
2. Millennium performed any condition precedent required by the contract;
3. Slidell materially breached the contract; and
4. Slidell's breach caused loss to Millennium.

Please refer to the Instructions I gave you earlier regarding these elements. If you find that Millennium has proven these propositions, then your verdict must be for Millennium. If, however, you find that Millennium has not proved all these basic propositions, then your verdict must be for Slidell.

---

*Carlson Real Estate Company v. Solta*, 549 N.W.2d 376, 380 (Minn. Ct. App. 1996) (citing *Space Ctr., Inc. v. 451 Corp.*, 298 N.W.2d 443, 451 (Minn. 1980)); see also *MTS Co. v. Taiga Corp.*, 365 N.W.2d 321 (Minn. Ct. App. 1985) (holding that first breaching party could not sue on the basis of the other party's subsequent breach because (1) the initial breach was continuing at the time that the first breaching party brought the action against the subsequent breacher and (2) the subsequent breach resulted directly from the initial breach).

**SLIDELL'S SPECIAL INSTRUCTION NO. 21**

**CONTRACT - UNIQUENESS**

If you find that Slidell breached the contract by not delivering the equipment, you also need to determine whether the equipment is unique. The test of uniqueness must be made in terms of the total situation which characterizes the contract. Whether the equipment is "unique" must be considered in connection with the availability of alternative equipment to meet Millennium's particular needs. You may also consider whether the equipment was custom built, whether the item has historical or sentimental significance, and whether the item was designed to particular specifications in determining whether the equipment is unique.

---

Minn. Stat. § 336-2-716 cmt. 2, (UCC comment 2); Minn. Stat § 336.2.712 cmt. 3*; Colorado Ute Elec. Ass'n v. Envirotech Corp.*, 524 F.Supp. 1152 (D. Colo. 1981); *Ruddock v. First Nat'l Bank of Lake Forest*, 559 N.E.2d 483 (Ill. Ct. App. 1990); *Cumbest v. Harris*, 363 S.2d 294 (Miss. 1978).

**SLIDELL'S SPECIAL INSTRUCTION NO. 22**

**COVER**

If you find that Slidell has breached the contract, you must also determine whether Millennium was able to cover. The question is whether Millennium is able to purchase equipment that is commercially usable as a reasonable substitute from a third party. The substitute equipment involved in cover need not be identical to those in the contract, but it must be commercially usable as a reasonable substitute under the circumstance of the case.

---

Minn. Stat. § 336.2-712 (cmt. 2); *Hughes Communication Galaxy, Inc. v. United States*, 271 F.3d 1060, 1066 (8th Cir. 2002); *Timlar Corp. v. A. J. Armstrong, Inc.*, 17 UCC 108, 1975 WL 22866 (NY Sup. Ct. 1975).

**SLIDELL'S SPECIAL INSTRUCTION NO. 23**

**PROMISSORY ESTOPPEL – ELEMENTS & BREACH**

According to the law of "promissory estoppel," one party may be held to a promise made to another, even if there was no contract between them. In this case, Slidell claims that Millennium made a promise to pay Slidell for field support services at Millennium's European locations following the installation and commissioning of the packing Equipment. You must award Slidell damages if you find that the following elements are proved:

1. Millennium made a clear and definite promise to pay Slidell for field support services at the European locations following the installation and commissioning of the Equipment.
2. It was reasonably foreseeable to Millennium that Slidell would rely on the promise.
3. Slidell relied on the promise.
4. Slidell had losses or was disadvantaged because it relied on the promise.

---

MINN. CIVJIG 20.50; *Martens v. Minnesota Mining and Mfg. Co.*, 616 N.W.2d 732, 746 (Minn. 2000); *Cohen v. Cowles Media Co.*, 479 N.W.2d 387, 391-92 (Minn. 1992); *Del Hayes and Sons, Inc. v. Mitchell*, 230 N.W.2d 588, 593-94 (Minn. 1975); *Best Vendors Co. v. Air Express, Inc.*, 2002 WL 31163039 (D. Minn. 2002) (Tunheim, J.) (citing *Grouse v. Group Health Plan, Inc.*, 306 N.W.2d 114, 116 (Minn. 1981) and *UFE, Inc. v. Methode Electronics, Inc.*, 808 F. Supp. 1407, 141-15 (D. Minn. 1992)).

