**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Slidell, Inc.,

Plaintiff and Counter-defendant,

v.

Millennium Inorganic Chemicals Inc.,

Defendant and Counter-claimant.

Court File No. 02-CV-213 (JRT/FLN)

**MILLENNIUM'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Local Rule 39.1(b)(2)(B) and Paragraph 1(C) of the Court's June 28, 2004, Memorandum from the Chambers of Judge John R. Tunheim re Local Rule 39.1 Concerning Pre-Trial Procedures in Civil Jury Trials, Defendant and Counterclaimant Millennium Inorganic Chemicals Inc. (hereinafter "Millennium") hereby submits its proposed jury instructions.

Dated: January 5, 2005

HALLELAND LEWIS NILAN & JOHNSON, P.A.

By: s/ Matthew E. Johnson
Michael T. Nilan Reg. No. 79224
Scott A. Smith Reg. No. 174026
Matthew E. Johnson Reg. No. 235945
Amanda M. Cialkowski Reg. No. 306514
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-1838

Attorneys for Defendant and Counter-Claimant
Millennium Inorganic Chemicals Inc.

DN 234 686

# TABLE OF CONTENTS

EXPLANATORY NOTES ........................................................................................ 4

**PRELIMINARY INSTRUCTION FOR USE AT COMMENCEMENT OF TRIAL**

No. 1 Nature of the Case and the Parties ........................................................ 6
No. 2 Evidence and Limitations ........................................................ 8
No. 3 Lawyers' Markings on Documents ........................................................ 9
No. 4 Expert Testimony ........................................................ 10
No. 5 All Parties Equal Before the Law ........................................................ 11
No. 6 Bench Conferences and Recesses ........................................................ 12
No. 7 Conduct of the Jury ........................................................ 13
No. 8 Outline of Trial ........................................................ 15

**INSTRUCTIONS FOR USE AT CLOSE OF TRIAL**

GENERAL INSTRUCTIONS

No. 9 Explanatory ........................................................ 16
No. 10 Credibility of Witnesses ........................................................ 17
No. 11 Failure to Produce Witness Within Party's Control -- Adverse Inference ........................................................ 18
No. 12 Burden of Proof ........................................................ 19

PART I: MILLENNIUM'S BREACH OF CONTRACT CLAIM

No. 13 Essential Elements of Breach of Contract ........................................................ 20
No. 14 Definition of "Breach of Contract" ........................................................ 21
No. 15 Slidell's Defenses to Millennium's Breach of Contract Claim ........................................................ 22
No. 16 Damages on Millennium's Breach of Contract Claim ........................................................ 23
No. 17 Mitigation of Damages ........................................................ 25

PART II: SLIDELL'S BREACH OF CONTRACT CLAIM

No. 18 Essential Elements of Breach of Contract ........................................................ 26
No. 19 Definition of "Breach of Contract" ........................................................ 27
No. 20 No Contract for European Support Services ........................................................ 29
No. 21 Doctrine of Concurrent Delay ........................................................ 30
No. 22 Millennium's Defenses to Slidell's Breach of Contract Claim ........................................................ 31
No. 23 Damages on Slidell's Breach of Contract Claim ........................................................ 33
No. 24 Mitigation of Damages ........................................................ 35

PART III: SLIDELL'S CLAIM UNDER THE MINNESOTA TRADE SECRETS ACT


No. 25 Essential Elements of a Claim Under the Minnesota Trade Secrets Act....... 36
No. 26 Definition of "Trade Secret" ........................................................... 37
No. 27 Defense of Express or Implied Consent ............................................. 39
No. 28 Damages Under the Minnesota Trade Secrets Act...................................... 40
No. 29 Determination of Whether Millennium Acted "Willfully and Maliciously" ............................................................................. 41


PART IV: SLIDELL'S PROMISSORY ESTOPPEL CLAIM


No. 30 Evidence Concerning European Support Services to be Considered Only by Judge ............................................................................. 42
No. 31 Essential Elements of "Promissory Estoppel" ........................................ 43
No. 32 Damages for Promissory Estoppel Claim ............................................... 45


**FINAL INSTRUCTION**


No. 33 Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form .......................... 46


**ALTERNATIVE INSTRUCTION**


No. 34 "Specific Performance" Remedy – Completion of the Packaging Equipment.............................................................................. 48

## EXPLANATORY NOTES

**Slidell's Promissory Estoppel Claim**

The Minnesota Supreme Court has held that a party pleading a claim of promissory estoppel has no right to a jury trial on that claim. *See Olson v. Synergistic Tech. Bus. Sys., Inc.*, 628 N.W.2d 142, 145 (Minn. 2001). Accordingly, Millennium urges the Court to receive evidence concerning the promissory estoppel claim outside the jury's presence.

In the alternative, if the Court permits the jury to hear evidence relating to European field support services, Millennium requests that Court to give Instruction No. 20, which would instruct the jury that there is no enforceable contract for European field support services, and Instruction No. 30, which would instruct the jury that evidence concerning European field support services should be disregarded when considering Slidell's breach-of-contract claims.

Millennium further believes that an advisory verdict on the promissory estoppel claim is neither necessary nor appropriate and urges the Court to not submit that claim to the jury. If, however, the Court were to ask the jury for an advisory verdict on that claim, Millennium would propose Instructions No. 31 and No. 32. It should be noted that Millennium has *not* included in Instruction No. 31 any reference to an additional element -- whether injustice can be avoided only by enforcing the alleged promise. Under Minnesota law, that element is a question for the Court, even if other elements of the claim are submitted to the jury. *See, e.g., Cohen v. Cowles Media Co.*, 479 N.W.2d 387, 391 (Minn. 1992). If the jury were to return an advisory verdict on this claim in favor of Slidell, Millennium would request that the Court conduct an analysis of this additional element prior to the issuance of final judgment. Millennium's proposed instruction is consistent with Minnesota's state-court model jury instructions. *See* 4 *Minnesota Practice: Jury Instruction Guides* -- *Civil* at 73 (West 1999 & Supp. 2003).

