**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Slidell, Inc.,

Plaintiff and Counter-defendant,

v.

Millennium Inorganic Chemicals Inc.,

Defendant and Counter-claimant.

Court File No. 02-CV-213 (JRT/FLN)

**MILLENNIUM'S PROPOSED SPECIAL VERDICT FORM**

Pursuant to Local Rule 39.1(b)(2)(C); Paragraph 1(D) of the Court's June 28, 2004, Memorandum from the Chambers of Judge John R. Tunheim re Local Rule 39.1 Concerning Pre-Trial Procedures in Civil Jury Trials; and an agreement between counsel for the parties, Defendant and Counterclaimant Millennium Inorganic Chemicals Inc. (hereinafter "Millennium") hereby submits its proposed special verdict form.

Dated: January 5, 2005

HALLELAND LEWIS NILAN & JOHNSON, P.A.

By: s/ Matthew E. Johnson

Michael T. Nilan Reg. No. 79224
Scott A. Smith Reg. No. 174026
Matthew E. Johnson Reg. No. 235945
Amanda M. Cialkowski Reg. No. 306514
U.S. Bank Plaza South, Suite 600
220 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 338-1838

Attorneys for Defendant and Counter-Claimant
Millennium Inorganic Chemicals Inc.

DN 234 687

***PART I:***
**MILLENNIUM'S BREACH OF CONTRACT CLAIM**

**Question No. 1:** Has Millennium proved by the preponderance of the evidence each of the essential elements of its breach-of-contract claim, as they are described by Instruction No. 13?

_____ Yes _____ No

*If you have answered "yes" in response to Question No. 1, proceed to Question No. 2.*
*If you have answered "no" in response to Question No. 1, proceed to Question No. 4.*

**Question No. 2:** Has Slidell proved by the preponderance of the evidence a valid defense or excuse for its breach of contract, as described by Instruction No. 15?

_____ Yes _____ No

*If you have answered "yes" in response to Question No. 2, proceed to Question No. 4.*
*If you have answered "no" in response to Question No. 2, proceed to Question No. 3.*

**Question No. 3:** What amount of money will fairly and adequately compensate Millennium, pursuant to Instructions No. 16 and No. 17, for any breach of contract by Slidell that you may have found in answering Question No. 1?

$________________________

*Proceed to Question No. 4.*

***PART II:***
**SLIDELL'S BREACH OF CONTRACT CLAIM**

***SUBPART A:*** **CLAIM CONCERNING PACKAGING EQUIPMENT**

**Question No. 4:** Has Slidell proved by the preponderance of the evidence each of the essential elements of its breach-of-contract claim, as they are described by Instruction No. 18, with respect to its claim that Millennium breached the parties' Contract by failing to make payments due to Slidell, by preventing Slidell's performance of its obligations, or by causing delay?

_____ Yes _____ No

*If you have answered "yes" in response to Question No. 4, proceed to Question No. 5.*
*If you have answered "no" in response to Question No. 4, proceed to Question No. 8.*

**Question No. 5:** Do you find that Slidell's own actions contributed to delays on the project and that those delays were interwoven with Millennium's delays, as described by Instruction No. 21?

_____ Yes _____ No

*If you have answered "yes" in response to Question No. 5, proceed to Question No. 8.*
*If you have answered "no" in response to Question No. 5, proceed to Question No. 6.*

**Question No. 6:** Has Millennium proved by the preponderance of the evidence a valid defense or justification, pursuant to Instruction No. 22, for any breach of contract that that you may have found in answering Question No. 4?

_____ Yes _____ No

*If you have answered "yes" in response to Question No. 6, proceed to Question No. 8.*
*If you have answered "no" in response to Question No. 6, proceed to Question No. 7.*

**Question No. 7:** As described by Instructions No. 23 and No. 24, what amount of money will fairly and adequately compensate Slidell for any breach of contract by Millennium that you may have found in answering Question No. 4:

$________________________

*Proceed to Question No. 8.*

## *SUBPART B:* CLAIM CONCERNING MILLENNIUM'S ALLEGED DISCLOSURE OF SLIDELL'S CONFIDENTIAL INFORMATION

**Question No. 8:** Has Slidell proved by the preponderance of the evidence each of the essential elements of its breach-of-contract claim, as they are described by Instruction No. 18, with respect to its claim that Millennium improperly disclosed Slidell's proprietary information to the RoviSys Company?

