# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

# CIVIL MOTION HEARING

| | | |
|---|---|---|
| SLIDELL, INC., | ) | **COURT MINUTES** |
| Plaintiff, | ) | BEFORE: John R. Tunheim |
| | ) | U.S. District Judge |
| v. | ) | Case No: 02-213 JRT/FLN |
| | ) | Date: January 7, 2005 |
| MILLENNIUM INORGANIC | ) | Deputy: Lou Jean M. Gleason |
| CHEMICALS, INC., | ) | Court Reporter: Lori Simpson |
| | ) | Time Commenced: 1:50 p.m. |
| Defendant. | ) | Time Concluded: 3:50 p.m. |
| | ) | Time in Court: 2 Hours & 0 Minutes |

## APPEARANCES:

Plaintiff: Thomas S. Fraser, Jeffrey W. Post, Jeffrey W. Jones, and Wade S. Davis
Defendant: Michael T. Nilan, Scott A. Smith, Matthew E. Johnson, and Amanda M. Cialkowski

## PROCEEDINGS:

Plaintiff's Motion in Limine to Exclude Evidence Regarding Damages Excluded by the Contract [Docket No. 169] is GRANTED in part re: the cost of building the new facility, DENIED in part re: as rebuttal testimony; and DENIED regarding the costs of cover.

Plaintiff's Motion in Limine Regarding Millennium's Ability to Cover and the Injunction [Docket No. 174] is DENIED.

Plaintiff's Motion in Limine to Exclude Testimony Contradicting the Express Contract Terms [Docket No. 179] is DENIED.

Plaintiff's Motion in Limine to Exclude Evidence of Other Litigation [Docket No. 184] is GRANTED regarding previous litigation not withstanding specific issues that may arise or for impeachment purposes.

Plaintiff's Motion in Limine to Exclude the Testimony of Defendant's Expert Reza Nikain [Docket No. 188] is DENIED.

Defendant's Motion to Exclude Evidence Related to Slidell's Trade Secret Claim [Docket No. 193] is DENIED.

Defendant's Motion to Exclude Testimony of Arthur Cobb [Docket No. 196] is DENIED.

Defendant's Motion to Exclude Evidence of Damages for Lost Opportunities and Other Consequential Damages [Docket No. 200] is DENIED.

Defendant's Motion to Exclude Evidence of Damages Not Incurred as a Result of Slidell's Reliance [Docket No. 203] is DENIED.

Defendant's Motion to Exclude Certain Wire Color-Related Evidence [Docket No. 206] is DENIED.

Defendant's Motion to Exclude Evidence of Kick-Backs and Other Alleged Corruption [Docket No. 209] is GRANTED.

Defendant's Motion to Exclude Evidence of Stock Buy-Back Plan [Docket No. 212] is DENIED.

Defendant's Motion to Exclude Reference to Financial Disparity Between the Parties or Slidell's Potential Bankruptcy [Docket No. 215] is DENIED in part re: the financial disparities between the companies and GRANTED in part re: reference to Plaintiff's potential bankruptcy.

Defendant's Motion to Exclude Reference to Millennium as an Out-of-State Corporation [Docket No. 218] is DENIED.

Defendant's Motion to Exclude Speculation Regarding Ramsay's Termination or Personnel File [Docket No. 220] is DENIED.

Defendant's Motion to Exclude Evidence of Humorous Comments Concerning Slidell [Docket No. 222] is GRANTED.

Defendant's Motion to Compel Compliance With Subpoena Served on Conrad Porter [Docket No. 278] is taken UNDER ADVISEMENT.

s/Lou Jean M. Gleason
Calendar Clerk