**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Slidell, Inc.,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>Millennium Inorganic Chemicals Inc.,<br><br>Defendant and Counterclaimant. | Court File No. 02-CV-213 (JRT/FLN)<br><br>**MILLENNIUM'S MEMORANDUM OF LAW IN OPPOSITION TO SLIDELL'S MOTION TO PRESENT PROMISSORY ESTOPPEL CLAIM TO JURY** |

## INTRODUCTION

Slidell has brought a motion seeking an advisory jury verdict on its promissory estoppel claim or, in the alternative, to allow the jury to hear evidence concerning the promissory estoppel claim even if it has no responsibility to return a verdict on that claim.

Millennium articulated its position on these issues in a letter brief, which was delivered to the Court earlier today. Millennium is filing this responsive memorandum solely to reply to certain arguments put forward by Slidell in its motion.

## ARGUMENT

### I. THE COURT SHOULD NOT SUBMIT THE PROMISSORY ESTOPPEL CLAIM TO THE JURY FOR AN ADVISORY VERDICT.

As an initial matter, it appears fairly (though not entirely) clear that Slidell has conceded that it has no right to a jury trial on its promissory estoppel claim. (Slidell Memo. at 1-2.) Slidell must concede as much because that is the clear holding of *Olson v. Synergystic Tech. Bus. Sys., Inc.*, 628 N.W.2d 142 (Minn. 2001).

In addition, the cases cited by Slidell on page 2 its memorandum are merely *examples* of cases in which trial courts have utilized advisory juries on promissory estoppel claims. None of

DN 242 275

the cases applying Minnesota law address the crucial question at issue here -- whether the promissory estoppel claim *should be* submitted to the jury. Only one case touched on the issue, but it was applying Nebraska law. *See Roeder v. Metropolitan Ins. and Annuity Co.*, 236 F.3d 443 (8th Cir. 2001). The Minnesota cases can be explained by the fact that all of them pre-date the Minnesota Supreme Court's 2001 decision in *Olson*. Prior to *Olson*, the conventional wisdom was that promissory estoppel claims should be tried to a jury. *See* 4 *Minnesota Practice: Jury Instruction Guides* -- *Civil* § 20.50, at 73-74 (West 1999).

The remainder of this part of Slidell's memorandum argues only that a promissory estoppel claim *may* be submitted to a jury for an advisory verdict. Slidell makes no affirmative arguments *why* the promissory estoppel claim in *this* case *should be* submitted to the jury. Thus, Slidell has failed to respond to Millennium's arguments that the factual and legal issues already are complex enough and difficult enough, and that the trial already will be long enough, such that the Court should not impose additional, unnecessary burdens on the jurors.

## II. THE PROMISSORY ESTOPPEL CLAIM IS FAIRLY SEPARATE FROM THE OTHER CLAIMS SUCH THAT THE COURT MAY RECEIVE EVIDENCE AND ARGUMENT ON THAT CLAIM OUTSIDE THE JURY'S PRESENCE.

Slidell makes certain fact-based arguments that deserve a quick response. First, Slidell uses the term "bifurcation" repeatedly in its memorandum. To be clear, Millennium is not suggesting a trial in which there are two phases, to be conducted in series. Rather, as explained in the letter brief submitted earlier today, Millennium is merely suggesting that evidence related solely to the issue of promissory estoppel be presented to the Court, outside the jury's presence, either at the end of some trial days or on days when the jury is not asked to appear at the courthouse.

Second, Slidell argues that "[m]any of Millennium's witnesses" with "critical knowledge on Slidell's estoppel claim" are "coming from out-of-state, and are no longer employed by Millennium, making Slidell's ability to subpoena them tenuous at best." (Slidell Memo. at 3.) Slidell's statement is incorrect as a factual matter. Of the five persons mentioned, only Mark Ramsay and Michael Brewer no longer are working for Millennium. Mr. Sands, Mr. Root, and Mr. Hughes are represented by Millennium's counsel and will be made available, as necessary, to testify to the Court concerning their knowledge of Slidell's promissory estoppel claims. It is unclear whether Mr. Brewer will voluntarily appear, though Slidell was planning to introduce his deposition testimony, which can be played to the Court anytime. If Mr. Brewer does appear, there are many ways to ensure that he remains available to testify to the Court concerning promissory estoppel issues. Furthermore, Slidell's argument rings hollow given that, in its summary judgment memorandum, Slidell did not cite *any* deposition testimony of Mr. Sands or Mr. Hughes on the promissory estoppel issue.

