UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Slidell, Inc.,

Plaintiff,

v.

Millennium Inorganic Chemicals, Inc.,

Defendant.

Court File No. 02-CV-213 (JRT/FLN)

**SLIDELL'S MEMORANDUM IN SUPPORT OF ADMITTING EVIDENCE**

---

Millennium seeks to prohibit Slidell from allowing its witnesses to address documents not authored by the witness. If the Court follows Millennium's suggestion, the trial will grind to a halt. Because the vast majority of documents are self-identifying and were produced during discovery, the party seeking to admit them into evidence need not establish any additional foundation.[1] In other words, a party cannot object to a document on the ground that "the author is not here." *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988). The Court should therefore allow Slidell to introduce such evidence without establishing any additional foundation unless there is an issue as to authenticity.

**1. The Vast Majority of Documents Contain Sufficient Self-Identifying Information to Independently Establish Their Foundation.**

Rule 901(a) of the Federal Rule of Evidence requires only "evidence sufficient to support a finding that the matter in question is what the proponent claims." Fed. R. Ev. 901(a). "The party authenticating a document need only prove a rational basis for that party's claim that the

---

[1] No reason exists for excluding the documents as hearsay. First, as business records, they are not hearsay. Fed. R. Ev. 803(6). In addition, the majority of the documents are not hearsay because they are statements by a party opponent, Fed. R. Ev. 801(d)(2); *Architectural Iron Workers Local No. 63 Welfare Fund v. United Contractors*, 46 F. Supp.2d 769, 772 (N.D. Ill. 1999); *In re Homestore.com, Inc. Securities Litig.*, 2004 WL 2792461 *6 (C.D. Cal. 2004), or an admission. Fed. R. Ev. 802(d); *United States v. Siddiqui*, 235 F.3d 1318, 1323 (8th Cir. 2000).

document is what it is asserted to be." *United States v. Wadena*, 152 F.3d 831, 854 (8th Cir. 1998). Among other things, authenticity can be proved by evaluating "[a]ppearance, contents, substance, internal patterns or other distinctive characteristics, taken in conjunction with circumstances." Fed R. Ev. 901(b)(4). In addition, a party need not rely on extrinsic evidence to authenticate evidence that contains "[i]nscriptions, signs, tags, or labels purporting to have been affixed in the course of business and indicating ownership, control, or origin." Fed. R. Ev. 902. The district has discretion to determine authenticity of evidence. *United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000). Because the vast majority of documents that Slidell seeks to admit are self-identifying, they should be admitted as a matter of course.

All e-mails should be automatically admitted because they contain substantial self-identifying information. In addition to the content of the e-mails, which identifies the sender, receiver, date and time, the e-mails also contain substantial metadata verifying that they are what they are claimed to be including: the identity and computer database of the sender and recipient, the identity and computer database of all prior senders and receivers of forwarded e-mails, and the date and time the e-mail was sent and received. *See Siddiqui*, 235 F.3d at 1322 (e-mail with party's e-mail address, content, and context is sufficiently authenticate). The authenticity of the e-mails in this case are bolstered by the fact that Slidell, Millennium, RoviSys and other companies secure their computer systems with password protections to ensure that no one can access their employee's e-mail without authorization. As such, all e-mails should be admitted into evidence. *In re Homestore.com, Inc. Securities Litig.*, 2004 WL 2792461 *6 (C.D. Cal. 2004); *Superhighway Consulting, Inc. v. Techwave, Inc.*, 1999 WL 1044870 *2 (N.D. Ill. 1999) ("It appears from reviewing the e-mails and facsimiles in question, however, that they are self-authenticating.").

