**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Slidell, Inc.,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>Millennium Inorganic Chemicals Inc.,<br><br>Defendant and Counterclaimant. | ) | Court File No. 02-CV-213 (JRT/FLN)<br><br>**MILLENNIUM'S MEMORANDUM IN SUPPORT OF OBJECTIONS TO THE ADMISSIBILITY AND MANNER OF USE OF CERTAIN SLIDELL EXHIBITS** |

## INTRODUCTION

During the first week of trial, Slidell offered several exhibits that had no connection to the witness on the witness stand at the time the exhibit was offered. The Court overruled Millennium's objections to the exhibits on the ground that, as Slidell argued, the documents were self-identifying and, thus, could be authenticated without the testimony of a witness. The Court, however, sustained Millennium's objections to the witness's giving testimony about an exhibit without personal knowledge of the exhibit. But the Court overruled Millennium's objections to the manner in which Slidell's counsel displays exhibits to the jury.

Millennium submits this brief to address the evidentiary issues that have arisen and the evidentiary issues that likely will arise in the future. First, Millennium is concerned that Slidell will, in future portions of the trial, attempt to introduce exhibits that are *not* self-identifying and about which the sponsoring witness does *not* have personal knowledge. Slidell's asserted basis for admitting exhibits would not apply in that situation. Second, Millennium is concerned that Slidell will attempt to introduce exhibits that contain hearsay but do not fall within the "business records" exception to the hearsay rule. Rule 803(6) is not broad enough to encompass all

exhibits that Slidell will offer. Third, Millennium is concerned that Slidell will continue to publish exhibits to the jury even when the witness on the stand has no personal knowledge of the exhibit. Slidell's manner of presenting its documentary evidence to the jury is likely to confuse and mislead the jury and will unduly prolong this trial.

## ARGUMENT

### I. THE COURT SHOULD REQUIRE SLIDELL TO LAY A FOUNDATION FOR EXHIBITS THAT ARE NOT SELF-IDENTIFYING.

Slidell has argued that "[t]he vast majority of documents contain sufficient self-identifying information to independently establish their foundation." (Slidell Memo. in Support of Admitting Evidence (Dkt. No. 337, Jan. 13, 2005) at 1 (hereinafter, "Slidell Memo.").) This statement is essentially a concession by Slidell that *not all* of its exhibits are self-identifying. Millennium agrees generally that some number of Slidell's exhibits do not require the testimony of a witness to be authenticated, such as exhibits that bear "distinctive characteristics," *see* Fed. R. Evid. 901(b)(4). Thus, Millennium has refrained from objecting to the admission of exhibits for which no additional foundation is needed. However, Millennium's general agreement with the principles articulated in Slidell's memorandum should not result in a broad, sweeping ruling that *all* exhibits offered by Slidell should be admitted into evidence.

For example, Slidell states that "letters and memoranda written on a company's letterhead" may be self-identifying. (*See* Slidell Memo. at 3 (citing *Maljack Productions, Inc. v. Goodtimes Home Video Corp.*, 81 F.2d 881, 889 n. 12 (9th Cir. 1996) (holding that document prepared *on letterhead* is authentic); *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1423 (10th Cir. 1991) (same); *New Orleans Saints v. Griedesdieck*, 612 F. Supp. 59, 62 (E.D. La. 1985) (same)). But that proposition necessarily implies that, for example, letters or memoranda *not* on company letterhead are *not* self-identifying.

Slidell further argues that its exhibits may be authenticated merely by the fact that they were produced by Millennium during discovery. (*See* Slidell Memo. at 3-4.) Slidell overstates the point. Although documents that are *self-identifying*, or have been *identified* by a witness, may be sufficiently authenticated by the fact that Millennium produced it, documents that have *not* been so identified cannot be authenticated merely by naming their source. There is nothing to the contrary in *Resolution Trust Corp. v. Eason*, 17 F.3d 1126 (8th Cir. 1994), which Slidell cites, (*see* Slidell Memo. at 3). In *RTC*, the Eighth Circuit concluded that a document had been authenticated merely because "[c]ounsel for RTC conceded the genuineness of these two exhibits, satisfying the authentication requirement of Fed. R. Evid. 901." *Id.* at 1131.

