UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Slidell, Inc.,

Plaintiff,

v.

Millennium Inorganic Chemicals, Inc.,

Defendant.

Court File No. 02-CV-213 (JRT/FLN)

**SLIDELL'S MEMORANDUM IN OPPOSITION TO CONCURRENT DELAY JURY INSTRUCTION**

---

Millennium seeks to include a jury instruction on the "doctrine of concurrent delay" stating that Slidell cannot prove the elements of breach of contract if its own actions contributed to the delays on the project. (Docket 190, No. 21 (Millennium's Jury Instructions)) The Court should not give this instruction because the doctrine is based in government and construction contract law and not the U.C.C., the notion of causation is articulated in Slidell's breach of contract instruction, and the instruction will confuse the jury.

The doctrine of concurrent delay applies only to government and construction contracts, not U.C.C. cases like this one. The cases cited by Millennium confirms this. *See Morganti Nat'l, Inc. v. United States*, 49 Fed Cl. 110 (C. Cl. 2001) (government contract); *Essex Elecro Engineers, Inc. v. Danzig*, 224 F.3d 1283 (Fed. 2000) (government contract); *Marino Constr. Co. v. Renner Architects*, 571 N.W.2d 923 (Wis. App. 1997) (government building construction contract); *Broward County v. Russel, Inc.*, 589 So.2d 983 (Fl. Ct. App. 1992) (government contract); *Malta Const. Co. v. Henningson, Durham & Richardson, Inc.*, 694 F. Supp. 902) (N.D. Ga. 1988) (bridge construction contract); *S.O.G-San Ore-Gardner v. Missouri Pacific Railroad Co.*, 658 F.2d 562 (8th Cir. 1981) (bridge construction contract); *M.C. Anderson v. Golden*, 569 F. Supp. 122 (S.D. Ga. 1982) (shopping center construction contract); *J.A. Jones Const. Co.*, 332

F. Supp. 1336 (N.D. Ga. 1971) (shopping center construction contract). Because the doctrine is inapplicable in the facts of this case, it should not be given to the jury.

The concept of causality is already assumed within the standard breach of contract jury instructions and any additional instruction would be redundant. Millennium does not need an additional instruction to argue that it did not breach the contract because Slidell was the party responsible for delay.

Finally, an instruction on the doctrine of concurrent delay will confuse the jury because several of Slidell's breach theories entitle Slidell to collect damages even if it was partially responsible for project delays. For example, even if Slidell is partially responsible for delays in the project, it is entitled to damages for breach if Millennium's delays were made in bad faith. *See In re Hennepin County 1986 Recycling Bond Litigation*, 540 N.W.2d 494, 402 (Minn. 1995); *Zobel and Dahl Constr. v. Crotty*, 356 N.W.2d 42, 45 (Minn. 1984). Slidell is also entitled to damages for breach if Millennium anticipatorily repudiated the contract or failed to seasonably specify the terms of the Contract. Minn. Stat. §§ 336.2-610; 336.2-311. If the Court were to give the concurrent delay instruction, the jury may incorrectly assume that Slidell is not entitled to recover based on these breaches of contract.

For these reasons, the Court should not issue a jury instruction regarding the doctrine of concurrent delay.

Dated: January 24, 2005

/s Wade S. Davis
Thomas S. Fraser (#31641)
Jeffrey W. Post (#271883)
Jeffrey W. Jones (#311418)
Wade S. Davis (#326860)
FREDRIKSON & BYRON, P.A
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Tele: (612) 492-7000/Fax: (612) 492-7077
**ATTORNEYS FOR SLIDELL, INC**