UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Slidell, Inc.,

Plaintiff,

v.

Millennium Inorganic Chemicals, Inc.,

Defendant.

Court File No. 02-CV-213 (JRT/FLN)

**SLIDELL'S MEMORANDUM IN OPPOSITION TO MILLENNIUM'S JURY INSTRUCTION ON DAMAGES**

---

## INTRODUCTION

Millennium proposes a jury instruction that amounts to a recitation of portions of the limitation of liability provision in the contract. (Docket 190, No. 23 (Millennium's Jury Instructions)) Such an instruction is unnecessary, misstates the terms of the limitation of liability provision, and will likely confuse the jury. The Court is capable of modifying any jury award to be consistent with the limitation of liability provision after the jury's verdict.

Millennium also proposes a jury instruction requiring the jury to offset damages with the monies already paid to Slidell. This instruction is unnecessary because Slidell's damages claim takes into account the money that Millennium has already paid to Slidell, and no witnesses will testify or introduce evidence of damages that ignores the money Millennium paid. In addition, the instruction misstates the terms of the provision and will likely confuse the jury.

## ARGUMENT

### I. THE COURT SHOULD NOT INSTRUCT THE JURY ON THE LIMITATION OF LIABILITY PROVISIONS IN THE CONTRACT.

Millennium's proposed instruction No. 23 (Damages on Slidell's Breach of Contract Claim), contains an instruction regarding the limitation of liability provision. Millennium's proposed instruction states:

> Millennium and Slidell have agreed by contract that Slidell's damages are limited to "direct" damages up to the value of the contract. Direct damages are those that arise naturally in the usual course of things from the breach itself and include monies attributable to: the cost of manufacturing, shipping, and storage; vendor restocking or other such charges, full burden and overhead; design and engineering; general, administrative and selling expenses; and costs of capital and lost profits for this contract. Slidell is not entitled to any indirect, incidental, consequential, or punitive damages nor is it entitled to damages for lost profits or lost business opportunities from either Millennium (unless related to this contract) or third parties.

(Docket No. 290, No. 23). Notably, this instruction does not track the terms of the agreement or the instruction relating to Millennium's breach of contract claims. (Docket No. 290, No. 16)

**A. Millennium's Proposed Instruction is Wrong and Incomplete**

As a threshold matter, Millennium's proposed instruction is incomplete and incorrect. As worded, the instruction appears to limit Slidell from receiving direct damages for its breach of contract claims. To the contrary, the limitation of liability provision does not apply to breaches of the "Proprietary Information Agreement" or the "Software Licensing Agreement." If the Court includes an instruction that Slidell is limited to direct damages arising out of a breach of contract, it should include separate instructions specifically stating that Slidell's damages arising out of a breach of the nondisclosure and software agreements are not subject to the same limitations.

**B. The Court Should Not Instruct the Jury on the Limitation of Liability.**

The application of a limitation of liability provision is for the Court to enforce after the verdict is returned. See e.g. Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1069 (8th Cir. 2000) (district court reduced verdict consistent with limitation of liability provision). Accordingly, consistent with this practice, the Court should not submit any instruction regarding limitation of liability to the jury.

**C. An Instruction on Limitation Liability Will Unnecessarily Confuse the Jury.**

Millennium's instruction will confuse the jury because Slidell does not intend to offer any evidence that is barred by the limitation of liability provision.

## II. THE COURT SHOULD NOT INSTRUCT THE JURY TO OFFSET THE AMOUNT PAID TO SLIDELL FROM SLIDELL'S DAMAGES.

Again, Slidell's damages take into account the amount of money Millennium has paid under the contract. Millennium's proposed instruction will only confuse the jury. Accordingly, the jury should not be instructed to offset the money it has paid.

## CONCLUSION

For the foregoing reasons, the Court should not instruct the jury on the limitation of liability provision or to offset the amount of money paid to Slidell.

Dated: January 26, 2005

s/ Jeffrey W. Jones
Thomas S. Fraser (#31641)
Jeffrey W. Post (#271883)
Jeffrey W. Jones (#311418)
Wade S. Davis (#326860)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

ATTORNEYS FOR SLIDELL, INC.

#3069832\1