UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Slidell, Inc.,

Plaintiff,

v.

Millennium Inorganic Chemicals, Inc.,

Defendant.

Court File No. 02-CV-213 (JRT/FLN)

**SLIDELL'S MEMORANDUM IN SUPPORT OF ITS PROPOSED JURY INSTRUCTION ON PROMISSORY ESTOPPEL DAMAGES**

---

## INTRODUCTION

In its Proposed Jury Instruction No. 32, Millennium erroneously assumes that Slidell is limited to recovering reliance damages on its promissory estoppel claim. In fact, the law permits Slidell to recover the full benefit of its bargain. Therefore, the Court should give the jury Slidell's Proposed Jury Instruction No. 24, which permits the jury to award all the remedies available to Slidell under Minnesota law.

## ARGUMENT

Slidell should be made whole for the damage it suffered as a result of Millennium's broken promises. Accordingly, Minnesota law permits Slidell to recover expectancy damages – specifically, the amount it would have earned providing long-term European support to Millennium as Millennium promised – in connection with its promissory estoppel claim. Accordingly, Slidell has asked the Court to tell the jury that "Slidell may recover in connection with its promissory estoppel claim all damages that are necessary to place it in the same position as it would have been in had Millennium performed as promised." Slidell's Proposed Jury Instruction No. 30. By contrast, Millennium wants the Court to tell the jury that "Slidell's damages for promissory estoppel are limited to out-of-pocket expenses incurred as a result of its

reliance on Millennium's promise." Millennium's Proposed Jury Instruction No. 32. Slidell's instruction correctly applies Minnesota law to the facts of this case.

Indeed, the Minnesota Supreme Court held in *Cohen v. Cowles Media Co.*, 479 N.W.2d 387 (Minn. 1992) that promissory estoppel "is essentially a variation of contract theory." *Id.* at 390. As a result, the *Cohen* court concluded that a jury instruction on breach of contract damages appropriately described promissory estoppel damages. *Id.* at 392. Subsequent decisions by the Minnesota Supreme Court and the Minnesota Court of Appeals have made available to parties seeking relief under a promissory estoppel theory the full panoply of contract damages. *See, e.g.*, *Olson v. Synergistic Tech. Bus. Sys., Inc.*, 628 N.W.2d 142, 155-56 (Minn. 2001) (Anderson, J. concurring); *Deli v. Univ. of Minn.*, 578 N.W.2d 779, 781-83 (Minn. Ct. App. 1998) (promises enforceable under [promissory estoppel theory] give rise to "whatever remedy prescribed for breach of contract").

Slidell may thus recover in connection with its promissory estoppel claim all damages that are necessary to place it in the same position it would have been in had Millennium performed as promised. *See, e.g.*, *Lesmiester v. Dilly*, 330 N.W.2d 95, 103 (Minn. 1983) ("Given our determination that this case sounds in contract, the damage award should place [the plaintiff] in the position in which he would be if the contract were performed").

Although in narrow circumstances Minnesota courts have limited a plaintiff's recovery to out-of-pocket damages, the circumstances supporting departure from the general rule are absent in this case. As the Eighth Circuit Court of Appeals observed in *Walser v. Toyota Motor Sales, U.S.A., Inc.*, 43 F.3d 396 (8th Cir. 1994) – the case Millennium relies on in its proposed instruction – the Court may, in its discretion, limit a party's recovery under promissory estoppel to out-of-pocket expenses "as justice requires," but Minnesota law does not require the Court to impose such a limitation upon damages. *Id.* at 400-03. In *Walser*, the Eighth Circuit Court of

Appeals concluded that the district court did not make a clear error in judgment in finding that justice required limiting the plaintiffs to recovery of their out-of-pocket expenses. *Id*. The limitation was justified by a number of factors:

> [The defendant] presented evidence that the [agreement] was far from a certainty and that [the plaintiffs] would have great difficulty in meeting the capitalization requirements. The negotiations were still in a preliminary stage and broke down at that point. The promise on which they relied did not guarantee that they would get the dealership, as there were other conditions in the letter of intent that still would have to be satisfied. [The plaintiffs] could have relied on the promise for only a short period of time, as they were informed by [the defendants] only a couple of days later that [there was no deal in place.]

*Id*. at 402.

This circumstances of this case are poles apart from those presented in *Walser*. Here, Jim McGregor has testified, and Slidell will continue to present evidence (1) that Millennium had definitively agreed on the European support deal and that it communicated its agreement to Slidell, (2) that Slidell was not only ready and able to perform, but that it commenced performance in reliance on Millennium's promise, and (3) that Millennium was aware of and monitored Slidell's actions for a long time. Justice does not require a judicially-imposed limitation on Slidell's promissory estoppel damages.[1]

Slidell will present further evidence that Millennium's conduct resulted in damages to Slidell that far exceed even Slidell's expectancy damages. Indeed, Millennium's conduct effectively cut Slidell off from the European market. Although Slidell's expected profits from its long-term support contract with Millennium will not make Slidell whole, those damages will at least allow Slidell to start to rebuild its European operations. Slidell's expert, Art Cobb, will

[1] The only other case Millennium cites (other than *Walser*, which supports Slidell's position) is *Dallum v. Farmers Union Cent. Exchange, Inc.*, 462 N.W.2d 608, 613 (Minn. Ct. App. 1990). In *Dallum*, the Minnesota Court of Appeals merely pointed out that "in actions based on promissory estoppel, 'relief *may* be limited to damages measured by the promisee's reliance.'" *Id*. (emphasis added) (*quoting Grouse v. Group Health Plan, Inc.*, 306 N.W.2d 114, 116 (Minn. 1981)). In any event, to the extent *Dallum* suggests that only reliance damages are available, it has been overruled by *Cohen* and its progeny.

testify that the net profit on the promised long-term support would have been $4,859,252. These damages are recoverable in this case as a matter of law.

The Court should permit Slidell to seek the standard damages awarded by Minnesota courts for breach of contract and promissory estoppel claims, including damages for the benefit of Slidell's bargain. Alternatively, the Court should reserve judgment on the issue until the completion of the trial, after Slidell has proven its promissory estoppel case and its expectancy damages. The Court should have the benefit of the full record before it decides to exercise any discretion to limit damages based upon the particular facts underlying Slidell's promissory estoppel claim. *See Upsher-Smith Laboratories, Inc. v. Mylan Laboratories, Inc.*, 944 F. Supp. 1411 (D. Minn. 1996) (Davis, J.) (observing that "consequential damages, including lost profits, can be recovered under Minnesota law through a theory of promissory estoppel" and ordering that "the Trial Court should consider the proper measure of recovery after hearing all the relevant evidence").

## **CONCLUSION**

Slidell requests that the Court instruct the jury in accordance with Slidell's Proposed Jury Instruction No. 24, and that the Court disregard Millennium's Proposed Jury instruction No. 32.

Dated: January 26, 2005

s/ Jeffrey W. Jones
Thomas S. Fraser (#31641)
Jeffrey W. Post (#271883)
Jeffrey W. Jones (#311418)
James R. Mayer (#312241)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

ATTORNEYS FOR SLIDELL, INC.

#3068954\1