**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Slidell, Inc.,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>Millennium Inorganic Chemicals Inc.,<br><br>Defendant and Counterclaimant. | ) ) ) ) ) ) ) ) ) ) | Court File No. 02-CV-213 (JRT/FLN)<br><br>**MILLENNIUM'S PRELIMINARY OBJECTIONS TO SLIDELL'S PROPOSED JURY INSTRUCTIONS** |

Millennium submits this document for the purpose of outlining, in a preliminary manner, its concerns with Slidell's Proposed Jury Instructions. By submitting these preliminary objections, Millennium does not intend to waive any objections not listed.

**1. Slidell's Proposed Instruction No. 6: Misappropriation of Trade Secrets – Elements.** Slidell's instruction omits language included in the statute and in the Minnesota Jury Instruction Guide. *See* Minn. Stat. § 325C.01, subd. 3(ii); 4 Minnesota Practice: Jury Instruction Guides – Civil, § 40.25 (West 1999 & Supp. 2003) (hereinafter "Minnesota Jury Instruction Guides"). Specifically, Slidell's instruction fails to state that the disclosure of the trade secret must be without "express or implied consent." This contradicts the authority Slidell cites. Millennium included this language in its Proposed Instruction No. 25.

**2. Slidell's Proposed Instruction No. 7: Definition of a Trade Secret.** Millennium has several preliminary objections to Slidell's Proposed Instruction No. 7.

First, Slidell's proposed instruction alters the statutory language, which was adopted verbatim by Section 40.20 of the Minnesota Jury Instruction Guide. Specifically, in "(1)," Slidell substitutes the statutory language of "readily ascertainable," *see* Minn. Stat. § 325C.01, subd. 5(i), with "easily discoverable."

Second, Slidell's proposed instruction alters the statutory language concerning the definition of a trade secret. The first two types of trade secrets in the statute are "formula" and "pattern." *See* Minn. Stat. § 325C.01, subd. 5. Section 40.20 of the Minnesota Jury Instruction Guide follows the statute verbatim. But Slidell has substituted these two words with the words "design" and "drawing," which essential rewrites the statute.

Third, item "(4)" should be revised to comply with the applicable authority. This part of the proposed instruction asks the jury to consider the value of the information *to Millennium* when evaluating whether the information constitutes a trade secret. However, none of the authority Slidell cites states that this is a proper consideration. In addition, the instruction changes the word "and" to "or." This change is significant. If the Court adopts Slidell's instruction, Millennium requests that it change item "(4)" to read: "The value of the information to Slidell and its competitors."

**3. Slidell's Proposed Instruction No. 9: Trade Secret – Unauthorized Use or Disclosure.** Slidell's instruction omits the same language it omitted in its Proposed Instruction No. 6: "express or implied consent." This language should be revised to conform to the statute and the Minnesota Jury Instruction Guide.

**4. Slidell's Proposed Instruction No. 11: Trade Secret – Willful and Malicious.** Millennium has two preliminary objections to Slidell's Proposed Instruction No. 11.

First, items (2) and (3) are not supported by any of Slidell's legal authority.

Second, item "(4)" has no evidentiary support.

**5. Slidell's Proposed Instruction No. 14: Contract – Breach.** Millennium has four preliminary objections to Slidell's proposed instruction.

First, Slidell states in the second sentence, "A contract is breached when there is a failure

to perform a material part of the contract." However, Slidell omits the language recommended in Section 20.45 of the Minnesota Jury Instruction Guide—"without legal justification."

Second, in the second bullet point, Slidell argues that a contract can be breached by failure to seasonably decide or by failing to cooperate. This part of the instruction is unnecessary in light of Slidell's other instructions instructing the jury on prevention/hindrance. In addition, this part of the instruction misconstrues the statutory authority on which it is based. Specifically, Minnesota Statutes Section 336.2-311 does not provide Slidell with a separate cause of action under which it may sue. Rather, the statute simply *excuses Slidell's* delay in performance if Millennium fails to (1) seasonably provide Slidell with specifications or (2) seasonably cooperate if cooperation is necessary to Slidell's performance, or it allows Slidell to deem Millennium to have breached if Millennium never made a specification. But those are not the facts of this case. Minn. Stat. § 336.2-311(3).

Third, Slidell's third bullet point omits language included in the Minnesota Jury Instructions Guide. Slidell asserts that a contract is breached if a party "repudiates its obligation to perform the contract." Section 20.45 of the Minnesota Jury Instructions Guide, however, provides that a contract is breached is a party "repudiates or denies that the contract exists."

Fourth, Slidell argues that Millennium breached the contract by preventing or hindering its performance. Slidell includes this concept in three of the four bullet points and in three subsequent separate proposed instructions, Nos. 16, 17, and 18. These multiple references are repetitive and place undue focus on one particular manner of breach.

**6. Slidell's Proposed Instruction No. 15: Breach of Contract By Failing to Perform Contractual Duties.** This proposed instruction is nothing more than a recitation of what has already been incorporated into its Proposed Instruction No. 14 and, thus, is superfluous.

**7. Slidell's Proposed Instruction No. 16: Contract – Breach of Contract by Failing to Seasonably Decide or Failing to Cooperate.** Millennium raises the same objections here as mentioned above with respect to Proposed Instruction No. 14.

**8. Slidell's Proposed Instruction No. 17: Contract – Breach of Contract by Repudiation.** Slidell's instruction glosses over the necessary requirements to establish breach by anticipatory repudiation. In lieu of Slidell's Proposed Instruction No. 17, Millennium suggests Millennium's Proposed Instruction No. 19A.

