**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Slidell, Inc.,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>Millennium Inorganic Chemicals Inc.,<br><br>Defendant and Counterclaimant. | ) ) ) ) ) ) ) ) ) ) | Court File No. 02-CV-213 (JRT/FLN)<br><br>**MILLENNIUM'S SUPPLEMENTAL MEMORANDUM CONCERNING HINDRANCE AND PREVENTION AND THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |

## INTRODUCTION

Slidell has taken the position that cases applying the doctrine of hindrance and/or prevention in the context of the implied duty of good faith and fair dealing are different from other cases cases applying the doctrine of hindrance and/or prevention. After reviewing the caselaw again, Millennium respectfully but firmly disagrees. Cases applying the hindrance and/or prevention doctrine in the good-faith context are equally strong, if not stronger, in requiring proof of prevention, not merely hindrance.

## ARGUMENT

In *Wild v. Rarig*, 234 N.W.2d 775 (Minn. 1975), the Minnesota Supreme Court said, in the good-faith context, that the doctrine of hindrance and/or prevention applies when one party "made it impossible for the other to perform." *Id.* at 790. That same language has been adopted in several subsequent decisions. *See American Warehousing & Distributing, Inc. v. Michael Ede Mgmt, Inc.*, 414 N.W.2d 554, 557 (Minn. Ct. App. 1987); *Burnette Techno-Metrics, Inc. v. TSI Inc.*, 44 F.3d 641, 643 (8th Cir. 1994); *H Enterprises Int'l, Inc. v. General Elec. Cap. Corp.*, 833 F. Supp. 1405, 142 (D. Minn. 1993).

To the extent the word "hindrance" is used in the good-faith variety of hindrance and/or prevention cases, the word nearly always appears in quotations. *See, e.g., In re Hennepin County 1986 Recycling Bond Lit.*, 540 N.W.2d 494, 502 (Minn. 1995). The quotation marks confirm Millennium's position that the word "hindrance" is a term of art whose ordinary meaning is different -- in essence, prevention. This interpretation is consistent with the Court's use of the word "preventing" in the common sense of the word in *Best Vendors Co. v. Air Express, Inc.*, 2002 WL 31163039 (D. Minn. Sept. 22, 2002) (Tunheim, J.), while also using the term "unjustifiably hinder" in quotations. *See id.* at *6.

It also appears that there is no functional difference between the hindrance/prevention doctrine when applied in the context of the implied duty of good faith and fair dealing and the same doctrine when applied in other contexts. The Minnesota courts typically cite precedent on the issue without regard for whether the good-faith duty has been raised. *See, e.g., Hennepin County Recycling*, 540 N.W.2d at 502 (relaying on *Zobel & Dahl Constr. v. Crotty*, 356 N.W.2d 42 (Minn. 1984), which did *not* involve implied duty of good faith and fair dealing).

In short, Millennium stands by its position concerning the hindrance/prevention doctrine, as stated in its previous brief on the subject (Dkt. No. 372) at pages 1-4. There Millennium noted, among other things, that the Court properly described the doctrine on page 23 of his summary judgment ruling in this case by using the word "prevents," and that the Eighth Circuit has approved jury instructions using the word "preventing" without the word "hindering." *See International Travel Arrangers v. NWA, Inc.*, 991 F.2d 1389, 1405 (8th Cir. 1993) (applying Minnesota law).

## CONCLUSION

For the foregoing reasons, Millennium respectfully requests that the Court instruct the jury with respect to the doctrine of hindrance and/or prevention that Slidell must prove that Millennium *prevented* Slidell from completing its performance, not that Slidell may prove merely that Millennium made Slidell's performance more difficult.

DATE: February 5, 2005

HALLELAND LEWIS NILAN & JOHNSON, P.A.

By: s/ Matthew E. Johnson

Michael T. Nilan Reg. No. 79224
Scott A. Smith Reg. No. 174026
Matthew E. Johnson Reg. No. 235945
Amanda M. Cialkowski Reg. No. 306514
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-1838

Attorneys for Defendant and Counterclaimant
Millennium Inorganic Chemicals Inc.