**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Slidell, Inc.,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>Millennium Inorganic Chemicals Inc.,<br><br>Defendant and Counterclaimant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Court File No. 02-CV-213 (JRT/FLN)<br><br>**MILLENNIUM'S MEMORANDUM IN RESPONSE TO SLIDELL'S MEMORANDUM IN SUPPORT OF ITS PROPOSED JURY INSTRUCTION ON PROMISSORY ESTOPPEL DAMAGES** |

## INTRODUCTION

Slidell seeks an instruction permitting a recovery of damages on its promissory estoppel claim that is equivalent to damages for a breach of contract. Slidell seeks "the full benefit of its bargain," (Slidell Memo. (Dkt. No. 362) at 2), even though it never entered into an enforceable agreement with Millennium.

Although the caselaw acknowledges that such a recovery is theoretically possible, it is not the norm. In fact, Slidell is unable to cite *a single Minnesota case* in which a promissory estoppel plaintiff *actually recovered* damages that exceed the plaintiff's reliance interest. The most Slidell can muster is dicta saying that damages are not necessarily limited to the plaintiff's reliance interest. That is not solid ground upon which to base an argument that the Court should, in this case, permit a recovery of damages equal to what could be recovered for a breach of contract.

## ARGUMENT

**THE COURT SHOULD INSTRUCT THE JURY THAT DAMAGES ON SLIDELL'S PROMISSORY ESTOPPEL CLAIM SHOULD BE LIMITED TO AN AMOUNT NECESSARY TO FULFILL SLIDELL'S RELIANCE INTEREST.**

It is hornbook law that a person who detrimentally relied on the promise of another may obtain a recovery under the theory of promissory estoppel to compensate the plaintiff for losses attributable to his or her reliance. Slidell seizes on statements that a promissory estoppel recovery "*may* be limited" as an indication that they need not be so limited. In fact, such a limitation is the general rule, for which there are few exceptions, none of which are cited in Slidell's memorandum.

**A. None of the Cases Cited by Slidell Involved an Award of Damages by a Jury on a Promissory Estoppel Claim to the Extent of the Plaintiff's Expectancy Interest.**

Slidell cites several cases that purport to support its request for expectancy-type damages on its promissory estoppel claim in this case. But in none of those cases did the plaintiff actually recover damages at trial on a promissory estoppel claim that exceeded its reliance interest.

For example, Slidell cites *Lesmiester v. Dilly*, 330 N.W.2d 95 (Minn. 1983), for the proposition that Slidell's promissory estoppel claim should allow it to recover "all damages that are necessary to place it in the same position it would have been in had Millennium performed as promised." (Slidell Memo. (Dkt. No. 362) at 2.) But there was no promissory estoppel claim in *Lesmeister* -- none whatsoever. In fact, the words "promissory estoppel" do not appear in the opinion. Rather, it was a case of breach of contract and negligence.

Slidell also cites *Dallum v. Farmers Union Cent. Exchange, Inc.*, 462 N.W.2d 608, 613 (Minn. Ct. App. 1990). But the plaintiff in *Dallum* did not receive damages to fulfill its expectancy interest. Rather, the jury awarded damages of $75,000 based on evidence that Plaintiff had incurred $76,847 in out-of-pocket expenses in reliance on the defendant's promise.

*Id.* at 614. The defendant also argued that the trial court should have instructed the jury to deduct certain amounts from the plaintiff's out-of-pocket expenses, but the court's ruling on that issue was nothing like an endorsement of expectancy-based damages. *Id.* at 613.

Slidell cites *Deli v. University of Minnesota*, 578 N.W.2d 779 (Minn. Ct. App. 1998), where the jury awarded Plaintiff $675,000 on her promissory estoppel claim, all of which was for emotional distress. The issue on appeal was whether emotional distress damages could be recovered in a promissory estoppel claim. The court of appeals held in the negative. *Id.* at 781-83. *Deli* has no relevance to the issue at hand.

Slidell also cites *Cohen v. Cowles Media Co.*, 479 N.W.2d 387 (Minn. 1992) (*Cohen II*). This case is particularly unpersuasive because the case was actually tried to the jury as a breach-of-contract case, *not* a promissory estoppel case. The issue of promissory estoppel was not injected into the case until oral argument in the Minnesota Supreme Court. *Cohen v. Cowles Media Co.*, 457 N.W.2d 199, 204 n.5 (Minn. 1990) (*Cohen I*). The case then went up to the United States Supreme Court, which reversed and remanded it back to the Minnesota Supreme Court. *See Cohen v. Cowles Media Co.*, 501 U.S. 663 (1991). The Minnesota Supreme Court then decided to put the case out of its misery by affirming the jury's verdict under a promissory estoppel theory, reasoning that, "under these unique circumstances, . . . it is not unfair to the defendants to allow the case to be decided under principles of promissory estoppel." *Cohen II*, 479 N.W.2d at 390. Of course, the jury was instructed that it may award the plaintiff his expectancy interest, but that is because it was tried as a contract case. The case is hardly an exemplar of how a trial court should instruct a jury on damages when submitting a promissory estoppel claim.

