**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Slidell, Inc.,

Plaintiff and Counter-defendant,

v.

Millennium Inorganic Chemicals Inc.,

Defendant and Counter-claimant.

Court File No. 02-CV-213 (JRT/FLN)

**MILLENNIUM'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

Defendant and Counterclaimant Millennium Inorganic Chemicals Inc. (hereinafter "Millennium") hereby submits the following supplemental proposed jury instructions.


No. 15A Breach of Contract Claims ... 4
No. 15B Millennium's Defenses to Slidell's Breach of Contract Claim ... 6
No. 15C Slidell's Defense to Millennium's Breach of Contract Claim ... 8
No. 25A Essential Elements of Promissory Estoppel ... 9
No. 25B Millennium's Defenses to Slidell's Promissory Estoppel Claim (Alternative) ... 10
No. 25C Millennium's Defenses to Slidell's Promissory Estoppel Claim (Second Alternative) ... 11
No. 26A Damages for Promissory Estoppel ... 13
No. 26B Damages for Promissory Estoppel (Alternative) ... 14


Dated: February 7, 2005


HALLELAND LEWIS NILAN & JOHNSON, P.A.

By: s/ Matthew E. Johnson
Michael T. Nilan Reg. No. 79224
Scott A. Smith Reg. No. 174026
Matthew E. Johnson Reg. No. 235945
Amanda M. Cialkowski Reg. No. 306514
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-1838

Attorneys for Defendant and Counter-Claimant
Millennium Inorganic Chemicals Inc.


DN 244 686

DN: 243917

## EXPLANATORY NOTES

These supplemental proposed jury instructions are intended to aid the Court in preparing jury instructions in light of the Court's first draft of a set of jury instructions and counsel's discussion with Court staff.

**Contract Claims**

First, Millennium's Proposed Instruction No. 15A is similar to Instruction No. 15 of the Court's first draft of jury instructions except that it incorporates a final paragraph about the implied duty of good faith and fair dealing.

Second, Millennium's Proposed Instruction No. 15B sets forth Millennium's defenses to Slidell's breach of contract claim. It is intended to follow Millennium's Proposed Instruction No. 15A.

Third, Millennium's Proposed Instruction No. 15C sets forth Slidell's defense to Millennium's breach of contract claim. It is intended to follow Millennium's Proposed Instruction No. 15B.

**Promissory Estoppel Claim**

First, Millennium's Proposed Instruction No. 25A is similar to Instruction No. 25 of the Court's first draft of jury instructions except that it incorporates Millennium's statute of frauds defense and Slidell's response to the defense. Although Millennium generally believes that defenses should be set forth in separate instructions, it seems advisable in this situation to use a single instruction because the issue ultimately will rise or fall based on Slidell's ability to prove that Millennium's conduct was unconscionable and that a refusal to enforce the contract would permit Millennium to perpetrate a fraud. *See Meshbesher & Spence, Ltd. v. Sprint Spectrum, L.P.*, No. 03-3434, 2004 WL 2801590, *4 (D. Minn. Nov. 19, 2004) (quoting *Del Hayes & Sons,*

*Inc. v. Mitchell*, 230 N.W.2d 588, 594 (Minn. 1975)).

Second, Millennium's Proposed Instruction No. 25B is submitted as an alternative in the event that the Court does not wish to incorporate Millennium's statute of frauds defense and Slidell's response to the defense into Instruction No. 25. In that event, Millennium requests that its Proposed Instruction No. 26B be given to reflect the issues relevant to the defense.

Third, Millennium's Proposed Instruction No. 25C is submitted as a second alternative to reflect Millennium's defenses to Slidell's promissory estoppel claim. It would be appropriate if the Court does not wish to incorporate Millennium's statute of frauds defense and Slidell's response to the defense into Instruction No. 25 *and* if the Court elects to give the present draft of Instruction No. 26, which would permit the jury to award contract-type damages on Slidell's promissory estoppel claim. (*See* Millennium's Memorandum in Response to Slidell's Memorandum in Support of its Proposed Jury Instruction on Promissory Estoppel Damages (Dkt. No. 382) at 7-8.)

Fourth, Millennium's Proposed Instruction No. 26A is submitted as an alternative to the present draft of Instruction No. 26 and would limit Slidell damages on its promissory estoppel claim to its reliance interest. (*See* Millennium's Memorandum in Response to Slidell's Memorandum in Support of its Proposed Jury Instruction on Promissory Estoppel Damages (Dkt. No. 382) at 1-8.)

