UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Slidell, Inc.,

Plaintiff,

v.

Millennium Inorganic Chemicals Inc.,

Defendant.

Court File No. 02-CV-213 (JRT/FLN)

**SLIDELL, INC.'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

---

Plaintiff Slidell, Inc. submits the following supplemental jury instructions.

No. 15A Contract – Elements And Breach .................................................. 2
No. 15B Millennium's Defenses to Slidell's Breach of Contract Claim......... 5
No. 15C Slidell's Defenses to Millennium's Breach of Contract Claim......... 10
No. 25A Promissory Estoppel – Elements .................................................. 11

Dated: February 10, 2005

s/ Wade S. Davis

Thomas S. Fraser (#31641)
Jeffrey W. Post (#271883)
Jeffrey W. Jones (#311418)
Wade S. Davis (#326860)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

ATTORNEYS FOR SLIDELL, INC.

**<u>SLIDELL'S SUPPLEMENTAL PROPOSED INSTRUCTION NO. 15A</u>**

**CONTRACT – ELEMENTS AND BREACH**

Both Slidell and Millennium agree that they had a valid and enforceable contract. Both parties, however, allege that the other party breached that contract. A contract is breached when there is a failure, without legal justification, to perform a substantial or material part of the contract. As a general rule, a breach of contract by one party excuses performance by the other party.

Slidell alleges that Millennium materially breached the contract in five ways.

- It breached the express terms of the contract.
- It failed to carry out part of the contract that requires immediate performance.
- It failed to seasonably agree on specifications or failed to cooperate in performing the contract.
- It repudiated its obligation to perform the contract. A party repudiates the contract if it makes it clear by words or conduct that it will not perform the contract, places itself in the position where it cannot perform the contract, demands that the other party perform outside of the contract as a precondition of its performance, or otherwise prevents the contract's performance.
- It failed to fulfill its duty of good faith and fair dealing. Under Minnesota law, every contract has an implied duty of good faith and fair dealing. "Acting in good faith" means a person acts honestly in performing the contract. "Fair dealing" means that one party will not deprive the other party of its expected benefits under the contract or unjustifiably hinder the other party's performance of the contract.

In order to find for Slidell on its claim of breach of contract, you must find all of the following by a greater weight of the evidence:

1. Millennium breached a material part of the contract;
2. Millennium's breach was not legally justified or excused by any act or omission on the part of Slidell; and
3. Slidell was damaged by Millennium's breach.

Millennium alleges that Slidell breached the contract by stopping performance on the contract and initiating this lawsuit. This action, if not excused by an earlier breach by Millennium, constitutes a material breach of the contract.

---

**Elements of Breach:** *I-Systems v. Softwares, Inc.*, 2004 WL 742082, *4 (D. Minn. 2004) (Tunheim, J.); R. Kehoe, JURY INSTRUCTIONS FOR CONTRACT CASES § 2.02 (1995).

**Failure to Carry Out Part of the Contract That Requires Immediate Performance:** MINN. CIVJIG 20.45.

**Failure to Seasonably Cooperate:** MINN. CIVJIG 20.45; Minn. Stat. § 336.2-311(3).

**Types of Repudiation:** Anticipatory repudiation constitutes a breach of contract. MINN. CIVJIG 20.45; *Space Center, Inc. v. 451 Corp.*, 298 N.W.2d 443, 450 (Minn. 1980) (When a party "places itself in a position where it cannot perform the contract, or where the party otherwise prevents performance of the contract, the other contracting party may treat the contract as anticipatorily breached.")

**Repudiation By Requiring Performance Outside the Contract as a Condition of Performance:** *Unique Systems, Inc. v. Zotos Int'l, Inc.*, 662 F.2d 373, 377 (8th Cir. 1980) ("If a party to a contract demands of the other party a performance to which he has no right under the contract and states definitively, that unless his demands are complied with, he will not render his performance, an anticipatory repudiation has been committed."); UCC § 2-610 cmt. 2 ("statement of intention not to perform except on conditions which go beyond the contract… becomes repudiation.").

