**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Slidell, Inc.,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>Millennium Inorganic Chemicals Inc.,<br><br>Defendant and Counterclaimant. | Court File No. 02-CV-213 (JRT/FLN)<br><br>**MILLENNIUM'S MEMORANDUM OF LAW IN OPPOSITION TO SLIDELL'S MOTION TO EXCLUDE LATE-PRODUCED ROVISYS DOCUMENT** |

## INTRODUCTION

During the discovery phase of this case, Slidell served a subpoena *duces tecum* on the RoviSys Company of Aurora, Ohio. RoviSys complied by producing many documents. In addition, during the week before trial began, RoviSys made a supplemental production by producing a three-page document via facsimile to both Slidell and Millennium. Millennium promptly added the document to its exhibit list. Slidell seeks to have that document excluded from evidence.

Slidell's motion is misguided because it seeks to prevent Millennium, a party, from introducing evidence based on the purported untimely production of a non-party, RoviSys. Slidell has no legal authority whatsoever for its motion. Rule 37, by its plain language, applies only to parties. Millennium was not at fault in any way. Millennium added the document to its exhibit list three days after becoming aware of the document.

Furthermore, the document at issue relates to a meeting between George Calvin, an employee of RoviSys, and Tom Hanson, an employee of Slidell, that occurred prior to the commencement of this lawsuit. Slidell hardly can claim surprise when it has had knowledge (or constructive knowledge) of the meeting for more than three years.

Moreover, Slidell's counsel were made aware of Mr. Calvin's role in the supervisory system during the discovery process but neglected to depose Mr. Calvin. When Slidell deposed Brian Polaski, another RoviSys employee, Mr. Calvin's name was mentioned *42 times*. Mr. Calvin also was mentioned in two other depositions -- six times by David Hughes and once by William Vogtmann in depositions that occurred in *April 2003 and May 2003*. Thus, Slidell bears responsibility for its failure to follow up on references to Mr. Calvin by conducting additional discovery at the proper time.

Thus, the Court should deny Slidell's motion.

## ARGUMENT

### I. MILLENNIUM SHOULD NOT BE PRECLUDED FROM OFFERING EXHIBIT D1715 INTO EVIDENCE.

#### A. Millennium Has Good Cause for Adding Exhibit D1715 to its Exhibit List on January 7, 2005, Only Three Days After RoviSys Produced the Document.

In the Court's Final Pretrial Order, the Court specified a deadline for the filing of exhibit lists. The Order provides, in part, that "[o]nly exhibits so listed shall be offered into evidence at trial, except for good cause shown." (Order dated June 28, 2004, at 2, ¶ 1(E).) By agreement, the parties extended the deadline to December 1, 2004, when trial was set for January 11, 2005.

The document that is the subject of this motion, Exhibit D1715, was produced by RoviSys to both Slidell and Millennium on January 4, 2005. (*See* Post Aff., (Dkt. No. 328), Exh. E.) Millennium added the document to its Amended Exhibit List three days later, on January 7, 2005. (*See* Dkt. No. 304.)

Millennium has "good cause" for not listing Exhibit No. D1715 on its December 1, 2004, exhibit list. Quite simply, RoviSys had not yet produced the document to Millennium at that time, and Millennium was unaware of its existence. When RoviSys produced the document,

Millennium promptly included the document on an amended exhibit list. Thus, the Court should reject Slidell's argument that Millennium has failed to adhere to the Court's final pre-trial order.

Moreover, Slidell cannot claim that Millennium's addition of one exhibit is inequitable. Since January 7, 2005, Slidell has filed a Third Amended Exhibit List, (s*ee* Dkt. No. 343), and a Fourth Amended Exhibit List, (*see* Dkt. No. 359), that have added *80 exhibits* to its collection, (*compare with* Dkt. No. 283). It appears that the vast majority of those 80 new exhibits, if not all of them, were available to Slidell prior to December 1, 2004.

**B. Slidell Cannot Rely on Rule 37(c)(1) to Prevent a Party from Offering into Evidence a Document that a Non-Party Failed to Produce in a Timely Manner.**

Slidell argues that Millennium should be precluded from offering Exhibit D1715 based on *Citizen's Bank v. Ford Motor Co.*, 16 F.3d 965 (8th Cir. 1994), and *Mawby v. United States*, 999 F.2d 1252 (8th Cir. 1993). (*See* Slidell Memo. (Dkt. No. 325) at 2.) These cases, however, are inapplicable because they construe Fed. R. Civ. P. 37(c)(1), which provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1).

By its plain language, Rule 37(c)(1) is directed only at the failure of a *party* to disclose information during the discovery process that the *party* was obligated to disclose. Rule 37(c)(1) does not contain any language concerning the failure of a *non-party* to respond to non-party discovery requests pursuant to Rule 45. None of the cases cited by Slidell in its memorandum stand for the proposition that a Court may exclude evidence that was produced in an untimely

manner by a *non-party*. (*See* Slidell Memo. (Dkt. No. 325) at 6, 8.) Therefore, Rule 37(c)(1) and its accompanying caselaw are not a proper basis on which to exclude Exhibit D1715.

