**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Slidell, Inc.,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>Millennium Inorganic Chemicals Inc.,<br><br>Defendant and Counterclaimant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Court File No. 02-CV-213 (JRT/FLN)<br><br>**MILLENNIUM'S MEMORANDUM OF LAW IN OPPOSITION TO SLIDELL'S JURY INSTRUCTION REGARDING BURDEN OF PROOF IN TRADE SECRET DAMAGES** |

## INTRODUCTION

Slidell has amended its proposed jury instructions on the issue of damages on its trade secret claim. Specially, Slidell seeks an instruction that would shift the burden of proof to Millennium to prove the amount of Millennium's unjust enrichment from the alleged misappropriation. Slidell's concept has been provisionally incorporated into the Court's second draft of its jury instructions.

Slidell's new proposed instruction does not reflect Minnesota law. Moreover, even if the Court were to adopt the rule of law urged by Slidell, the instruction would not be warranted because Slidell cannot satisfy the criteria for a burden-shifting instruction. Thus, the Court should reject Slidell's new proposed instruction.

## ARGUMENT

### SLIDELL HAS THE BURDEN OF PROOF AT ALL TIMES FOR ALL ELEMENTS OF ITS TRADE SECRETS CLAIMS.

### A. Slidell Proposed Instruction Is Inconsistent with Minnesota Law.

It is well-settled under Minnesota law that in a civil action, the "plaintiff has [the] burden of proving every essential element of case, including damages, by [a] fair preponderance of [the]

evidence. *See Zawels v. Edutronics, Inc.*, 520 N.W.2d 520, 523 (Minn. Ct. App. 1994) (MUSTA claim) (citing *Carpenter v. Nelson*, 101 N.W.2d 918, 921 (Minn. 1960). This long-standing general rule applies to claims brought under the Minnesota Uniform Trade Secrets Act ("MUTSA"). *See, e.g.*, *IKON Office Solutions, Inc. v. Dale*, 170 F. Supp. 2d 892, 897 (D. Minn. 2001) (holding that "the party asserting misappropriation must establish each factor to sustain its claim"); *accord Newleaf Designs, LLC v. Bestbins Corp.*, 168 F. Supp. 2d 1039, 1043 (D. Minn. 2001).

Slidell, however, seeks an instruction that would shift the burden of proving damages to Millennium under the theory that it is a defendant's burden to prove which of its alleged profits are attributable to the alleged misappropriation of trade secrets and which are not. In support of its proposed instruction, Slidell relies on *Westinghouse Elec. & Mfg. Co. v. Wagner Elec. & Mfg. Co.*, a patent-infringement case decided by the Supreme Court in 1912, and a small handful of cases derived from *Westinghouse*. (*See* Slidell Memo. (Dkt. No. 374) at 2-4.)

The Minnesota courts, and this Court, never have adopted the *Westinghouse* burden-shifting approach in the context of a MUTSA claim. Furthermore, the *Westinghouse* burden-shifting approach is inconsistent with the general statement of Minnesota law that a plaintiff always has the burden of proof on each element of a MUTSA claim, including damages. Thus, the Court should not adopt the *Westinghouse* burden-shifting approach in this case.

**B. Even if the Court Were to Adopt the Rule of Law Supporting Slidell's Proposed Instruction, the Rule Does Not Apply in the Present Circumstances.**

If the Court were to decide that the *Westinghouse* burden-shifting approach should govern in this case, Slidell's proposed instruction is nonetheless inappropriate because Slidell cannot satisfy the criteria for a burden-shifting instruction.

In *Westinghouse*, the plaintiff alleged that products sold by the defendant included features that had been disclosed by the plaintiff's patent and also included other features that had been developed exclusively by the defendant. The plaintiff attempted to meet its burden of proof on damages by questioning the defendant's employees about the profits derived from the product. Because the profits derived from infringing elements were so inextricably commingled and confused with profits from non-infringing elements, even the defendant's witnesses were unable to show what part of the defendant's profits was attributable to the plaintiff's patent.