**SLIDELL'S SPECIAL INSTRUCTION NO. 24**

**PROMISSORY ESTOPPEL – DAMAGES**

If you find that Slidell relied on Millennium's promises to pay for field support services in Europe, Slidell may recover in connection with its promissory estoppel claim all damages that are necessary to place it in the same position as it would have been in had Millennium performed as promised.

---

*Cohen v. Cowles Media Co.*, 479 N.W.2d 387 (Minn. 1992) (promissory estoppel "is essentially a variation of contract theory."); *See, also., Olson v. Synergistic Tech. Bus. Sys., Inc.*, 628 N.W.2d 142, 155-56 (Minn. 2001) (J. Anderson, concurring); *Deli v. Univ. of Minn.*, 578 N.W.2d 779, 781-83 (Minn. Ct. App. 1998) (promises enforceable under [promissory estoppel theory] give rise to "whatever remedy prescribed for breach of contract"); *Lesmiester v. Dilly*, 330 N.W.2d 95, 103 (Minn. 1983) ("Given our determination that this case sounds in contract, the damage award should place [the plaintiff] in the position in which he would be if the contract were performed").

**SLIDELL'S SPECIAL INSTRUCTION NO. 25**

**QUANTUM MERUIT – ELEMENTS & BREACH**

Slidell has brought a claim for quantum meruit seeking damages for work it completed outside the scope of the underlying contract. The basis of a recovery in quantum meruit is that Millennium has received a benefit from Slidell which it is unjust for Millennium to retain without paying for it. Slidell can recover damages for quantum meruit even if there is an express contract if the damages are for work outside the scope of the underlying contract.

If you find from the greater weight of the evidence that Slidell rendered services to Millennium at Millennium's request, and Slidell did not intend these services as a gift, then you may award Slidell the fair and reasonable value of the services so rendered. It is not necessary for Slidell to show a written agreement or for Slidell to show any kind of agreement on the rate of compensation.

Millennium is liable even though Slidell may have made the offer of services, if Millennium accepted the offer. It makes no difference which party made the first approach or offer.

---

K. O'MALLEY, ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS § 126.02 (5th ed. 2000); *Ylijarvi v. Brockphaler*, 7 N.W.2d 314, 319 (Minn. 1942); *H.H. Robertson Co. v. V.S. DiCarlo General Contractors, Inc.*, 950 F.2d 572, 575 (8th Cir. 1991) ("a party may recover for quantum meruit, in addition to breach of contract, where the quantum meruit claim is limited to work outside the scope of the contract); *see also Reese Design, Inc. v. I-94 Highway 61 Eastview Center Partnership*, 428 N.w.2d 441, 446 (Minn. Ct. App. 1988); *Jorritsma v. Tymac Controls Corp.*, 864 F.2d 597, 599 (8th Cir. 1989).

**SLIDELL'S SPECIAL INSTRUCTION NO. 26**

**QUANTUM MERUIT – DAMAGES**

If you find that Slidell completed work outside the scope of the contract, Slidell is entitled to damages for the reasonable amount of the services provided regardless of the benefit of the services to Millennium.

---

*Ventura v. Titan Sports, Inc.*, 65 F.3d 725, 734 (8th Cir. (Minn.) 1995); Restatement of Restitution § 152, at 606 (1937).

## SLIDELL'S SPECIAL INSTRUCTION NO. 27

### INJUNCTION

At the beginning of the case, I froze the status of the case so that you could determine the facts. The fact that I froze things should not affect your deliberations and is not meant to express a view on the merits of either party's claims. However, because of my decision, Slidell had no duty to resell the parts or equipment, whether finished or not, to reduce its losses.

**SLIDELL'S SPECIAL INSTRUCTION NO. 28**

**MITIGATION OF DAMAGES**

Damages are limited to the extent the nonbreaching party does not act reasonably to prevent, or mitigate, its own loss once a legal wrong has occurred. The breaching party has the burden to prove that the damages could have been mitigated by reasonable diligence and that the nonbreaching party did not mitigate its damages, then you should reduce any damages awarded by the amount that the nonbreaching party should have mitigated.

______________________________

Restatement (2d) of Contracts § 350 (m); Minnesota Practice, Jury Instruction Guide 20.65 (4th)

#2972466\5