**Slidell's Claims relating to the Alleged Disclosure and Use of Confidential Information**

Part III of Millennium's proposed instructions (No. 25 through No. 29) are appropriate if, and only if, the Court permits Slidell to pursue a claim under the Minnesota Trade Secrets Act ("MUTSA"), Minn. Stat. 325C.01 *et seq*. Millennium contends that Slidell's MUTSA claim is barred by Paragraphs 11 and 12 of the parties' Contract, which expressly states that Exhibits A (which applies to Slidell's technical information) and Exhibit B (which applies to Slidell's supervisory system software) "shall exclusively govern" the confidentiality and use of the matters protected by those two parts of the contract. (*See* Millennium's Statement of the Case at 14.) Accordingly, Millennium has prepared Part II of these proposed instructions (No. 18 through No. 24), and the corresponding Part II of its Special Verdict Form, to encompass Slidell's allegations of a breach of Exhibits A and B to the Contract. Thus, Millennium submits Part III as alternative instructions in the event that the Court permits Slidell to pursue a MUTSA claim.

**PRELIMINARY INSTRUCTION FOR USE AT COMMENCEMENT OF TRIAL**

**Millennium's Proposed Instruction No. 1**
**Nature of the Case and the Parties**

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial, I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions -- both those I give you now and those I give you later -- are equally binding on you and must be followed.

This is a civil case. There are two parties to the case. They are Millennium Inorganic Chemicals Inc. and Slidell, Inc. Those two companies entered into a written contract by which each company made promises to the other party to perform certain actions. The business relationship ended, and this lawsuit resulted.

It is common in civil cases to use the terms "plaintiff" and "defendant." Typically, the term "plaintiff" refers to the party that has alleged a claim, and the term "defendant" refers to the party against whom a claim has been alleged. In this case, however, each party has alleged claims against the other party. Because the party that first filed the lawsuit was Slidell, it will sometimes be referred to as the "plaintiff," and Millennium will be referred to as the "defendant." Because Millennium brought counterclaims against Slidell after Slidell filed the lawsuit, Millennium will sometimes be referred to as the "counter-claimant," and Slidell will be referred to as the "counter-defendant." Because the lawsuit was actually filed by Slidell, Slidell will present its evidence first, and Millennium will present its evidence second.

When considering the parties' claims and evidence, it should make no difference to you whether a party is called "plaintiff," "defendant," "counter-claimant," or "counter-defendant." It

also should make no difference to you that Slidell presents its evidence first, before Millennium presents its evidence. It will be your duty to decide from the evidence whether either party is entitled to a verdict against the other party.

From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

AUTHORITY: Eighth Cir. Cmte. on Model Jury Instructions, *Manual of Model Jury Instructions for the District Courts of the Eighth Circuit* (Apr. 2001) (hereinafter "*Eighth Circuit Model Jury Instructions*") § 1.01, at 2 (modified).

**Millennium's Proposed Instruction No. 2**
**Evidence and Limitations**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated, that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

AUTHORITY: *Eighth Circuit Model Jury Instructions* § 1.02, at 4.

**Millennium's Proposed Instruction No. 3**
**Lawyers' Markings on Documents**

During the trial, the parties will introduce exhibits consisting of documents that were created by them during the business relationship. When those documents were copied and exchanged during this lawsuit, the lawyers for each party marked the documents with letters and numbers to help keep track of the documents. You may notice those letters and numbers on the exhibits that are introduced into evidence. You need not pay any attention to the letters and numbers because they have no relevance to any of the issues you will be asked to decide, so you should disregard them.

Similarly, when exchanging documents, the parties' lawyers marked the documents as "confidential" to comply with a court order requiring such a marking if a document may not be given to anyone not involved with this lawsuit. Again, you need not pay any attention to the "confidential" marking whenever it was placed on a document by a lawyer to indicate that the document may not be disclosed to anyone not involved with this lawsuit. The marking has no relevance to any of the issues you will be asked to decide, so you should disregard the marking.

**Millennium's Proposed Instruction No. 4**
**Expert Testimony**

Most witnesses are allowed to testify only about what they saw, heard, or experienced. Usually, they are not allowed to give their opinions.

But some witnesses are allowed to give their opinions, because they have special training, education, and experience. When a witness gives an opinion, you should consider the following guidelines:

1. What are the education, training, experience, knowledge, and ability of the witness?
2. What reasons are given for the opinion?
3. What are the sources of the information?
4. What are the guidelines already given to you for any testimony?

You need not give this opinion testimony any more importance than other evidence.

AUTHORITY: 4 *Minnesota Practice: Jury Instruction Guides – Civil*, § 12.30, at 32 (West 1999 & Supp. 2003) (hereinafter "*Minnesota Jury Instruction Guides")* (modified).

**Millennium's Proposed Instruction No. 5**
**All Parties Equal Before the Law**

You should consider and decide this case as a dispute between parties of equal standing in the business community. A large corporation and a small corporation have an equal right to a fair trial. All parties, including all companies and other organizations, stand equal before the law and are to be treated as equals.

AUTHORITY: 3 Kevin F. O'Malley et al., *Federal Jury Practice & Instructions* § 103.12, at 117 (West. 2000) (hereinafter "O'Malley") (modified).