_____ Yes _____ No

*If you have answered "yes" in response to Question No. 8, proceed to Question No. 9.*
*If you have answered "no" in response to Question No. 8, proceed to Question No. 11.*

**Question No. 9:** Has Millennium proved by the preponderance of the evidence a valid defense or excuse, pursuant to Instruction No. 22, for any breach of contract that you may have found in answering Question No. 8?

_____ Yes _____ No

*If you have answered "yes" in response to Question No. 9, proceed to Question No. 11.*
*If you have answered "no" in response to Question No. 9, proceed to Question No. 10.*

**Question No. 10:** What amount of money will fairly and adequately compensate Slidell, pursuant to Instructions No. 23 and No. 24, for any breach of contract by Millennium that you may have found in answering Question No. 8:

$________________________

*Proceed to Question No. 11.*

**_SUBPART C:_ CLAIM CONCERNING MILLENNIUM'S ALLEGED USE OF SLIDELL'S CONFIDENTIAL INFORMATION**

**Question No. 11:** Has Slidell proved by the preponderance of the evidence each of the essential elements of its breach-of-contract claim, as they are described by Instruction No. 18, with respect to its claim that Millennium improperly used Slidell's proprietary information in Millennium's manufacturing processes?

_____ Yes _____ No

*If you have answered "yes" in response to Question No. 11, proceed to Question No. 12.*
*If you have answered "no" in response to Question No. 11, proceed to Question No. 14.*

**Question No. 12:** Has Millennium proved by the preponderance of the evidence a valid defense or excuse, pursuant to Instruction No. 22, for any breach of contract that you may have found in answering Question No. 11?

_____ Yes _____ No

*If you have answered "yes" in response to Question No. 12, proceed to Question No. 14.*
*If you have answered "no" in response to Question No. 12, proceed to Question No. 13.*

**Question No. 13:** What amount of money will fairly and adequately compensate Slidell, pursuant to Instructions No. 23 and No. 24, for any breach of contract by Millennium that you may have found in answering Question No. 11:

$________________________

*Proceed to Question No. 14.*

***PART III:***
**SLIDELL'S TRADE SECRET CLAIM**

**Question No. 14:** Has Slidell proved by the preponderance of the evidence that the confidential information on which its trade secret claim is based actually is a "trade secret," as that term is defined by Instruction No. 26?

_____ Yes _____ No

*If you have answered "yes" in response to Question No. 14, proceed to Question No. 15.*
*If you have answered "no" in response to Question No. 14, proceed to Question No. 20.*

**Question No. 15:** Has Slidell proved by the preponderance of the evidence each of the other essential elements of its trade secret claim, as they are described by Instruction No. 25?

_____ Yes _____ No

*If you have answered "yes" in response to Question No. 15, proceed to Question No. 16.*
*If you have answered "no" in response to Question No. 15, proceed to Question No. 20.*

**Question No. 16:** Has Millennium proved by the preponderance of the evidence the defense of express or implied consent to Slidell's trade secret claim, as described by Instruction No. 27?

_____ Yes _____ No

*If you have answered "yes" in response to Question No. 16, proceed to Question No. 20.*
*If you have answered "no" in response to Question No. 16, proceed to Question No. 17.*

**Question No. 17:** What amount of money will fairly and adequately compensate Slidell, pursuant to Instruction No. 28, for any improper *disclosure* by Millennium of a trade secret of Slidell?

$________________________

*Proceed to Question No. 18.*

**Question No. 18:** What amount of money will fairly and adequately compensate Slidell, pursuant to Instruction No. 28, for any improper *use* by Millennium of a trade secret of Slidell?

$________________________

*Proceed to Question No. 19.*

**Question No. 19:** Has Slidell proved by the preponderance of the evidence that Millennium willfully and maliciously misappropriated Slidell's trade secrets, as described in Instruction No. 29?

_____ Yes _____ No

*Proceed to Question No. 20.*

## *PART IV:*
## SLIDELL'S PROMISSORY ESTOPPEL CLAIM

**Question No. 20:** Has Slidell proved by the preponderance of the evidence each of the essential elements of its promissory estoppel claim, as they are described by Instruction No. 31?

_____ Yes _____ No

*If you have answered "yes" in response to Question No. 20, proceed to Question No. 21.*

*If you have answered "no" in response to Question No. 20, you are finished. The Foreperson should sign the Verdict Form.*

**Question No. 21:** What amount of money did Slidell expend in direct, reasonable, and foreseeable reliance on the promise by Millennium that is the subject of Slidell's promissory estoppel claim, as described by Instruction No. 32?

$________________________

*You are finished. The Foreperson should sign the Verdict Form.*

DATE: ____________________, 2005 ________________________________________
FOREPERSON