Third, Slidell also argues that its own witnesses on the issue -- Jim McGregor, Phil Williams, and Art Cobb -- may have to testify twice. That will impose little additional burden on them. Mr. McGregor will be Slidell's company representative throughout the trial. Also, Slidell's counsel previously indicated that Mr. Williams often will be present at trial. As for Mr. Cobb, Slidell's argument is based on the erroneous assumption that Mr. Cobb has "specialized knowledge" to offer with respect to the promissory estoppel claim. *See* Fed. R. Evid. 702. In any event, his office is located in downtown Minneapolis.

Fourth, Slidell's response to the *Pioneer Hi-Bred* case -- that it involved an equitable defense, not an equitable claim -- is the proverbial distinction without a difference. The policies that were thoroughly articulated in *Pioneer*, as well as in *THK* and *Wise*, should persuade the

Court that an advisory jury has many drawbacks and no redeeming virtues. This is especially so given that Slidell has cited no caselaw specifically addressing the same issue.

Fifth, the weakness of Slidell's argument is best illustrated by its argument that to separate out its promissory estoppel evidence would cause prejudice *to Slidell* on its other claims. (Slidell Memo. at 4.) That argument is ridiculous because it is completely inconsistent with the principle that the jury should hear only the evidence that is relevant to the issues it must decide. *See* Fed. R. Evid. 401, 402, 403. To the extent Slidell has evidence that is relevant to the legal issues that the jury must decide, and not otherwise inadmissible, the Court will not be foreclosed from admitting that evidence. Millennium merely seeks a ruling that evidence that is irrelevant to the breach-of-contract claims and the trade secret claims not be admitted into evidence in the jury's presence.

Sixth, Slidell argues that, to ensure a proper understanding of Slidell's reliance, Slidell must be permitted to introduce evidence of the discount on the contract price. (Slidell Memo. at 4-5.) Slidell's argument fails to appreciate that *the Court* will be the fact-finder on the promissory estoppel claim. The Court will hear *all* the evidence. Thus, the Court can consider the discount (for whatever evidentiary value it has) when determining the promissory estoppel claim. Slidell does not argue that evidence related to European support is necessary to the jury's findings on the issue of the discount. The relevant question is *not* what the Court *should* hear (since it will hear everything) but what the *jury* should *not* hear.

Seventh, Slidell argues that it should be permitted to put on evidence to show that Slidell wanted to deliver the equipment to Millennium so as to ensure the success of its European operations. (Slidell Memo. at 5.) There is no reason why the Court cannot apply Rules 401, 402, and 403 the Federal Rules of Evidence in the usual way to any such evidence offered by

Slidell. What Millennium seeks to prevent is a scenario in which Slidell has free reign to inform the jury of any evidence relevant to the promissory estoppel, even if it is irrelevant to the legal issues.

Eighth, Slidell argues that the jury should be permitted to consider the enforceability of Change Order No. 5 in the context of Millennium's "own repeated insistence . . . that unexecuted agreements are unenforceable." (Slidell Memo. at 5.) This argument is essentially an *admission* by Slidell that it wants the jury to conflate the legal, contract issues with the equitable, promissory estoppel issues. Slidell's arguments should be flatly rejected to the extent that they seek to create confusion rather than prevent it.

Ninth, Slidell argues that some of its damages on its trade secrets claim relate to support services. (Slidell Memo. at 6.) But Slidell does *not* argue that any of those support services are *European* support services. Therefore, they are not part of Slidell's promissory estoppel claim.

Tenth and finally, Millennium notes that nowhere in Slidell's memorandum does Slidell respond to Millennium's observation (as presented in its letter brief) that, at the time of summary judgment, Slidell presented the facts supporting its promissory estoppel claim to the Court in a completely segregated manner. At that time, Slidell was attempting to present a clear factual picture to enhance its prospects on summary judgment. Now, however, Slidell is attempting to "mush" all the evidence together, which will make the facts murky and confusing for the fact-finder at trial. Slidell fails to explain its inconsistency.

## CONCLUSION

For the foregoing reasons, Millennium respectfully requests that the Court deny Slidell's Motion to Present Promissory Estoppel Claim to Jury.

Dated: January 10, 2005

HALLELAND LEWIS NILAN & JOHNSON, P.A.

By: s/ Matthew E. Johnson


Michael T. Nilan Reg. No. 79224
Scott A. Smith Reg. No. 174026
Matthew E. Johnson Reg. No. 235945
Amanda M. Cialkowski Reg. No. 306514
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-1838

Attorneys for Defendant and Counterclaimant
Millennium Inorganic Chemicals Inc.