All other documents should be admitted without further foundation if there is sufficient evidence to support that they are what they are claimed to be. *United States v. Rue*, 819 F.2d 1488, 1494 (8th Cir. 1987) (holding that authenticity of patient cards could be established independently from the Doctor's testimony). For example, all documents and memoranda produced with self-identifying characteristics, such as letters and memoranda written on a party's letterhead, are properly deemed self-identified. *Wadena*, 152 F.3d at 853-54 (8th Cir. 1997) (check, check stub with partially-erased notation are authentic); *Maljack Productions, Inc. v. Goodtimes Home Video Corp.*, 81 F.2d 881, 889 n. 12 (9th Cir. 1996) (document prepared on letterhead are authentic); (*Denison v. Swaco Geolograph Co.*, 941 F. 2d 1416, 1423 (10th Cir. 1991) (citing cases) (same); *Snyder*, 839 F.2d at 1089 (5th Cir. 1988) (notes of manager are authentic); *New Orleans Saints v. Griedesdieck*, 612 F.Supp. 59, 62 (E.D. La. 1985) (documents prepared on letterhead are authentic).

**2. Documents Produced During Discovery Are Self-Identified.**

The fact that a document is found in a party's possession and is produced in response to a discovery request is sufficient grounds to independently conclude that the document is authentic. *Resolution Trust Corp. v. Eason*, 17 F.3d 1126, 1130 (8th Cir. 1994). The Ninth Circuit explained, "Although for some of the exhibits there was additional authentification, in this case the district court could properly have found that all of the exhibits were adequately authenticated by the fact of being found in Premier et al.'s warehouse." *Burgess v. Premier Corp.*, 727 F.2d 826, 835 (9th Cir. 1984). This rule is widely followed. *In re Homestore.comn*, 2004 WL 2792461 *6 (C.D. Cal. 2004) ("Although none of these documents have affidavits from the actual authors laying the foundation that the emails are what they purport to be, these documents are deemed authentic because Plaintiff identified the documents as being produced by parties in

discovery."); *Architectural Iron Workers Local No. 63 Welfare Fund v. United Contractors*, 46 F. Supp.2d 769, 772 (N.D. Ill. 1999) ("[D]ocuments produced in response to discovery are self-identifying."); *Laborers' Pension Fund v. Certified Midwest Constr., Inc.*, 1998 WL 729470 * 5 (N.D. Ill. 1998) ("Courts have found that production of documents by a defendant from its own files is sufficient to justify a finding of authentification.") (citations omitted); *McKenna v. Pacific Rail Serv.*, 817 F.Supp. 498, 514 (D.N.J. 1993) (documents deemed authentic when they were produced in discovery and prior access to documents by all parties).

**3. It is Proper to Admit All Documents That Are Self-Identifying or Produced During Discovery.**

If the Court were to evaluate each document introduced into evidence for sufficient foundation, especially those containing self-identifying information or those produced by another party during discovery, the trial would be substantially delayed. It is therefore appropriate to rule on the evidence as a general category. *See, e.g. Berczyk v. Emerson Tool Co.*, 291 F. Supp.2d 1004, 1014 and n. 11 (D. Minn. 2003) (Erickson, M.J.) ("We deliberately refrain from a document-by-document assessment of the Plaintiff's proffered Exhibits, as most do not warrant such attention…. By and large, the Exhibits are self-authenticating, as they either bear the legend of Emerson, or they otherwise reflect their origin."). The Court should allow Millennium to object to self-identified documents or documents produced in discovery only if Millennium can offer a specific justification for believing the documents to be untrustworthy. *Burgess*, 727 F.2d at 835-36.

## CONCLUSION

For the reasons set forth, the Court should allow Slidell to introduce business records evidence without further authentication the document unless there is credible evidence that the document is not what it purports to be.

Dated: January 13, 2005

s/ Jeffrey W. Post
Thomas S. Fraser (#31641)
Jeffrey W. Post (#271883)
Jeffrey W. Jones (#311418)
Wade S. Davis (#326860)
FREDRIKSON & BYRON, P.A.
4000 U.S. Bank Plaza
200 South Sixth Street
Minneapolis, MN 55402-1425
Telephone: (612) 492-7028/492-7193
Facsimile: (612) 492-7077

ATTORNEYS FOR SLIDELL, INC.

#3066018\1