In addition, Slidell's reliance on *Berczyk v. Emerson Tool Co.*, 291 F. Supp. 2d 1004 (D. Minn. 2003), also is misplaced because the quotation on page 4 of Slidell's memorandum is taken out of context. The Court in *Berczyk* merely was deciding whether to grant the plaintiffs' motion for leave to amend the complaint to allege punitive damages. *Id.* at 1012. The Court stated that it would not conduct a "document-by document assessment" of the proffered exhibits merely because the defendant was not asserting a foundation objection to any of the exhibits. *Id.* at 1012 n.11. The case cannot reasonably be read to support an argument that Millennium's objections to Slidell's exhibits should be overruled.

Thus, Millennium simply asks the Court to refrain from making a sweeping ruling that all documents Slidell will offer are self-identifying and to consider any objections Millennium may make on the basis of authenticity or foundation.

## II. THE COURT SHOULD REQUIRE SLIDELL TO LAY A PROPER FOUNDATION FOR EXHIBITS THAT ARE OFFERED PURSUANT TO THE BUSINESS RECORDS EXCEPTION TO THE HEARSAY RULE.

Even if an exhibit has been authenticated, it still must overcome any hearsay objections. *See* Fed. R. Evid. 802; *see also United States v. Helmel*, 769 F.2d 1306, 1312 (8th Cir. 1985). Slidell's memorandum appears to say, in an exceedingly broad manner, that the "vast majority" of its exhibits will satisfy the business records exception to the hearsay rule. (*See* Slidell Memo. at 1 n.1.)

### A. Some of Slidell's Exhibits Are Not Within the Business Records Exception to the Hearsay Rule.

The Court should note that not all documents within a party's possession fall within the "business records exception" to the hearsay rule. Under the "business records exception," a document can overcome a hearsay objection if (1) it was kept in the course of a *regularly conducted* business activity; (2) it was the *regular practice* of that business activity to make the record; and (3) the source of the information or the method of circumstances of preparation does not indicate a lack of trustworthiness. *See* Fed. R. Evid. 803(6). For example, time-card entries or reports produced by an electronic inventory recording system may fall within the business record exception. *See United States v. Turner*, 189 F.3d 712, 720 (8th Cir. 1999) (timecards); *Monotype Corp. v. International Typeface Corp*., 43 F.3d 443, 450 (9th Cir. 1994) (electronic inventory recording system prepared in the course of business).

Slidell likely will offer exhibits such as notes and internal memorandums. Admitting such documents under the business records exception would be improper unless the documents are regularly kept in the course of some regularly conducted business activity. An individual's personal notes, however, usually falls outside the business records exception due to a lack of regularity. For example, in *Hospital Television, Inc., v. Wells Television, Inc.*, 462 F.2d 417 (8th

Cir. 1972), the appellant argued that the trial court erred in excluding "longhand notes" that appeared to describe telephone calls made to potential customers. Because there was no evidence that such notes were made by the individual regularly or in response to a regularly conducted business activity, the court affirmed the trial court's decision to exclude the evidence, holding that they did not fall within the business records exception. *See id.* at 421.

Similarly, in *City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 936 (9th Cir. 1995), the plaintiff sought to admit the handwritten notes of a senior employee, who testified at trial that he had made the notes for himself to organize his thoughts. The court declined to admit the notes because they were not business records but rather "self-reflective musings about the state of affairs." *Id*. at 937; *see also United States v. Robinson*, 700 F.2d 205, 210 (5th Cir. 1983) (refusing to admit notes of employee without evidence that notes were regularly created by employee as part of official duties).

Also falling outside the business records exception are documents reflecting the statements of others, *see Wilander v. McDermott International, Inc.*, 887 F.2d 88, 91-92 (5th Cir. 1990) (writing made by barge captain reflecting statements of crewmen); letters not regularly kept, *see Square Liner 3600, Inc. v. Chisum*, 691 F.2d 362, 369-70 (8th Cir. 1982) (letter received by offering party where letters were not routinely kept); and reports not made in the regular course of business, *see Monotype Corp.*, 43 F.3d at 449-50 (report reflecting impressions of witness made for review by a few people).