**9. Slidell's Proposed Instruction No. 18: Duty of Good Faith and Fair Dealing – Elements and Breach.** Millennium has four preliminary objections to this proposed instruction.

First, Millennium objects to this instruction because the duty of good faith and fair dealing is not a separate cause of action. Millennium refers the Court to Part II of its "Memorandum Concerning the Parties' Proposed Jury Instructions on Various Contract Law Issues" (hereinafter ("Instructions Memo.") for further discussion of this issue.

Second, under the first bullet point, Slidell states that the covenant can be breached by "unjustifiably hindering or preventing." Mere hindrance is insufficient to constitute a breach. (*See* Instructions Memo. at Part I.) If the Court concludes that an instruction on good faith is appropriate, the Court may use the last paragraph of Millennium's Amended Proposed Instruction No. 19.

Third, Millennium objects to the language in Slidell's fourth bullet-point, which says, "[a]bused its power to force concessions." This language is not supported by any of the authority to which Slidell cites.

Fourth, Millennium objects to the third and fourth sentences of Slidell's instruction

because they are redundant. Much of this language is included in the bullet-pointed statements below the first paragraph.

**10. Slidell's Proposed Instruction No. 19: Damages – Contract.** Slidell omits language in the contract that limits liability. Specifically, Slidell lists as recoverable "costs of capital; and lost profits." However, Slidell does not specify that, under the terms of the contract, these two items are limited to costs of capital and lost profits *related to this contract only*. This language is quoted correctly in Millennium's Instruction No. 23.

In addition, Slidell's instruction fails to mention that damages should not be awarded based upon speculation.

**11. Slidell's Proposed Instruction No. 20: Millennium's Breach of Contract Claim.** Slidell's instruction states that its performance is excused if Millennium materially breached the contract. However, Slidell's instruction ignores the other important requirements for the defense of prior breach. (*See* Instructions Memo. at Part IV.)

**12. Slidell's Proposed Instruction No. 21: Contract – Uniqueness.** Slidell states that in determining whether a good is unique, the jury should consider "the availability of alternative equipment to meet Millennium's particular needs." The availability of substitute goods, however, does not preclude a finding that the contracted-for goods are unique. *See, e.g.*, *Sedmak v. Charlie's Chevrolet, Inc*., 622 S.W.2d 694, 700 (Mo. App. 1981). In lieu of Slidell's proposed instruction on this issue, Millennium supports its Proposed Instruction No. 34.

**13. Slidell's Proposed Instruction No. 22: Cover.** This proposed instruction alters the language used by the authority to which Slidell cites. If Slidell's instruction is to be used, Millennium requests that the second and third sentences be revised to read: "The question is whether Millennium is able to purchase equipment that is commercially usable as a reasonable

substitute under the circumstances."

In addition, the purpose of this instruction is unclear. If the instruction relates to damages, it should be included in Slidell's damages instruction.

**14. Slidell's Proposed Instruction No. 23: Promissory Estoppel – Elements and Breach.** Slidell's proposed instruction ignores the Court's June 28, 2004, Order, where the Court narrowed the issue to whether "Millennium employees promised to put the European field support agreement in writing." (Slip. op. at 37.) Slidell's proposed instruction also ignores the legal issues addressed by the Court on pages 36-37. Millennium urges the Court to adopt its Proposed Instruction No. 31.

**15. Slidell's Proposed Instruction No. 24: Promissory Estoppel – Damages.** Millennium objects to this instruction on the ground that it does not limit Slidell's damages to moneys expended in reasonable reliance on Millennium's alleged promises. *See* Millennium's Proposed Jury Instruction No. 32 and the authority cited there.

**16. Slidell's Proposed Instruction No. 25: Quantum Meruit.** Slidell's instruction fails to include the requirement that Millennium must receive a benefit from Slidell's alleged extra-contractual work before quantum meruit is appropriate. *See Ylijarvi v. Brockphaler*, 7 N.W.2d 314, 319 (Minn. 1942).

In addition, Slidell's instruction ignores the Court's June 28, 2004, Order, which limited Slidell's quantum meruit claim to the extra-contractual work Slidell claims to have performed on the supervisory system.

**17. Slidell's Proposed Instruction No. 26: Quantum Meruit – Damages.** This proposed instruction is contradicted by the authority to which Slidell cites. If used, Millennium requests that the language be corrected to state that "Slidell is entitled to damages for the

reasonable value of the benefit or services to Millennium." *See Ventura v. Titan Sports, Inc.*, 65 F.3d 725, 734 (8th Cir. 1995) ("Minnesota cases generally state the amount of recovery in quantum meruit as the reasonable value of the benefit (or services) to the defendant.").

**18. Slidell's Proposed Instruction No. 28: Mitigation of Damages.** This proposed instruction does not follow Section 20.65 of the Minnesota Jury Instruction Guide. Millennium requests that the Court use Millennium's Proposed Instruction Nos. 17 and 24 or that the Court adopt Section 20.65 of the Minnesota Jury Instruction Guide.

Dated: January 28, 2005

HALLELAND LEWIS NILAN & JOHNSON, P.A.

By: s/ Matthew E. Johnson

Michael T. Nilan Reg. No. 79224
Scott A. Smith Reg. No. 174026
Matthew E. Johnson Reg. No. 235945
Amanda M. Cialkowski Reg. No. 306514
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-1838

Attorneys for Defendant and Counterclaimant
Millennium Inorganic Chemicals Inc.