Slidell also cites *Upsher-Smith Labs., Inc. v. Mylan Labs., Inc.*, 944 F. Supp. 1411 (D.

Minn. 1996). There was no award of damages in that decision, which was a ruling on the parties' motions for partial summary judgment. The Court held merely that the issue should not be decided until "after hearing all of the relevant evidence." *Id.* at 1434.

That leaves *Walser v. Toyota Motor Sales, Inc.*, 43 F.3d 396 (8th Cir. 1994), which is the case whose procedural posture is most relevant to the present case. At trial, Judge Renner instructed the jury that the remedy for promissory estoppel was limited to plaintiffs' out-of-pocket expenses. *Id.* at 398. Plaintiff appealed, arguing that the district court should have allowed the jury to award damages for lost profits. *Id.* at 400.

The Eighth Circuit affirmed on the ground that Minnesota courts have followed Section 90 of the *Restatement (Second) of Contracts* and held that "'[r]elief may be limited to damages measured by the promisee's reliance.'" *Id.* at 401 (quoting *Grouse v. Group Health Plan*, 306 N.W.2d 114, 116 (Minn. 1981)). The Eighth Circuit then reasoned that the "permissive language [of Section 90 of the Restatement] and the Minnesota courts' interpretation of it indicate to us that Minnesota courts . . . treat the damages decision under Section 90 as being within the district court's discretion." *Id.* at 401.

Thus, damages in *Walser* were, in fact, limited to out-of-pocket expenses. The court of appeals reasoned that it was appropriate to do so because the parties' arrangement was "far from a certainty" and because the plaintiffs "would have [had] great difficulty in meeting" other requirements for the transaction. *Id.* at 402. Also, the plaintiffs "could have relied on the promise for only a short period of time, as they were informed by [the promissory] only a couple of days later that he had misinformed them about the status of the" proposed deal. *Id.* In addition, plaintiffs did "not demonstrate[]any opportunity they lost by virtue of relying on the promise." *Id.*

All of those reasons are equally applicable to the Slidell-Millennium negotiations concerning European support and, thus, counsel strongly in favor of a decision -- after considering all the evidence -- to limit Slidell's promissory estoppel damages to what is necessary to fulfill its reliance interest. Thus, the *Walser* decision lends little support to Slidell and, in fact, supports Millennium's proposed jury instruction on this issue. (*See* Millennium's Proposed Jury Instruction No. 26A.)

**B. The Minnesota Supreme Court Recently Re-affirmed the Traditional Nature and Purpose of Promissory Estoppel as a Cause of Action to Remedy Good-Faith Reliance.**

Slidell cites the most recent Minnesota Supreme Court decision on promissory estoppel -- *Olson v. Synergistic Tech. Bus. Sys., Inc.*, 628 N.W.2d 142 (Minn. 2001) -- but it cites only to the special concurrence, not to the majority opinion. (*See* Slidell Memo. at 2.) Although both the majority opinion and the special concurrence reached the conclusion that the opinion below should have been affirmed, they did so with strikingly different approaches. Even a casual reading of the two opinions reveals that Minnesota law has changed in such a way that this court no longer can predict that the Minnesota Supreme Court would allow a plaintiff such as Slidell to recover expectancy-based damages on its promissory estoppel claim.

The special concurrence in *Olson* sought to emphasize that promissory estoppel is "a principle of contract law" and is "the name applied to a contract implied in law where no contract exists in fact." *Id.* at 155 (R. Anderson, J., concurring specially). On the other hand, the majority opinion recited the history of the cause of action, beginning in England's Chancery courts, where the purpose of the theory was "to compensate a plaintiff for harm suffered as a result of the plaintiff's good-faith reliance on a defendant's otherwise unenforceable promise." *Id.* at 150.

With respect to damages, the majority opinion stated, "As the doctrine developed, many courts adopted the *Restatement of Contracts* § 90 (1932) . . . , *but in Minnesota, we limited relief available under [Section 90] to the extent necessary to prevent injustice*." *Id.* at 151 (emphasis added). This statement clearly reflects the Minnesota Supreme Court's belief that that damages on a reliance-based promissory estoppel claim should not exceed the plaintiff's reliance.