Fifth, Millennium's Proposed Instruction No. 26B is similar to the present draft of Instruction No. 26 except that it incorporates a standard paragraph on mitigation of damages.

**Millennium's Proposed Instruction No. 15A**
**Breach of Contract Claims**

Both Slidell and Millennium agree that they had a valid and enforceable contract. Both parties, however, allege that the other party breached that contract. A contract is breached when there is a failure, without legal justification, to perform a substantial or material part of the contract.

In order to find for Slidell on its claim of breach of contract, you must find all of the following by a preponderance of the evidence:

1. Millennium failed to perform a material part of the contract;
2. Millennium's failure to perform was not legally justified or excused by any act or omission on the part of Slidell; and
3. Slidell was damaged by Millennium's failure to perform.

In order to find for Millennium on its counterclaim of breach of contract, you must find all of the following by a preponderance of the evidence:

1. Slidell failed to perform a material part of the contract;
2. Slidell's failure was not legally justified or excused by any act or omission on the part of Millennium; and
3. Millennium was damaged by Slidell's failure to perform.

Under Minnesota law, every contract has an implied duty of good faith and fair dealing. Acting in "good faith" means a person acts honestly in performing the contract. "Fair dealing" means that one party will not deprive the other party of its expected benefits under the contract and will not make it impossible for the other party to perform its obligations under the contract.

AUTHORITY: Instructions No. 15 and No. 16 of Draft #1 of The Court's Instructions to the Jury; *Wild v. Rarig*, 234 N.W.2d 775, 790 (Minn. 1975); *American Warehousing &*

*Distributing, Inc. v. Michael Ede Mgmt, Inc.*, 414 N.W.2d 554, 557 (Minn. Ct. App. 1987); *Burnette Techno-Metrics, Inc. v. TSI Inc.*, 44 F.3d 641, 643 (8th Cir. 1994); *H Enterprises Int'l, Inc. v. General Elec. Cap. Corp.*, 833 F. Supp. 1405, 142 (D. Minn. 1993).

**Millennium's Proposed Instruction No. 15B**
**Millennium's Defenses to Slidell's Breach of Contract Claim**

A party that breaches a contract may have its breach excused if the party possesses a valid legal justification for its breach. In this case, Millennium has alleged three legal justifications in response to Slidell's breach of contract claim.

First, Millennium has alleged that Slidell committed a breach of contract prior to Millennium's alleged breach of contract. Slidell's alleged prior breach would excuse Millennium's subsequent breach if:

(1) Slidell committed a material breach of the contract;

(2) Slidell was still breaching the contract at the time Millennium breached the contract; and

(3) Slidell's breach directly caused Millennium's breach.

A breach is not material simply because it violates the express conditions of the contract. Rather, a breach is material only if it violates one of the primary purposes of the contract.

Second, Millennium has alleged the defense of waiver. A party may waive a breach of contract either expressly or impliedly through its representations, conduct, or acts in light of the circumstances.

Third, Millennium has alleged the defense of "equitable estoppel." A party is not allowed to assert a claim that contradicts its own earlier statement, admission or conduct (including its silence when it has a duty to speak) on which another party has reasonably relied, if the other party would be injured by such a contradiction. Thus, a party that induces another party to take certain actions is "estopped," or prevented, from contradicting its earlier position.

If Millennium proves any of these three defenses by a preponderance of the evidence, then Millennium has established a valid legal excuse or justification for a breach of contract.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* § 20.45, at 71 (modified); *Carlson Real Estate Co. v. Soltan*, 549 N.W.2d 376, 380 (Minn. Ct. App. 1996); *MTS Co. v. Taiga Corp.*, 365 N.W.2d 321, 327 (Minn. App. 1985); 13 *Williston on Contracts* § 39:27, at 620-22; *Appollo v. Reynolds*, 364 N.W.2d 422, 424 (Minn. Ct. App. 1985); *Larson v. Hill's Heating and Refrigeration of Bemidji, Inc.*, 400 N.W.2d 777, 781 (Minn. Ct. App. 1987); *Canal Capital Corp. v. Valley Pride Pack, Inc.,* 169 F.3d 508, 510 (8th Cir. 1999) (applying Minnesota law); *Eliason v. Production Credit Ass'n*, 106 N.W.2d 210, 212 (Minn. 1960); *Hampton Bank v. River City Yachts, Inc.*, 528 N.W.2d 880, 893 (Minn. Ct. App. 1995).