**Good Faith and Fair Dealing:** Slidell submitted a memorandum in support of its instruction regarding good faith and fair dealing entitled "Slidell's Memorandum in Support Regarding Duty of Good Faith and Fair Dealing." (Docket No. 312).

## SLIDELL'S SUPPLEMENTAL PROPOSED INSTRUCTION NO. 15B

## MILLENNIUM'S DEFENSES TO SLIDELL'S BREACH OF CONTRACT CLAIM

A party that breaches a contract may have its breach excused if the party possesses a legal justification for its breach. In this case, Millennium has alleged three legal justifications for its breach.

### Slidell's Prior Breach

Millennium argues that Slidell committed a material breach of contract prior to Millennium's material breach of contract. If you find that Slidell's decision to stop performance of the contract and initiate this lawsuit occurred before Millennium's breach, then Millennium's breach is excused.

### Waiver

Millennium has alleged the defense of waiver. To establish waiver, Millennium must prove three things:

1. Slidell had full knowledge of the facts, had full knowledge of its legal rights, and intended to relinquish its rights. If the waiver is implied by Slidell's conduct, Millennium must prove the heightened standard that (a) Slidell's actions were so clear and unequivocal that no other reasonable explanation of the conduct is possible, and (b) Millennium must relied upon the conduct to its detriment;
2. Slidell intentionally relinquished paragraph 12 of the Contract requiring all waivers to be in writing; and
3. Slidell did not continue to perform under a reservation of rights. If Slidell clearly communicated to Millennium that it reserved its rights, you cannot conclude that Slidell waived its rights.

Any waiver is solely limited to the specific legal right that was waived. If Slidell waived a specific breach by Millennium, then the breach is excused but not other breaches are waived.

**Equitable Estoppel**

Millennium has alleged the defense of "equitable estoppel." To establish equitable estoppel, Millennium must prove the following seven elements:

1. Slidell made a misrepresentation of material fact or was silent when it had a duty to speak.
2. Slidell knew or should have known that the representation was false.
3. Slidell intended Millennium to act upon the misrepresentation by breaching the contract.
4. Millennium lacked knowledge of the true facts.
5. Millennium did, in fact, rely in good faith upon the misrepresentation by breaching the contract and it was prejudiced as a result. If Millennium acted contrary to the contract in reliance on Slidell's misrepresentations, you cannot find that Millennium's reliance was in good faith unless you also find that Slidell waived both the no-waiver provision of the contract and the particular provision of the contract that Millennium breached.
6. Millennium did not engage in any misleading tactics, concealments, misrepresentations and/or defaults that exacerbated the situation.
7. Slidell's representations must be enforced to avoid injustice.

If you find that Millennium proved these elements, then Millennium's breach is excused.

**PRIOR BREACH INSTRUCTION**

Slidell submitted a memorandum in support of the prior breach part of this instruction entitled "Slidell's Memorandum in Opposition to Millennium's Breach of Contract Instruction." (Docket No. 319)

**Prior Material Breach Excuses Subsequent Breach**: "[A] party who first breaches a contract is usually precluded from successfully claiming against the other party." (Docket No. 140, p. 23 (Summary Judgment Order))

**WAIVER INSTRUCTION**

Slidell submitted a memorandum in support of the waiver portion of this instruction entitled "Slidell's Memorandum in Opposition to Waiver or Equitable Estoppel Jury Instruction." (Docket No. 356)

**Waiver Standard:** *Freitag v. Wolf*, 226 N.W.2d 868, 870 (Minn. 1975) (To establish waiver, a party must show the other party "had full knowledge of the facts, had full knowledge of … [its] legal rights, and intended to relinquish those rights."); *Hauenstein & Bermeister, Inc. v. Met-Fab Industries, Inc.*, 320 N.W.2d 886, 892 (Minn. 1982) (A waiver must "clearly be made to appear from the facts disclosed.")

**Heightened Standard for Implied Waiver:** *Hedged Inv. Partners, L.P.*, 578 N.W.2d 765, 771-72 (Minn. Ct. App. 1998) ("A course-of-conduct waiver is based on the theory of estoppel and requires detrimental reliance."); *Medicare Glaser Corp. v. Guardian Photo, Inc.*, 936 F.2d 1016, 1021 (8th Cir. 1991) ("If a waiver is implied from conduct, the conduct must be 'so consistent with and indicative of an intention to relinquish [the particular] right … and so clear and unequivocal that 'no other reasonable explanation of the conduct is possible.'").