## II. SLIDELL SHOULD NOT BE PERMITTED TO CONDUCT A DISCOVERY DEPOSITION OF MR. CALVIN.

At the end of its memorandum, Slidell adds two sentences requesting, in the alternative, that if the Court does not exclude Exhibit D1715, the Court then should permit Slidell to depose Mr. Calvin prior to his trial testimony. (*See* Slidell Memo. (Dkt. No. 325) at 8.)

The alternative relief Slidell seeks is essentially a modification of the Court's pre-trial scheduling order concerning discovery. To obtain such a modification, Slidell must satisfy the "good cause" requirement of Fed. R. Civ. P. 16(b), which requires that it establish (1) that it was "diligen[t] in attempting to meet the case management order's requirements" and (2) that its interest in a modification of the schedule exceeds "the existence or degree of prejudice to" Millennium. *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (internal quotations omitted).

Slidell cannot satisfy either prong of this test. As for the first prong, Slidell was well aware of Mr. Calvin during the discovery phase of this case. Mr. Calvin was mentioned repeatedly by witnesses in three other depositions. Slidell did not follow up by deposing Mr. Calvin at that time. Slidell cannot blame anyone but itself for its failure to depose Mr. Calvin during the discovery phase of the case. Slidell also cannot claim "surprise." The subject of Exhibit D1715 is a meeting between Mr. Calvin and Slidell's own Mr. Hanson. Slidell has known about that meeting (or is presumed to have known) ever since it occurred. In fact, Mr. Hanson acknowledged the meeting in his testimony yesterday. (*See* Trial Tr. at 2324-25.) The fact that Mr. Calvin made notes about the meeting does not alter that fact. If Mr. Hanson failed

to disclose the meeting to Slidell's counsel, that is not a reason for the Court to allow a deposition out of time.

As for the second prong, Millennium would be prejudiced in several ways by a ruling that Slidell may conduct a special deposition of Mr. Calvin in lieu of having Exhibit D1715 excluded from evidence. To prepare for and defend such a deposition would be a significant distraction from many other pressing matters. This is especially true given that Slidell waited until the completion of its own case-in-chief to seek a ruling on the issue. Millennium's counsel have waited patiently for five weeks and 15 trial days for Slidell to complete its few witnesses. Millennium's counsel now are intensely focused on winnowing down Millennium's line-up of witnesses and its documentary evidence so that its case can be squeezed into the few remaining trial days. To call a recess in the trial to allow a deposition is not practical in light of the already-tight schedule, and to require Millennium to spend time on a deposition at this late stage of this three-year-old case would be extremely unfair.

Furthermore, Slidell's claim that *it* would be prejudiced by the absence of a deposition is specious. Slidell would not be in a disadvantageous position relative to Millennium by not deposing Mr. Calvin. Millennium never deposed Mr. Hanson due to Slidell's tardy disclosure of its trade secrets theory. Thus, Millennium undertook the cross-examination of Mr. Hanson without knowing what his testimony would be. If the Court were to allow Slidell to depose Mr. Calvin, the Court's ruling would give Slidell the upper hand on that issue and, thus, work a prejudice to Millennium where no prejudice (*i.e.*, no imbalance in the level of preparedness) would otherwise exist.

Lastly, Slidell's request for a deposition is further unwarranted because it would impose additional burdens on a non-party. Mr. Calvin and the RoviSys Company already have been

inconvenienced considerably by this lawsuit. RoviSys produced many documents during the discovery period in response to Slidell's subpoenae, and it made supplemental productions closer to trial. RoviSys produced two witnesses for depositions in response to Slidell's subpoenae. Throughout the case, RoviSys has employed outside counsel, which has caused RoviSys to incur a significant amount of attorney fees. A special deposition would require RoviSys to incur yet more fees and also the additional costs associated with the additional time spent in Minneapolis. The burdens on this non-party give the Court yet additional reasons to deny Slidell's alternative request for a deposition of Mr. Calvin.

**CONCLUSION**

For the foregoing reasons, Millennium respectfully requests that the Court deny Slidell's Motion to Exclude Late-Produced RoviSys Document.

Dated: February 10, 2005

HALLELAND LEWIS NILAN & JOHNSON, P.A.

By: s/ Matthew E. Johnson

Michael T. Nilan Reg. No. 79224
Scott A. Smith Reg. No. 174026
Matthew E. Johnson Reg. No. 235945
Amanda M. Cialkowski Reg. No. 306514
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-1838

Attorneys for Defendant and Counterclaimant
Millennium Inorganic Chemicals Inc.