The Court held that if a plaintiff "has exhausted all available means of apportionment, who has resorted to the books and employees of the defendant, and by them or expert testimony proved, that it was *impossible* to make a separation of the profits," then the burden of proof shifted to the defendant to show what portion of its profits were *not* derived from the plaintiff's patented elements. *See Westinghouse*, 225 U.S. at 620 (emphasis supplied.) But the Court also recognized the danger that some courts might construe the ruling as shifting the burden of proof onto the defendant, the Court reiterated that the "burden is not imposed by law; nor is it so shifted until after the plaintiff has proved the existence of profits attributable to his invention *and demonstrated that they are impossible of accurate or approximate apportionment*." *Id.* at 622 (emphasis supplied.) Thus, under *Westinghouse*, before the plaintiff can shift the burden of proving loss of profits onto the defending party, the plaintiff must demonstrate two things: (1) that the profits from the infringed matter are commingled and confused with the non-infringing articles and (2) that it is *impossible* for plaintiffs to prove, either through expert witnesses or through other evidence, the profits derived from the infringed matter.

Slidell cannot satisfy either of the two requirements of the *Westinghouse* burden-shifting approach. On the first requirement, Slidell has not demonstrated that its alleged trade secrets are

inextricably commingled with Millennium's own processes. This is so because Millennium did not experience any increase in profits whatsoever due to Slidell's alleged trade secrets. Slidell relies on documents in which Millennium expected to have cost savings and efficiencies, but those cost savings and efficiencies never materialized because Slidell never delivered the packaging equipment. To the extent that Slidell is relying on projections that assumed the delivery of new packaging equipment, those profits simply do not exist. In addition, greater efficiencies in the *production* of $TiO_2$ are of no value to Millennium without new *packaging* equipment. Millennium's total output of $TiO_2$ is constrained by its capacity to pack its product into sacks. Without any increase in packaging capacity, an increased production capacity is of no value.

Second, even if Slidell could demonstrate that Millennium somehow received some benefit from its alleged trade secrets, Slidell cannot show that it would be *impossible* to prove the profits allegedly derived from its alleged trade secrets. Slidell essentially concedes as much when it says that "it is difficult, if not impossible, to distinguish" between the two types of profits. (*See* Slidell Memo. (Dkt. No. 374) at 1.) Rather, Slidell merely argues that Millennium did not have any documents responsive to two document requests. (*See* Slidell Memo. (Dkt. No. 374) at 5-6.) But the failure of those two document requests to supply information pertaining to apportionment of damages cannot be attributed to Millennium. The situation is of Slidell's own making, primarily because Slidell did not disclose its theory of trade secret misappropriation until late in the case. Slidell had a full and fair opportunity to conduct discovery. Its failure to do so should not entitle it to avoid its burden of proof. Moreover, Slidell's own damages expert does not state that a calculation of the profits derived from Millennium's alleged misuse of

Slidell's trade secret is impossible. In fact, he made such a calculation and incorporated it into his expert testimony.

In sum, Slidell does not meet the standard of "impossibility" created by the Supreme Court in *Westinghouse*. Thus, even if the Court were to adopt Slidell's suggested rule of law, the Court should not give a jury instruction that shifts to Millennium the burden of proof on damages.

**CONCLUSION**

For the foregoing reasons, the Court should not give Slidell's proposed amended instruction on trade secret damages.

Dated: February 17, 2005

HALLELAND LEWIS NILAN & JOHNSON, P.A.

By: s/ Matthew E. Johnson

Michael T. Nilan Reg. No. 79224
Scott A. Smith Reg. No. 174026
Matthew E. Johnson Reg. No. 235945
Amanda M. Cialkowski Reg. No. 306514
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 338-1838
Facsimile: (612) 338-7858

Attorneys for Defendant and Counter-claimant Millennium Inorganic Chemicals Inc.