**Millennium's Proposed Instruction No. 6**
**Bench Conferences and Recesses**

During the trial, it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

AUTHORITY: *Eighth Circuit Model Jury Instructions* § 1.03, at 6.

**Millennium's Proposed Instruction No. 7**
**Conduct of the Jury**

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case -- you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side -- even if it is simply to pass the time of day -- an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

*Sixth*, do not do any research (including research in the dictionary or the internet) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

AUTHORITY: *Eighth Circuit Model Jury Instructions* § 1.05, at 11-12 (modified).

**Millennium's Proposed Instruction No. 8**
**Outline of Trial**

The trial will proceed in the following manner:

First, Slidell's attorney will make an opening statement. Next, Millennium's attorney will make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

Slidell will then present evidence, and Millennium's counsel may cross-examine. Following Slidell's case, Millennium may present evidence, and Slidell's counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

AUTHORITY: *Eighth Circuit Model Jury Instructions* § 1.06, at 13 (modified).

**INSTRUCTIONS FOR USE AT CLOSE OF TRIAL**

**GENERAL INSTRUCTIONS**

**Millennium's Proposed Instruction No. 9**
**Explanatory**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now [as well as those I gave you earlier] are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than any other instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

AUTHORITY: *Eighth Circuit Model Jury Instructions* § 3.01, at 29 (modified).

**Millennium's Proposed Instruction No. 10**
**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

AUTHORITY: *Eighth Circuit Model Jury Instructions* § 3.03, at 31 (modified).

**Millennium's Proposed Instruction No. 11**
**Failure to Produce Witness Within Party's Control -- Adverse Inference**

If a party does not call a witness within its control who has material evidence, you may decide that the testimony of that witness would have been unfavorable to that party.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* § 12.35, at 47 (modified).

**Millennium's Proposed Instruction No. 12**
**Burden of Proof**

In these instructions, you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance of the evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

AUTHORITY: *Eighth Circuit Model Jury Instructions* § 3.04, at 34 (modified).

**PART I:**
**MILLENNIUM'S BREACH OF CONTRACT CLAIM**

**Millennium's Proposed Instruction No. 13**
**Essential Elements of Breach of Contract**

To prevail on its claim for breach of contract, Millennium must establish each of the following elements by the preponderance of the evidence:

1. the parties had a valid and enforceable contract;
2. Slidell breached one or more of its contractual obligations to Millennium; and
3. Millennium sustained damages because of Slidell's breach.

In this case, the parties agree that they had a valid and enforceable contract. Thus, the first element shown above has been proved.

Thus, to prevail on a claim for breach of contract, Millennium also must prove the second and third elements of this claim.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* § 20.45, at 71 (modified); *Logan v. Norwest Bank, N.A.*, 603 N.W.2d 659 (Minn. Ct. App. 1999).

**Millennium's Proposed Instruction No. 14**
**Definition of "Breach of Contract"**

As mentioned above in Instruction No. 12, to prevail on its claim of breach of contract, Millennium must prove the second element of its breach of contract claim, that Slidell has committed a breach of contract.

A contract is breached when there is a failure, without legal justification, to perform a substantial part of the contract. Breach occurs when a party fails to carry out part of the contract that required performance. If the time for delivery is not specified in the Contract, as is true in this case, delivery shall occur within a reasonable time.

Where a party to a contract is contractually obligated to perform a task, the fact that the task is ultimately more difficult or more costly to perform will not relieve that party of the obligation to perform the task. Where one agrees to do, for a fixed sum, a thing possible to be performed, he will not be excused or become entitled to additional compensation, because unforeseen difficulties are encountered.

For purposes of determining the parties' contractual rights and obligations, you should consider written modifications to the Contract. The Contract provides that the parties may adopt change orders to alter, add to, delete aspects of, or otherwise change the Contract. If you find that a change order has modified the Contract, you should give the change order the same effect as the Contract itself and should consider the modification to be binding on the parties. Otherwise, you should find that the original terms of the Contract are still binding.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* § 20.45, at 71 (modified); Minn. Stat. § 336.2-309(1); Ronald W. Eades, *Jury Instructions in Commercial Litigation* § 4.18, at 4-20 (2d ed. 2002) (hereinafter "*Jury Instructions in Commercial Litigation*") (citing *D.H. Blattner & Sons, Inc. v. Firemen's Ins. Co.*, 535 N.W.2d 671, 675 (Minn. Ct. App. 1995)); *L.J. McNulty, Inc. v. Village of Newport*, 187 N.W.2d 616, 621 (Minn. 1971); *Jury Instructions in Commercial Litigation* § 4.09[2], at 4-10 through 4-11.

**Millennium's Proposed Instruction No. 15**
**Slidell's Defenses to Millennium's Breach of Contract Claim**

A party that fails to perform one or more of its contractual obligations may be excused from its non-performance if the party possesses a valid legal defense or justification.

In this case, Slidell has alleged two defenses to Millennium's breach of contract claim. Slidell has the burden of proof on each defense.

First, Slidell has alleged that Millennium committed a breach of contract prior to Slidell's breach of contract and that Millennium's alleged breach of contract caused Slidell to not perform its contractual obligations. Millennium's alleged prior breach would excuse Slidell's subsequent breach only if Slidell's subsequent breach resulted directly from Millennium's initial breach.

Second, Slidell has alleged that Millennium prevented Slidell from performing its contractual obligations and thereby caused Slidell to not perform its contractual obligations. To prevail on this defense, Slidell must prove that Millennium's conduct completely prevented Slidell's performance, not merely made Slidell's performance more difficult, and that Slidell would have performed all of its contractual obligations but for Millennium's prevention.