To the extent that Slidell offers exhibits pursuant to Rule 803(6), Slidell must lay the appropriate foundation to establish that the exhibit is a business record. *See City of Long Beach*, 46 F.3d at 937 (holding that proponent of evidence bears burden of laying proper foundation). The witness giving the testimony must be "familiar with the recordmaking practices of the

business and with the manner in which records of the particular sort being offered are made and kept." Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence: Hearsay* § 445 (2d ed. West 2004); *see also Robinson*, 700 F.2d at 209-10 (excluding employee's notes because there was no evidence that employee regularly compiled such notes as part of official duties and no evidence that it was regular practice of employer to have such notes made).

### B. Some of Slidell's Exhibits Do Not Qualify for the Business Records Exception to the Hearsay Rule Because They Were Made With Knowledge that Litigation Was Foreseeable.

Even if an exhibit satisfies the first two requirements of the business records exception, the document nonetheless must be excluded if "the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Fed. R. Evid. 803(6). In considering whether circumstances "indicate a lack of trustworthiness," courts have considered whether the possibility of future litigation may have been a motive for creating the record or its contents.

For example, in *Palmer v. Hoffman*, 318 U.S. 109 (1943), the defendant offered an accident report made by a railroad engineer. The court of appeals had noted that the engineer's statement was "dripping with motivations to misrepresent." *Hoffman v. Palmer*, 129 F.2d 976, 991 (2d Cir. 1942). The Supreme Court concluded that the report was inadmissible because it was not kept "in the regular course of business" but, instead, was prepared for use in litigation. *See* 318 U.S. at 113-15. Accordingly, the courts have held that when such an exhibit is offered by the party at whose instance the document was made, it does not satisfy the business records exception. *See, e.g., Scheerer v. Hardee's Food Systems, Inc.*, 92 F.3d 702, 706-07 (8th Cir. 1996) (holding that report of slip and fall was not within Fed. R. Evid. 803(6) because it was made with knowledge that the incident could result in litigation); *Echo Acceptance Corp. v.*

*Household Retail Services, Inc.*, 267 F.3d 1068, 1090 (10th Cir. 2001) (holding that letter was not trustworthy because writer engaged in pre-litigation "legal posturing"); *Certain Underwriters at Lloyd's of London v. Sinkovich*, 232 F.3d 200, 205 (4th Cir. 2000) ("The absence of trustworthiness is clear . . . when a report is prepared in the anticipation of litigation because the document is not for the systematic conduct and operations of the enterprise but for the primary purpose of litigating.").

Millennium anticipates that Slidell will offer exhibits that contain hearsay, were made at a time when Slidell expected (or was planning) litigation, and are extremely self-serving such that they "indicate a lack of trustworthiness," *see* Fed. R. Evid. 803(6). Millennium will object to such exhibits and will ask Court to exclude them from evidence.

## III. THE COURT SHOULD LIMIT THE MANNER IN WHICH SLIDELL'S EXHIBITS ARE PRESENTED TO THE JURY.

During the first two days of trial, Slidell's counsel asked Slidell's first witness, Jim McGregor, to read aloud portions of exhibits admitted into evidence without asking any follow-up question concerning the portion read. The Court sustained Millennium's objection to that means of presenting the exhibit to the jury. Slidell then proceeded to display exhibits to the jury via the four electronic monitors in the jury box, without eliciting any testimony from the witness concerning the portion of the exhibit that was displayed. The Court overruled Millennium's objections to that practice.

Millennium urges the Court to take a different approach upon future objections to this manner of using the exhibit. Slidell's practice is objectionable for several reasons.