Furthermore, the *Olson* court commented that damages for lost profits have been awarded under a promissory estoppel theory only when detrimental reliance has served the purpose of a "consideration substitute." *Id.* at 151. The court then stated that such a premise -- that detrimental reliance may be a "consideration substitute" -- was flatly inconsistent with Minnesota caselaw:

> The special concurrence concludes that in *Grouse v. Group Health Plan, Inc.*, 306 N.W.2d 114, 116 (Minn.1981), we recognized that promissory estoppel is a principle of contract law. *However, such a conclusion is inconsistent with our jurisprudence. If* Grouse, *as the special concurrence suggests, constituted a recognition of the legal qualities of promissory estoppel, we would have elevated promissory estoppel to a consideration substitute, and -- in the process -- upset a decade-long history of jurisprudence* following our decision in [*Constructors v. Bostrom Sheet Metal Works, Inc.*, 291 Minn. 113, 120, 190 N.W.2d 71, 75 (1971)] (holding that promissory estoppel is not a substitute for consideration).

*Id.* at 152 n.7 (emphasis added).

Thus, the Minnesota Supreme Court's 2001 decision in *Olson* is a rejection of two major components of *Walser*'s assumption that Minnesota law gives district judges discretion to limit promissory estoppel damages to the plaintiff's reliance interest. *Olson* has disavowed Section 90 in that regard and also has disavowed the purported contract-oriented view of *Grouse*. After *Olson*, the only reasonable interpretation of Minnesota caselaw is that such a limitation is necessary as a matter of law. Thus, the *Olson* decision provides this Court with an additional

reason to limit Slidell's promissory estoppel damages to its reliance interests.

**C. Slidell's Claim for Expectancy-Based Contract Damages on the European Support Issue is Barred by the Doctrines of Impossibility and Frustration of Purpose.**

In response to Slidell's claim concerning European support, Millennium alleged the affirmative defenses of frustration of purpose and impracticability. The Court granted summary judgment to Millennium on Slidell's oral contract claim. But now Slidell seeks to recover contract damages in the absence of a contract. If the Court permits Slidell to do so, the Court should reinstate Millennium's contract-oriented affirmative defenses.

As Millennium argued at the summary judgment stage, under Section 265 of the *Restatement (Second) of Contracts*, where a contracting party's purpose is "substantially frustrated" without its fault by an event, the non-occurrence of which was a "basic assumption" upon which the contract was made, the contracting party's non-performance is excused. *See J.J. Brooksbank Co. v. Budget Rent-A-Car Corp.*, 337 N.W.2d 372, 377 (Minn. 1983) (adopting frustration of commercial purpose doctrine); *Viking Supply v. National Cart Co., Inc.*, 310 F.3d 1092, 1096-97 (8th Cir. 2002). The doctrine of impracticability, provided by Section 263 of the *Restatement (Second) of Contracts* and adopted in Minnesota by *Central Baptist Theological Seminary v. Entertainment Communications, Inc.*, 356 N.W.2d 785 (Minn. Ct. App. 1984), provides that "[i]f the existence of a specific thing is necessary for the performance of a duty, its failure to come into existence . . . is an event the non-occurrence of which was a basic assumption on which the contract was made," *id.* at 788; *see also Specialty Tires of America, Inc. v. CIT Group/Equipment Financing, Inc.*, 82 F. Supp. 2d 434, 440 (W.D. Pa. 2000). Finally, under Section 254 of the *Restatement (Second) of Contracts*, a party's obligation to pay damages for breach of a contract "is discharged if it appears after the breach that there would have been a total failure by the injured party to perform his return promise." *See, e.g., Gibbs, Nathaniel Ltd.*

*v. International Multifoods Corp.*, 804 F.2d 450, 452 (8th Cir. 1986); *Acme Investments, Inc. v. Southwest Tracor, Inc.*, 105 F.3d 412, 416 (8th Cir. 1997). Each of these doctrines obviates any obligation on Millennium's part to pay for the costs of servicing packaging equipment that it never received.

Thus, if the Court were to instruct the jury that it may award expectancy-based damages on Slidell's promissory estoppel claim, Millennium respectfully requests that the Court also instruct the jury that frustration of purpose and impracticability are defenses to the promissory estoppel claim. (*See* Millennium's Proposed (Alternative) Instruction No. 25C.)

**CONCLUSION**

For the foregoing reasons, Millennium respectfully requests that the Court adopt Millennium's proposed jury instructions on this issue in lieu of the instructions proposed by Slidell.

Dated: February 7, 2005

HALLELAND LEWIS NILAN & JOHNSON, P.A.

By: s/ Matthew E. Johnson

Michael T. Nilan Reg. No. 79224
Scott A. Smith Reg. No. 174026
Matthew E. Johnson Reg. No. 235945
Amanda M. Cialkowski Reg. No. 306514
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-1838

Attorneys for Defendant and Counterclaimant
Millennium Inorganic Chemicals Inc.