**Millennium's Proposed Instruction No. 15C**
**Slidell's Defense to Millennium's Breach of Contract Claim**

A party that breaches a contract may have its breach excused if the party possesses a valid legal justification for its breach. In this case, Slidell has alleged one legal justification in response to Millennium's breach of contract claim.

Slidell has alleged that Millennium committed a breach of contract prior to Slidell's alleged breach of contract. Millennium's alleged prior breach would excuse Slidell's subsequent breach if:

(1) Millennium committed a material breach of the contract;

(2) Millennium was still breaching the contract at the time Slidell sued Millennium; and

(3) Millennium's breach directly caused Slidell's breach.

A breach is not material simply because it violates the express conditions of the contract. Rather, a breach is material only if it violates one of the primary purposes of the contract.

If Slidell proves its defense by a preponderance of the evidence, then Slidell has established a valid legal excuse or justification for a breach of contract.

AUTHORITY: 4 *Minnesota Jury Instruction Guides* § 20.45, at 71 (modified); *Carlson Real Estate Co. v. Soltan*, 549 N.W.2d 376, 380 (Minn. Ct. App. 1996); *MTS Co. v. Taiga Corp.*, 365 N.W.2d 321, 327 (Minn. App. 1985).

**Millennium's Proposed Instruction No. 25A**
**Essential Elements of "Promissory Estoppel"**

Slidell has alleged that Millennium made a promise concerning European field support services that should be enforced against Millennium. Although the Court previously found that there was no contract between the parties regarding European field support services, Slidell has made a claim that it can recover under the theory of promissory estoppel. According to the law of promissory estoppel, a party may be held to a promise made to another party, even if there was no contract between them. In order for Slidell to prevail on this claim, you must find by a preponderance of the evidence that:

(1) Millennium made a clear and definite promise to pay Slidell for field support services in Europe;

(2) Millennium's conduct was unconscionable;

(3) It was reasonably foreseeable to Millennium that Slidell would rely on the promise;

(4) Slidell reasonably relied on the promise;

(5) To not enforce Millennium's promise would permit Millennium to perpetuate a fraud; and

(6) Slidell had losses or was disadvantaged because it relied on Millennium's promise.

When considering whether Slidell has proved the second element, that Millennium's conduct was unconscionable, you should keep in mind that a mere refusal to perform an oral agreement is not sufficient to constitute unconscionable conduct.

AUTHORITY: Instruction No. 25 of Draft #1 of The Court's Instructions to the Jury; *Meshbesher & Spence, Ltd. v. Sprint Spectrum, L.P.*, 2004 WL 2801590, **4-5 (D. Minn. Nov. 19, 2004); *Del Hayes & Sons, Inc. v. Mitchell*, 230 N.W.2d 588, 593-94 (Minn. 1975).

**Millennium's Proposed Instruction No. 25B**
**Millennium's Defense to Slidell's Claim of "Promissory Estoppel"**
**(Alternative)**

Even if Slidell has proved the elements of promissory estoppel, as set forth in Instruction No. 25, Millennium will not be liable on this claim if it can establish a valid legal defense to the claim.

As a defense to this claim, Millennium has alleged that the purported promise is unenforceable because it is one that must be in writing. A promise must be in writing to be enforceable if it cannot be performed within one year.

As a rebuttal to Millennium's defense, Slidell seeks to prove an exception to Millennium's defense. Millennium's defense would not apply if Slidell were to prove that Millennium's conduct was unconscionable and that to not enforce Millennium's promise would permit Millennium to perpetuate a fraud.

When considering whether Millennium's conduct was unconscionable, you should keep in mind that a mere refusal to perform an oral agreement is not sufficient to constitute unconscionable conduct.

AUTHORITY: Minn. Stat. § 513.01, subd. 1; *Meshbesher & Spence, Ltd. v. Sprint Spectrum, L.P.*, 2004 WL 2801590, **4-5 (D. Minn. Nov. 19, 2004); *Del Hayes & Sons, Inc. v. Mitchell*, 230 N.W.2d 588, 593-94 (Minn. 1975).