**Must Waive No Unwritten Waiver Provision:** Paragraph 12 of the Contract states "Waivers shall not be binding unless set forth in writing and signed by the party allowing the waiver." (Contract Ex. 12) The court should enforce this provision. Minn. Stat. § 336.2-209(2) ("A signed agreement which excludes modification or rescission except by a signed writing cannot be otherwise modified or rescinded, but except as between merchants such requirement on a form supplied by the merchant must be separately signed by the other party."); *Infinity Products, Inc. v. Premier Plastics, LLC*, 2001 WL 1640105 * 3 (D. Minn. 2001) (Magnuson, J.) ("[C]ourts generally take a dim view of attempts to waive the statute of frauds. *** "In the normal case … courts should be careful not to allow the protected features of section 2-209(2) and (3) to be nullified by contested parol evidence."); *C.I.T. Corp. v. Jonnet*, 214 A.2d 620, 622 (Penn. 1965) (must waive no-unwritten modification provision in writing before any further consideration). It is against public policy to allow no-unwritten modification / waiver provisions to be waived easily. *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1286 (7th Cir. 1986).

**Reservation of Rights.** Minn. Stat. § 336.1-308:

> This section . . . is intended to apply in any situation where, before performance of a transaction has been made or completed, some dispute arises over the deal. In such situations, one party's failure to proceed with or to accept performance as demanded or tendered by the other may result in extensive liability for breach if the claim of the one so failing is rejected and the other's position is held to be valid. On the other hand going ahead with or continuing to receive performance as demanded or tendered and despite the dispute involves a risk of loss of rights by "waiver," "estoppel," "election" or accord and satisfaction". This election gives a party in such predicament the privilege, by "explicit reservation of rights" in any appropriate language, to continue to render or receive performance "in a manner demanded or offered by the other party" without jeopardy to the rights reserved when later asserted.

*See also* Minn. Stat. §§ 336.1-308, 2-703, 2-704; *McAlpine v. AAMCO Automatic Transmission, Inc.*, 46 F. Supp. 1232, 1251 (S.D. Mich. 1978) ("An election to continue performance does not constitute waiver of the right to damages for a breach.").

**Waiver Is Limited to Specific Breach Waived:** Paragraph 12 of the Contract states, "No waiver of a breach of any provision of this Contract shall constitute a waiver of any other breach of the provision or any breach of any other provisions of this Contract." (Ex. 12 (Contract))

**EQUITABLE ESTOPPEL INSTRUCTION**

Slidell submitted a memorandum in support of the equitable estoppel portion of this instruction entitled "Slidell's Memorandum in Opposition to Waiver or Equitable Estoppel Jury Instruction." (Docket No. 356)

**Equitable Estoppel Elements**: (Docket No. 140 (Summary Judgment Order, p. 35)).

**Identification of Representations:** As a threshold matter, Millennium cannot raise a defense of equitable estoppel because it has not explained what representations caused it to breach the contract.

**Millennium Must Prove Reasonable Reliance:** *Ridgewood Dev. Co. v. State of Minnesota*, 294 N.W.2d 288, 292 (Minn. 1980) ("[B]efore a court will examine the conduct of the party sought to be estopped, the seeker of the equitable remedy must demonstrate that he suffered some loss through his *reasonable reliance* on that conduct."); *West Concord Conservation Club*, 306 N.W.2d 893, 897 (Minn. 1981) (reliance must be in good faith); *Albachten v. Bradley*, 3 N.W.2d 783, 785 (Minn. 1942) (same).

**A Party Cannot Reasonably Rely on Inducements Which Contradict Contract Terms:** *Carlock v. Pillsbury Co.*, 719 F. Supp. 791, 829 (D. Minn. 1989) ("There cannot be reasonable reliance where the allegedly fraudulent promises directly contradict the terms of the contract."); (Contract, ¶ 12 (Ex. 12)) ("Waivers shall not be binding unless set forth in writing and signed by the party allowing the waiver.").