If Slidell proves either of the above justifications by a preponderance of the evidence, then Slidell has established a defense to Millennium's breach of contract claim.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* § 20.45, at 71 (modified); *Carlson Real Estate Co. v. Soltan*, 549 N.W.2d 376, 380 (Minn. Ct. App. 1996); *Zobel & Dahl Constr. v. Crotty*, 356 N.W.2d 42, 45 (Minn. 1984); *Nodland v. Chirpich*, 240 N.W.2d 513, 365-67 (Minn. 1976); *Knudsen v. Northwest Airlines, Inc.*, 450 N.W.2d 131, 133 (Minn.1990); *International Travel Arrangers v. NWA, Inc.*, 991 F.2d 1389, 1405-06 (8th Cir. 1993) (applying Minnesota law); *LaSociete Generale Immobiliere v. Minneapolis Community Devel. Agency*, 44 F.3d 629, 638 (8th Cir. 1994) (applying Minnesota law); Richard A. Lord, 13 *Williston on Contracts* § 39:9, at 540 (2000).

**Millennium's Proposed Instruction No. 16**
**Damages on Millennium's Breach of Contract Claim**

When answering Questions No. 6 and 7 on the Special Verdict Form, you are to determine the amount of money that will fairly and adequately compensate Millennium for damages caused by Slidell's breach of the contract. The damages award, if any, should put Millennium in the position it would have been in, had the contract not been breached by Slidell.

Any damages you award must be reasonable. You may award Millennium only the amount of damages necessary to compensate it reasonably for any losses caused by Slidell's breach. Millennium must prove by a preponderance of the evidence that such losses were sustained as a proximate result of the alleged breach.

You may not decide damages based upon speculation or guess. This means that if there is no competent evidence from which you could fairly estimate damages, then such an award is improper.

Here, Millennium and Slidell have agreed by contract that Millennium's damages are limited to "direct" damages up to the value of the contract. Direct damages are those that arise naturally in the usual course of things from the breach itself and include monies expended for the purpose of putting the contracted-for machinery into place at its facilities. Millennium is not entitled to damages related to loss of use or loss of profits nor is it entitled to any indirect, incidental, consequential, or punitive damages.

When considering Millennium's damages, you should take care to not award it a double recovery. Millennium may not recover damages twice for the same harm.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* § 20.60, at 77 (modified); 4A *Minnesota Jury Instruction Guides* § 90.15 (modified); *Northern States Power Co. v. ITT Meyer*

*Indus.*, 777 F.2d 405, 413 (8th Cir. 1985) (applying Minnesota law); *Intl. Fin. Serv., Inc. v. Franz*, 534 N.W.2d 261, 269-70 (Minn. 1995); *Kleven v. Geigy Agric. Chem.*, 227 N.W.2d 566, 570 (Minn. 1975); Business and Commercial Litigation in Federal Courts § 39.4(b) (Robert L. Haig ed.) (West Group & ABA 1998) (citing ABA Model Jury Instructions at § 7.09[2]); Ronald W. Eades, *Jury Instructions in Commercial Litigation* (hereinafter, "*Jury Instructions in Commercial Litigation*") § 17.13 (Matthew Bender 2004).

**Millennium's Proposed Instruction No. 17**
**Mitigation of Damages**

In determining the amount of money that will fairly and adequately compensate Millennium for damages caused by Slidell's breach of the contract, you should take into account the fact that Millennium must act reasonably to limit its damages.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* § 20.65, at 80 (modified).

## PART II:
## SLIDELL'S BREACH OF CONTRACT CLAIM

### Millennium's Proposed Instruction No. 18
### Essential Elements of Breach of Contract

To prevail on its claim for breach of contract, Slidell must establish each of the following elements by the preponderance of the evidence:

1. the parties had a valid and enforceable contract;

2. Millennium breached one or more of its contractual obligations to Slidell; and

3. Slidell sustained damages because of Millennium's breach.

In this case, the parties agree that they had a valid and enforceable contract. Thus, the first element shown above has been proved.

Thus, to prevail on a claim for breach of contract, Slidell also must prove the second and third elements of this claim.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* § 20.45, at 71 (modified); *Logan v. Norwest Bank, N.A.*, 603 N.W.2d 659 (Minn. Ct. App. 1999).

**Millennium's Proposed Instruction No. 19**
**Definition of "Breach of Contract"**

As mentioned above in Instruction No. 19, to prevail on its claim of breach of contract, Slidell must prove the second element of its breach of contract claim, that Millennium has committed a breach of contract.

A contract is breached when there is a failure, without legal justification, to perform a substantial part of the contract. Breach occurs when a party fails to carry out part of the contract that required performance.

A contract also may be breached when a party prevents another party from completing its performance. Slidell has alleged that Millennium prevented Slidell from performing its contractual obligations. To prevail on this type of breach-of-contract claim, Slidell must prove that Millennium's conduct completely prevented Slidell's performance, not merely made Slidell's performance more difficult, and that Slidell would have performed all of its contractual obligations but for Millennium's prevention.

A contract also may be breached if a party engages in conduct that is inconsistent with the terms of a contract. Slidell has alleged that Millennium breached Exhibit A and Exhibit B to the Contract by improperly disclosing and using Slidell's confidential information. To prevail on this type of breach-of-contract claim, Slidell must prove that Millennium's conduct was inconsistent with a promise made in Exhibit A or Exhibit B.

For purposes of determining the parties' contractual rights and obligations, you should consider written modifications to the Contract. The Contract provides that the parties may adopt change orders to alter, add to, delete aspects of, or otherwise change the Contract. If you find that a change order has modified the Contract, you should give the change order the same effect

as the Contract itself and should consider the modification to be binding on the parties.