First, when the witness on the stand has no personal knowledge of an exhibit, displaying the exhibit to the jury is an inappropriate circumvention of Rule 602. *See Kemp v. Balboa*, 23 F.3d 211, 213-14 (8th Cir. 1994) (holding that testimony of witness "based not upon her personal

knowledge of the facts about which she testified, but solely upon what she had read in the medical records prepared by others" was reversible error); *Kern v. Levolor Lorentzen, Inc.*, 899 F.2d 772, 780-81 (9th Cir. 1990) (holding that witness could not give testimony concerning meaning of exhibit for which witness "lacked personal knowledge"). The practice tends to give the jury the impression that the witness has personal knowledge of the exhibit when, in fact, he may not, thus confusing and misleading the jury. *See* Fed. R. Evid 403. Accordingly, courts have held that an exhibit should not be read or displayed to the jury when the substance of the exhibit is not otherwise incorporated into the witness's testimony. *See, e.g., United States v. Sorrentino*, 726 F.2d 876, 885 (1st Cir. 1984) (holding that trial court properly refused to allow counsel to read excerpt of exhibit to jury where "such a reading was . . . outside the limited purpose for which the excerpt had been admitted"); *United States v. Moskowitz*, 215 F.3d 265, 271 (2d Cir. 2000) (holding that trial court properly refused to allow witness to read aloud from letters that non-party had sent to the government because of witness's lack of personal knowledge).

Second, Slidell's manner of presenting the exhibit to the jury also is an inappropriate circumvention of Rule 612, which prohibits the reading of a document to the jury if the document is used merely to refresh the witness's recollection. *See Kemp,* 23 F.3d at 213 (holding that witness's reading into evidence portions of document meant to refresh her recollection was reversible error); *United States v. Cheyenne*, 558 F.2d 902, 905 (8th Cir. 1977) (stating that "a witness, under the guise of refreshing recollection, cannot place before the jury a document that has no basis for admission in[to] evidence"); *Goings v. United States*, 377 F.2d 753, 761 (8th Cir. 1967) ("to read the statement aloud for refreshing recollection to the witness . . . is patent error"). Slidell frequently uses exhibits merely to prompt Mr. McGregor's

testimony on various subjects within his personal knowledge. In doing so, Slidell is improperly merging the substance of the document with the substance of Mr. McGregor's testimony, which has a tendency to confuse and mislead the jury into thinking that Mr. McGregor previously had seen or considered the document. *See* Fed. R. Evid 403.

Third, Slidell's practice is improper because it will cause the jury to give undue emphasis to the evidence Slidell chooses to display to the jury without any accompanying testimony. Slidell's counsel is, of course, free to emphasize certain evidence during closing arguments. But Slidell's counsel should *not* be allowed to give a lawyer-dominated presentation of evidence during Slidell's case-in-chief, especially when the witness on the stand is not competent to give testimony concerning the matters being shown to the jury. *See Sorrentino*, 726 F.2d at 885 (holding that trial court properly refused to allow counsel to read excerpt of exhibit to jury where such a reading "might well have led the jury to give [it] undue weight").

Fourth, Slidell's manner of using exhibits is certain to unduly extend the length of trial. Rule 611(a) expressly gives a trial judge power to control the manner in which evidence is presented to "avoid needless consumption of time." Fed. R. Civ. P. 611(a)(2). Slidell's Third Amended Exhibit List includes approximately 1,000 exhibits, yet Slidell has listed only four fact witnesses who may be called to the witness stand during its case-in-chief. It appears that Slidell intends to present a vast quantity of evidence to the jury visually, without regard for whether any witness can provide competent testimony about the exhibits. The Court should severely limit this means of presenting evidence to ensure that the evidence is admitted in a manner that does not entail a "needless consumption of time," Fed. R. Evid. 611(a)(2).

**CONCLUSION**

For the foregoing reasons, Millennium respectfully requests that the Court consider these principles, to the extent they are applicable, upon Millennium's objections to Slidell's evidence.

Dated: January 17, 2005

HALLELAND LEWIS NILAN & JOHNSON, P.A.

By: __s/ Matthew E. Johnson____________________

Michael T. Nilan Reg. No. 79224
Scott A. Smith Reg. No. 174026
Matthew E. Johnson Reg. No. 235945
Amanda M. Cialkowski Reg. No. 306514
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-1838

Attorneys for Defendant and Counterclaimant Millennium Inorganic Chemicals Inc.