**Millennium's Proposed Instruction No. 25C**
**Millennium's Defenses to Slidell's Claim of "Promissory Estoppel"**
**(Second Alternative)**

Even if Slidell has proved the elements of promissory estoppel, as set forth in Instruction No. 25, Millennium will not be liable on this claim if it can establish a valid legal defense to the claim. Millennium has alleged two defenses to Slidell's promissory estoppel claim.

First, Millennium has alleged that the purported promise is unenforceable because it is one that must be in writing. A promise must be in writing to be enforceable if it cannot be performed within one year.

Slidell seeks to prove an exception to Millennium's defense. Millennium's defense would not apply if Slidell were to prove that Millennium's conduct was unconscionable and that to not enforce Millennium's promise would permit Millennium to perpetuate a fraud.

When considering whether Millennium's conduct was unconscionable, you should keep in mind that a mere refusal to perform an oral agreement is not sufficient to constitute unconscionable conduct.

Second, Millennium has alleged as a defense that the purported promise is unenforceable because Slidell never delivered any packaging equipment to Millennium. If the delivery of the packaging equipment was a basic assumption upon which Millennium's promise was made and was a necessary condition of Millennium's promise to retain Slidell for European support services, then Millennium has proved a valid defense to Slidell's promissory estoppel claim.

AUTHORITY: Minn. Stat. § 513.01, subd. 1; *Meshbesher & Spence, Ltd. v. Sprint Spectrum, L.P.*, 2004 WL 2801590, **4-5 (D. Minn. Nov. 19, 2004); *Del Hayes & Sons, Inc. v. Mitchell*, 230 N.W.2d 588, 593-94 (Minn. 1975); *Restatement (Second) of Contracts* § 265; *J.J. Brooksbank Co. v. Budget Rent-A-Car Corp.*, 337 N.W.2d 372, 377 (Minn. 1983); *Viking Supply v. National Cart Co., Inc.*, 310 F.3d 1092, 1096-97 (8th Cir. 2002); *Restatement (Second) of*

*Contracts* § 263; *Central Baptist Theological Seminary v. Entertainment Communications, Inc.*, 356 N.W.2d 785, 788 (Minn. Ct. App. 1984); *Specialty Tires of America, Inc. v. CIT Group/Equipment Financing, Inc.*, 82 F. Supp. 2d 434, 440 (W.D. Pa. 2000); *Restatement (Second) of Contracts* § 254; *Gibbs, Nathaniel Ltd. v. International Multifoods Corp.*, 804 F.2d 450, 452 (8th Cir. 1986); *Acme Investments, Inc. v. Southwest Tracor, Inc.*, 105 F.3d 412, 416 (8th Cir. 1997).

**Millennium's Proposed Instruction No. 26A**
**Damages for Promissory Estoppel Claim**

If you find for Slidell on its promissory estoppel claim, you are to determine the amount of money that Slidell should receive in damages for that claim.

Slidell's damages for promissory estoppel are limited to the out-of-pocket expenses it incurred as a result of its reasonable reliance on Millennium's promise. Thus, any expenses that Slidell incurred prior to Millennium's alleged promise or after Slidell became aware that Millennium would not follow through on the alleged promise are not recoverable as damages because they were not made in reasonable reliance on Millennium's promise.

In determining Slidell's damages, you may not decide them based upon speculation or guess. This means that if there is no competent evidence from which you could fairly estimate damages, then such an award is improper.

AUTHORITY: *Walser v. Toyota Motor Sales, Inc.*, 43 F.3d 396, 401-02 (8th Cir. 1994) (applying Minnesota law); *Dallum v. Farmers Union Cent. Exchange, Inc.*, 462 N.W.2d 608, 613 (Minn. Ct. App. 1991); *Restatement (Second) of Contracts* § 90, cmt. d. (1981); *Jury Instructions in Commercial Litigation* § 17.13.

**Millennium's Proposed Instruction No. 26B**
**Damages for Promissory Estoppel Claim**
**(Alternative)**

If you find for Slidell on its promissory estoppel claim, Slidell may recover all damages that are necessary to place it in the same position it would have been in had Millennium performed as promised.

In determining the amount of money that will fairly and adequately compensate Slidell for damages arising from that promise that is the basis of Slidell's promissory estoppel claim, you should take into account the fact that Slidell must act reasonably to limit its damages.

AUTHORITY: Instruction No. 26 of Draft #1 of The Court's Instructions to the Jury; 4 *Minnesota Jury Instruction Guides* § 20.65, at 80 (modified).

**END OF DOCUMENT**