**Estoppel Must Be Unconscionable and Tantamount to Fraud:** *Oxley v. Ralston Purina Co.*, 349 F.2d 328, 335-36 (6th Cir. 1965) (quoting Williston).

**Equitable Estoppel Cannot Be Invoked By Party With Unclean Hands:** *Macomber v. Kinney*, 128 N.W. 1001, 1003 (Minn. 1910), *aff'd* in *Macomber v. Kinney*,130 N.W. 851 (Minn. 1911); *Moser v. Thorp Sales Corp.*, 256 N.w.2d 900, 908 (Iowa 1977) (A party cannot seek equitable estoppel if its "misleading tactics, concealments, misrepresentations and defaults exacerbated the situation.")

**Equitable Estoppel is a Question of Law for the Court to Decide:** *Northern States Power Co. v. City of Mendota Heights*, 646 N.W.2d 919, 925 (Minn. Ct. App. 2002) ("Equitable estoppel is a question of law subject to *de novo* review."; *State v. Ramirez,* 587 N.W.2d 595, 597 (Minn. Ct. App. 1999) ("The application of equitable estoppel presents a question of law.); *Olson v. Synergistic Tech. Bus. Sys., Inc.*, 2000 WL 54315 *1 (Minn. Ct. App. 2000) ("Similarly, equitable estoppel seeks to avoid injustice when one party relied on the other's words. These two claims are equitable in nature and thus, the trial court is not required to grant a jury trial.").

**SLIDELL'S SUPPLEMENTAL PROPOSED INSTRUCTION 15C**

**SLIDELL'S DEFENSES TO MILLENNIUM'S BREACH OF CONTRACT CLAIM**

A party that breaches a contract may have its breach excused if the party possesses a legal justification for its breach. In this case, Slidell has alleged one legal justification for its breach.

**Millennium's Prior Breach**

Slidell argues that Millennium committed a material breach of contract prior to Slidell's material breach. If you find that Millennium materially breached the contract before Slidell stoped performance and initiated this lawsuit, then Slidell's breach is excused.

---

Slidell submitted a memorandum in support of the prior breach part of this instruction entitled "Slidell's Memorandum in Opposition to Millennium's Breach of Contract Instruction." (Docket No. 319)

If Millennium is allowed to submit an equitable estoppel instruction to the jury, Slidell requests a reciprocal instruction. Specifically, Slidell believes that Millennium should be estopped from relying on the limitation of liability clause because of its representations and omissions.

**SLIDELL'S AMENDED PROPOSED INSTRUCTION 25A**

**PROMISSORY ESTOPPEL - ELEMENTS**

**[**Slidell has alleged that Millennium made a promise concerning European field support services that should be enforced against Millennium. Even if there was no contract between them, a party may be held to a promise made to another party according to the law of promissory estoppel. In order for Slidell to prevail on this claim, you must find by the greater weight of the evidence that:

(1) Millennium made a clear and definite promise to pay Slidell for field support services in Europe;

(2) It was reasonably foreseeable to Millennium that Slidell would rely on the promise;

(3) Slidell reasonably relied on the promise; and

(4) Slidell had losses or was disadvantaged because it relied on Millennium's promise.**]**

---

**Elements of Promissory Estoppel:** MINN. CIVJIG 20.50; *Del Hayes & Sons, Inc. v. Mitchell,* 230 N.W.3d 599, 594 (Minn. 1975) (citing Restatement of Contracts § 178, cmt. f. and 2 WILLISTON CONTRACTS § 533A 3rd ed.).

**The Question of Injustice Is for the Court to Decide:** Whether failure to enforce the promises would result in an unjust and unconscionable injury to Slidell is for the Court to decide. *Gange v. Septon*, 2004 WL 3090375 (Minn. Ct. App. 2004) ("The third element of promissory estoppel [whether the promise must be enforced to prevent injustice] is a question of law for this court."); (*Cohen v. Cowles Media Co.*, 479 N.W.2d 387, 391 (Minn. 1992) ("[T]he third step in a promissory estoppel analysis: Must the promise be enforced to prevent an injustice?… is a legal question for the court, as it involves a policy decision.").

#3077306\1