Otherwise, you should find that the original terms of the Contract are still binding.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* § 20.45, at 71 (modified); *Zobel & Dahl Constr. v. Crotty*, 356 N.W.2d 42, 45 (Minn. 1984); *Nodland v. Chirpich*, 240 N.W.2d 513, 365-67 (Minn. 1976); *Knudsen v. Northwest Airlines, Inc.*, 450 N.W.2d 131, 133 (Minn.1990); *International Travel Arrangers v. NWA, Inc.*, 991 F.2d 1389, 1405-06 (8th Cir. 1993) (applying Minnesota law); *LaSociete Generale Immobiliere v. Minneapolis Community Devel. Agency*, 44 F.3d 629, 638 (8th Cir. 1994) (applying Minnesota law); Richard A. Lord, 13 *Williston on Contracts* § 39:9, at 540 (2000); *Jury Instructions in Commercial Litigation* § 4.09[2], at 4-10 through 4-11.

**Millennium's Proposed Instruction No. 20**
**No Contract for European Support Services**

Slidell has alleged that Millennium made a promise concerning European field support services that should be enforced against Millennium.

The Court previously has ruled in this case that there is not a valid enforceable contract between Slidell and Millennium regarding European field support services. Accordingly, you are instructed that the parties' Contract did not provide for European field support services and that the parties did not reach a separate contract on the issue of European field support services.

Therefore, if you find in favor of Slidell and against Millennium on Slidell's contract claims, you may not award damages to Slidell for any amounts that it claims are related to European field support services.

AUTHORITY: *Slidell, Inc. v. Millennium Inorganic Chemicals Inc.*, No. 02-CV-213, slip op. at 34 (D. Minn. June 28, 2004).

**Millennium's Proposed Instruction No. 21**
**Doctrine of Concurrent Delay**

Slidell contends that Millennium caused Slidell to not perform its obligations by delaying the progress of the project. If, however, Slidell's own actions contributed to delays on the project, and if those delays were interwoven with Millennium's delays, then Plaintiff cannot establish the required causation between Millennium's delays and, thus, cannot prove all elements of a breach of contract.

AUTHORITY: *S.O.G.-San Ore-Gardner v. Missouri Pacific R.R. Co.*, 658 F.2d 562, 569 (8th Cir. 1981); *Essex Electro Engineers, Inc. v. Danzig*, 224 F.3d 1283, 1295 (Fed. Cir. 2000); *Malta Constr. Co. v. Henningson, Durham & Richardson*, 694 F. Supp. 902, 909 (N.D. Ga. 1988); *J.A. Jones Constr. Co. v. Greenbriar Shopping Ctr.*, 332 F. Supp. 1336, 1349 (N.D. Ga. 1971); *M.C. Anderson v. Golden*, 569 F. Supp. 122, 145 (S.D. Ga. 1982); *Morganti Natl., Inc. v. United States*, 49 Fed.Cl. 110, 132 (Fed. Cl. 2001); *Broward Co. v. Russell, Inc.*, 589 So.2d 983, 984 (Fla. Dist. App. 1991); *Marino Constr. Co. v. Renner Architects*, 571 N.W.2d 923 (Wis. App. 1997).

**Millennium's Proposed Instruction No. 22**
**Millennium's Defenses to Slidell's Breach of Contract Claim**

As mentioned above in Instruction No. 19, Slidell may prevail on its claim of breach of contract if Millennium does not have a valid legal defense or justification for Millennium's breach of contract.

Millennium has alleged three defenses to Slidell's breach of contract claim. Millennium has the burden of proof on each defense.

First, Millennium has alleged that Slidell committed a breach of contract prior to Millennium's breach of contract and that Slidell's alleged breach of contract caused Millennium to not perform its contractual obligations. More specifically, Millennium has alleged that Slidell stopped work on the project and commenced this lawsuit, which would excuse Millennium from making further payments to Slidell.

Second, Millennium has alleged the defense of waiver. A breach of contract may be waived. A party's continued recognition of a contract as binding, even after the other party has allegedly breached the contract, may be a waiver of the breach. Thus, if you find that Millennium breached the contract in some way but that Slidell continued to recognize the contract as binding, by continuing to perform or continuing to accept payments under the contract, then Slidell has waived the breach of contract.

Third, Millennium has alleged the defense of "equitable estoppel." A party is not allowed to assert a claim that contradicts its earlier statement, admission or conduct (including its silence when it has a duty to speak) on which another party has reasonably relied, if the other party would be injured by such a contradiction. Thus, a party that induces another party to take certain actions is "estopped," or prevented, from contradicting its earlier position. In this case,

Millennium has alleged that Slidell induced Millennium to engage in conduct that Slidell claims to be a breach of contract and that Slidell should not now be allowed to claim that Millennium breached the contract when Millennium acted in reliance on Slidell's inducement.

If Millennium proves any of the above justifications by a preponderance of the evidence, then Millennium has established a defense to Slidell's breach of contract claim.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* § 20.45, at 71 (modified); *Carlson Real Estate Co. v. Soltan*, 549 N.W.2d 376, 380 (Minn. Ct. App. 1996); *Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 510 (8th Cir. 1999) (applying Minnesota law); *Eliason v. Production Credit Ass'n*, 106 N.W.2d 210, 212 (Minn. 1960); *Hampton Bank v. River City Yachts, Inc.*, 528 N.W.2d 880, 893 (Minn. Ct. App. 1995); New Jersey Civil Jury Instructions Guide § 4.10N; Colorado Civil Jury Instructions Guide § 30:25; 6A Washington Civil Jury Instructions Guide §§ 302.05, 302.06.

**Millennium's Proposed Instruction No. 23**
**Damages on Slidell's Breach of Contract Claim**

When answering Question No. 11 on the Special Verdict Form, you are to determine the amount of money that will fairly and adequately compensate Slidell for damages caused by Millennium's breach of the contract. The damages award, if any, should put Slidell in the position it would have been in, had the contract not been breached by Millennium.

Any damages you award must be reasonable. You may award Slidell only the amount of damages necessary to compensate it reasonably for any losses caused by Millennium's breach. Slidell must prove by a preponderance of the evidence that such losses were sustained as a proximate result of the alleged breach.

You may not decide damages based upon speculation or guess. This means that if there is no competent evidence from which you could fairly estimate damages, then such an award is improper.

Millennium and Slidell have agreed by contract that Slidell's damages are limited to "direct" damages up to the value of the contract. Direct damages are those that arise naturally in the usual course of things from the breach itself and include monies attributable to: the cost of manufacturing, shipping, and storage; vendor restocking or other such charges; full burden and overhead; design and engineering; general, administrative and selling expenses; and cost of capital and lost profits *for this contract*. Slidell is not entitled to any indirect, incidental, consequential, or punitive damages nor is it entitled to damages for lost profits or lost business opportunities from either Millennium (unless related to this contract) or third parties.

Additionally, any damages awarded to Slidell must be offset by the monies Millennium has already paid Slidell.

Finally, when considering Slidell's damages, you should take care to not award it a double recovery. Slidell may not recover damages twice for the same harm. That principle also applies if you award Slidell damages on its other claims. To receive separate awards of damages, Slidell must prove that it incurred separate and distinct injuries with respect to each award of damages.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* §§ 20.60 (modified), 90.15 (modified); Minn. Stat. § 336.2-718; Official Comment No. 2, Uniform Commercial Code, § 2-718; *Micro Data Base Sys., Inc. v. Dharma Sys., Inc.*, 148 F.3d 649, 656 (7th Cir. 1998); *Northern States Power Co. v. ITT Meyer Indus.*, 777 F.2d 405, 413 (8th Cir. 1985) (applying Minnesota law); *Kleven v. Geigy Agric. Chem.*, 227 N.W.2d 566, 570 (Minn. 1975); *Lewin Chevrolet-Geo-Oldsmobile v. Bender*, 264 A.D.2d 913 (N.Y. App. Div. 1999); *Lancellotti v. Thomas*, 491 A.2d 117, 121-22 (Pa. Super. 1985); *Conister Trust Ltd. v. Boating Corp. of America*, 47 U.C.C. Rep. Serv. 2d 210 (Tenn. App. 2002); *Madsen v. Murrey & Sons Co., Inc.*, 743 P.2d 1212, 1216 (Utah 1987); *Business and Commercial Litigation in Federal Courts* § 39.4(b) (Robert L. Haig ed.) (West Group & ABA 1998) (citing ABA Model Jury Instructions at § 7.09[2]); *Rice v. Community Health Association*, 203 F.3d 283, 288 (4th Cir. 2000); *Industrial Graphics, Inc. v. Asahi Corp.*, 485 F. Supp. 793, 803-808 (D. Minn. 1980); *Platt Electric Supply, Inc. v. Menlo Logistics, Inc.*, 2002 WL 31466490 (D. Or. 2002); *Wyatt v. Palmer*, 683 A.2d 1353, 1357 (Vt. 1996); *Jury Instructions in Commercial Litigation* § 17.13.

**Millennium's Proposed Instruction No. 24**
**Mitigation of Damages**

In determining the amount of money that will fairly and adequately compensate Slidell for damages caused by Millennium's breach of the contract, you should take into account the fact that Slidell must act reasonably to limit its damages.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* § 20.65, at 80 (modified).

## PART III:
## SLIDELL'S CLAIM UNDER THE MINNESOTA TRADE SECRETS ACT

### Millennium's Proposed Instruction No. 25
### Essential Elements of a Claim Under the Minnesota Trade Secrets Act

To prevail on its claim under the Minnesota Trade Secrets Act, Slidell must prove by a preponderance of the evidence each of the following essential elements:

1. Slidell possessed a "trade secret";

2. Millennium acquired the trade secret as a result of a confidential relationship

3. Millennium used or disclosed the trade secret without Slidell's express or implied authorization; and

4. Slidell suffered harm as a direct and proximate result of Millennium's use or disclosure of Slidell's trade secret, or Millennium obtained a benefit from the use or disclosure of Slidell's trade secret.

AUTHORITY: O'Malley § 127.10, at 412 (modified); 4 *Minnesota Jury Instruction Guides* § 40.25, at 240-41 (modified); Minn. Stat. §§ 325C.01, subd. 3; 325C.03; *Jury Instructions in Commercial Litigation* § 11.04 (modified).

**Millennium's Proposed Instruction No. 26**
**Definition of "Trade Secret"**

To prevail on its claim under the Minnesota Trade Secrets Act, Slidell must first prove by a preponderance of the evidence that the information at issue is in fact a "trade secret."

A trade secret is information such as a:

a. formula,

b. pattern,

c. compilation (or collection of information from a number of sources),

d. program,

e. device,

f. method,

g. technique, or

h. process,

that

1. derives actual or potential independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and

2. is the subject of reasonable efforts under the circumstances to maintain its secrecy.

In determining whether Slidell has taken reasonable efforts under the circumstances to maintain the secrecy of the information at issue, the mere signing of a confidentiality agreement with respect to that information without more does not constitute reasonable efforts.

Finally, in determining whether Slidell's confidential information is a trade secret, you should not consider the "confidential" marking placed on exhibits by the lawyers in this case. Lawyers marked all documents "confidential" during this lawsuit to comply with a Court Order.

Such markings were not placed on the original versions of documents by the parties prior to the lawsuit.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* § 40.20, at 238 (modified); Minn. Stat. § 325C.01, subd. 5; *Storage Technology Corp. v. Cisco Systems, Inc.*, 2003 WL 22231544 at *6 (D. Minn. 2003); *Luigino's, Inc. v. Peterson*, 2002 WL 122389 at *9 (D. Minn. 2002); *Electro-Craft Corp. v. Controlled Motion, Inc.*, 332 N.W.2d 890, 901-02 (Minn. 1983)**;** *RING Computer Sys. v. ParaData Computer Networks, Inc.*, 1990 WL 132615 at *2 (Minn. Ct. App. 1990).

**Millennium's Proposed Instruction No. 27**
**Defense of Express or Implied Consent**

Slidell cannot prove a claim under the Minnesota Trade Secrets Act if Millennium had express or implied consent from Slidell to use or disclose the information that Slidell contends is a trade secret. Consent can be implied if Slidell had knowledge that Millennium would disclose or use the information or if Slidell participated in the process of disclosing or using it.

AUTHORITY: Minn. Stat. § 325C.01, subd. 3; 4 *Minnesota Jury Instruction Guides* § 40.25, at 240-41; *Korsunsky Krank Erickson Architects, Inc. v. Walsh*, 370 N.W.2d 29, 31 (Minn. 1985).

**Millennium's Proposed Instruction No. 28**
**Damages Under the Minnesota Trade Secrets Act**

When answering Questions No. 21 and 22 on the Special Verdict Form regarding Slidell's trade secrets claim, if you award damages, you should compensate Slidell with an award of damages in the amount shown by a preponderance of the evidence that represents the following:

1. actual damages, if any, caused by Millennium's misappropriation of the trade secret and

2. the amount of money by which Millennium was unjustly enriched, if any, as a consequence of the misappropriation.

In calculating any damages for unjust enrichment, you should not take into account any damages already considered in calculating actual damages. Further, you should not take into account any damages Slidell may have already recovered as a result of any of its other claims.

Finally, you may not decide damages based upon speculation or guess. This means that if there is no competent evidence from which you could fairly estimate damages, then such an award is improper.

AUTHORITY: Minn. Stat. § 325C.03; *Business and Commercial Litigation in Federal Courts* § 39.4(b) (Robert L. Haig ed.) (West Group & ABA 1998) (citing ABA Model Jury Instructions at § 7.09[2]); *Jury Instructions in Commercial Litigation* § 17.13.

**Millennium's Proposed Instruction No. 29**
**Determination of Whether Millennium Acted "Willfully and Maliciously"**

Slidell may be entitled to additional damages if you find that Millennium willfully and maliciously misappropriated Slidell's alleged trade secrets.

In making such a determination, you should consider whether Millennium's alleged misappropriation was intentional and done with a conscious disregard for Slidell's rights. If, for example, Millennium had a deliberate scheme to obtain and use Slidell's trade secrets for Millennium's own economic advantage, a finding of willful and malicious misappropriation is warranted. If, however, Millennium, had no intention of misusing the alleged trade secrets for its own economic advantage, or if Millennium was forced to use them because of Slidell's own delay or other conduct, then a finding of willful and malicious misappropriation is not warranted.

AUTHORITY: Minn. Stat. § 325C.03 (b); *Learning Curve Toys, Inc. v. Playwood Toys, Inc.*, 342 F.3d 714, 730 (7th Cir. 2003); *Weibler v. Universal Tech., Inc.*, 2002 WL 119267 at *2 (10th Cir. 2002); *X-It Products, LLC v. Walker Kidde Portable Equip., Inc.*, 227 F. Supp. 2d 494, 532-33 (E.D. Va. 2002); *K-Sun Corp. v. Heller Invest., Inc.*, 1998 WL 422182 at *4 (Minn. Ct. App. 1998).

## PART IV:
## SLIDELL'S PROMISSORY ESTOPPEL CLAIM

### Millennium's Proposed Instruction No. 30
### Evidence Concerning European Support Services to be Considered Only by Judge

You have heard evidence in this case relating to European field support services. The reason you have heard this evidence is that Slidell has asserted a claim against Millennium under a legal doctrine known as "promissory estoppel." According to the law, that claim will be decided by the Judge, not by you.

Thus, even though you have heard evidence concerning the issue of European field support services, you should ignore that evidence because it is not relevant to any issue that you will be asked to decide. Evidence on that subject is only for the Judge's benefit and use.

AUTHORITY: *Olson v. Synergistic Tech. Bus. Sys., Inc.*, 628 N.W.2d 142, 145 (Minn. 2001).

**Millennium's Proposed Instruction No. 31**
**Essential Elements of "Promissory Estoppel"**

Under the legal doctrine of "promissory estoppel," a party may be held to a promise made to another party even if there was no contract between them.

In this case, Slidell has alleged that Millennium made a promise concerning European field support that should be enforced under the legal doctrine of promissory estoppel. The Judge has already found that a contract for European field support was never entered into by the parties.

To establish its claim of promissory estoppel, Slidell must prove by a preponderance of the evidence each of the following elements:

1. Millennium made a clear and definite promise to enter into a written agreement with Slidell for field support services related to the packaging equipment that Slidell was manufacturing for installation in Millennium's European facilities;

2. it was reasonably foreseeable to Millennium that Slidell would rely on Millennium's promise;

3. Slidell relied the Millennium's promise;

4. Slidell's reliance on Millennium's promise was reasonable;

5. Millennium did not perform according to its promise;

6. Millennium's conduct was unconscionable;

7. Slidell had losses or was disadvantaged because it relied on Millennium's promise; and

8. Slidell's reliance was of such a character and magnitude that refusal to hold Millennium to the promise would permit Millennium to perpetuate a fraud.

When considering whether Millennium's conduct was unconscionable, as described above in the sixth element, you should note that a mere refusal to perform an oral agreement is not sufficient to constitute unconscionable conduct.

When considering whether Millennium's conduct amounts to a "fraud," as described above in the eighth element, you should not find that that element has been proved unless Millennium falsely represented a past or present material fact to Slidell with knowledge that the fact was false.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* § 20.50, at 73 (modified); *Casazza v. Kiser*, 313 F.3d 414, 421-22 (8th Cir. 2002) (applying Minnesota law); *Del Hayes & Sons, Inc. v. Mitchell*, 230 N.W.2d 588, 593-94 (Minn. 1975); *Pako Corp. v. Citytrust*, 109 B.R. 368, 382 (D. Minn. 1989); 4 *Minnesota Jury Instruction Guides* § 57.10 (modified) (concerning fraud).

**Millennium's Proposed Instruction No. 32**
**Damages for Promissory Estoppel Claim**

When answering Question No. 24 on the Special Verdict Form, if you award damages, you are to determine the amount of money that will compensate Slidell for its promissory estoppel claim.

Slidell's damages for promissory estoppel are limited to out-of-pocket expenses incurred as a result of its reliance on Millennium's promise. This means that any expense Slidell incurred prior to Millennium's alleged promise or after Slidell became aware that Millennium would not follow through on the alleged promise are not recoverable as damages because they were not made in reliance on Millennium's promise.

In determining Slidell's damages, you may not decide them based upon speculation or guess. This means that if there is no competent evidence from which you could fairly estimate damages, then such an award is improper.

Finally, when considering Slidell's damages, you should take care to not award it a double recovery. Slidell may not recover damages twice for the same harm. That principle also applies if you award Slidell damages on its other claims. To receive separate awards of damages, Slidell must prove that it incurred separate and distinct injuries with respect to each award of damages.

AUTHORITY: *Walser v. Toyota Motor Sales, Inc.*, 43 F.3d 396, 401-02 (8th Cir. 1994) (applying Minnesota law); *Dallum v. Farmers Union Cent. Exchange, Inc.*, 462 N.W.2d 608, 613 (Minn. Ct. App. 1991); *Restatement (Second) of Contracts* § 90, cmt. d. (1981); *Jury Instructions in Commercial Litigation* § 17.13.

**FINAL INSTRUCTION**

**Millennium's Proposed Instruction No. 33**
**Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone -- including me -- how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

AUTHORITY: *Eighth Circuit Model Jury Instructions* § 3.06, at 37.

**ALTERNATIVE INSTRUCTION**

**Millennium's Proposed Instruction No. 34**
**"Specific Performance" Remedy – Completion of the Packaging Equipment**

Millennium seeks the remedy of specific performance. Specific performance would require Slidell to complete its performance under the contract by completing the fabrication, assembly, delivery, installation, and commissioning of the equipment.

Specific performance may be awarded if the contracted-for machinery is "unique" or if "other proper circumstances" exist.

Whether a good is "unique" depends on the totality of the facts and circumstances surrounding the contract, including the following factors:

1. whether the item is custom built;
2. whether the items were designed to meet particular specifications;
3. the expense, delay, and inconvenience incurred in obtaining a substitute or replacement good;
4. the scarcity of the goods constituting the subject matter of the breached contract;
5. the size, complexity, and technical intricacy of the goods;
6. the quality and performance characteristics of the goods as compared to others like it on the market; and
7. whether the buyer has already paid for all or a portion of the goods and will be prejudiced by having to pay again for substitute goods.

The fact that substitute goods may be available to Millennium does not preclude a finding that the contracted-for goods are unique.

Millennium is also entitled to specific performance if other proper circumstances exist. Other proper circumstances exist when there is difficulty or uncertainty in the collection of damages.

AUTHORITY: Minn. Stat. § 336.2-716(1); Official Comment No. 2 to U.C.C. § 2-716; *Texas Co. v. Central Fuel Oil Co.*, 194 F. 1, 11 (8th Cir. 1912); *Kaiser Trading Co. v. Associated Metals & Minerals Corp.*, 321 F. Supp. 923, 932 (N.D. Cal. 1970); *Colorado-Ute Elec. Assn. v. Envirotech Corp.*, 524 F. Supp. 1152, 1159 (D. Colo. 1981); *In re Bullet Jet Charter*, 177 B.R. 593, 599 (Bankr. N.D. Ill. 1995); *Proyectos Electronicos, S.A. v. Alper*, 37 B.R. 931, 933 (Bankr. E.D. Pa. 1983); *In re Tennecomp Systems, Inc.*, 12 B.R. 729, 735 (Bankr. E.D. Tenn. 1981); *Dill v. Kucharsky*, 3 N.W.2d 585, 587 (Minn. 1942); *Cumbest v. Harris*, 363 So.2d 294, 296-97 (Miss. 1978); *Sedmak v. Charlie's Chevrolet, Inc.*, 622 S.W.2d 694, 700 (Mo. App. 1981); *Dexter Bishop Co. v. B. Redmond & Son, Inc.*, 396 58 A.D.2d 755 (N.Y. App. Div. 1977); *Stephan's Machine & Tool v. D & H Machine Consultants*, 417 N.E.2d 579, 581 (Ohio App. 1979); 12 *Corbin on Contracts* § 1142 at 194 (Interim Ed. Matthew Bender 2002).

**END OF DOCUMENT**