**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| Slidell, Inc.,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>Millennium Inorganic Chemicals Inc.,<br><br>Defendant and Counterclaimant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Court File No. 02-CV-213 (JRT/FLN)<br><br>**MILLENNIUM'S MEMORANDUM OF LAW CONCERNING SLIDELL'S ELECTION OF REMEDIES** |

## INTRODUCTION

Plaintiff is pursuing three causes of action against Millennium at trial -- breach of contract, promissory estoppel, and a violation of the Minnesota Uniform Trade Secrets Act ("MUTSA"). Part of Slidell's breach of contract claim (namely, the part that alleges a breach of Exhibit A and/or Exhibit B to the Contract) seeks a remedy for the same harm as that for which Slidell's MUTSA claim seeks a remedy. Slidell may not obtain a duplicative recovery for the same harm. Accordingly, Slidell is required under Minnesota law to make an election of remedies. Slidell must do so prior to the submission of the case to the jury. Thus, Millennium requests that the Court require Slidell to make such an election and that the Court also prepare its jury instructions and special verdict form accordingly.

## ARGUMENT

**SLIDELL MUST MAKE AN ELECTION OF REMEDIES TO PREVENT DUPLICATIVE RECOVERIES ON ITS BREACH OF CONTRACT CLAIM AND ITS TRADE SECRETS ACT CLAIM.**

**A. If the Court Permits Slidell to Pursue a MUTSA Claim,[1] Slidell Must Elect Either a Contract Remedy or a MUTSA Remedy for its Allegations Concerning its Proprietary Information.**

When a party possesses two or more inconsistent remedies, the doctrine of election of remedies[2] requires the party to choose one remedy or the other remedy but not both remedies. *See Hardware Mut. Cas. Co. v. Osman*, 14 N.W.2d 351, 355 (Minn. 1944). The purpose of the doctrine is "to prevent double redress for a single wrong." *First Bank, N.A. v. Northside Mercury Sales & Serv., Inc.*, 458 N.W.2d 424, 428 (Minn. Ct. App. 1990); *see also Jacobsen v. Yocum Oil Co.*, 1993 WL 152313, *4 (Minn. Ct. App. May 11, 1993) (citing *First Nat'l Bank v. Flynn*, 250 N.W. 806, 808 (Minn. 1933)).

The doctrine of election of remedies has been applied to prevent a double recovery when one type of damages award is subject to a multiplier. In *Johnson v. Jensen*, 446 N.W.2d 664 (Minn. 1989), the plaintiff pleaded a claim of trespass. At trial, a jury awarded the plaintiff $1,800 in compensatory damages and $9,000 in punitive damages. Of the $1,800 in compensatory damages, $1,500 was trebled (to $4,500) pursuant to a statute concerning damage

---

[1] Millennium wishes to remind the Court that Millennium continues to believe that Slidell's MUTSA claim is barred by Paragraphs 12 and 13 of the Contract, which state, respectively, that "Exhibit A shall exclusively govern the handling or disclosure of any confidential or proprietary information of either Owner or Contractor," (Exh. P-12, at 5, ¶ 11), and "Exhibit B shall exclusively govern the Owner's use of the therein described Systems Programming," (Exh. P-12, at 5, ¶ 12). Whether Slidell is permitted to pursue a MUTSA claim is a matter that must be decided prior to submission of the case to the jury. If the Court agrees with Millennium that Slidell's MUTSA claim is barred, then this motion would be moot.

[2] In a case in which a federal court has diversity jurisdiction, state law governs the issue of election of remedies if the issue "affects the outcome of the litigation." *Myzel v. Fields*, 386 F.2d 718, 740 n.15 (8th Cir. 1967). An election of remedies will affect the outcome of this trial. The verdict would be substantively different if Slidell were required to elect a remedy than if no election were required. Thus, state law governs.

to trees, shrubs, and brush. On appeal, the defendant argued that the damages award should be reversed because the plaintiff had received a duplicative recovery. The supreme court agreed and held that the treble damages portion of the verdict must be set aside because it was duplicative of the punitive damages award, which was greater. *Id.* at 666.

Slidell has alleged that Millennium improperly disclosed its proprietary information to the RoviSys Company and improperly used Slidell's confidential information and trade secrets in Millennium's own facilities. Slidell has alleged that this conduct gives rise to liability in two different ways -- first, that it constitutes a breach of contract (specifically, Exhibit A to the Contract) and, second, that it constitutes a violation of the MUTSA. Thus, in light of the applicable Minnesota caselaw, Slidell cannot pursue both a breach-of-contract claim and a MUTSA claim through the conclusion of the case.

**C. Slidell Must Make Its Election Prior to Submission of the Case to the Jury.**

In *Johnson,* the Minnesota Supreme Court was troubled by the fact that the trial court had not required the plaintiff to elect remedies prior to submission of the case to the jury. The failure to require any election prior to the verdict allowed the plaintiff to elect a remedy after the jury had spoken, which made the election both obvious and potentially prejudicial to the defendant. The error in that case was corrected on appeal by permitting the plaintiff to elect the greater recovery. But the court noted that, as a matter of proper procedure, "an election of remedies should be made *before the case is submitted to the trier of fact.*" *Johnson v. Jensen*, 446 N.W.2d 664, 666 (Minn. 1989) (emphasis added). Thus, pursuant to *Johnson*, Slidell must make its election of remedies prior to the Court's submission of the case to the jury.

## CONCLUSION

For the foregoing reasons, Millennium respectfully requests that the Court require Slidell to elect its remedies prior to submitting the case to the jury.

Dated: February 18, 2005

HALLELAND LEWIS NILAN & JOHNSON, P.A.

By: s/ Matthew E. Johnson

| | |
|---|---|
| Michael T. Nilan | Reg. No. 79224 |
| Scott A. Smith | Reg. No. 174026 |
| Matthew E. Johnson | Reg. No. 235945 |
| Amanda M. Cialkowski | Reg. No. 306514 |

600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-1838

Attorneys for Defendant and Counterclaimant
Millennium Inorganic Chemicals Inc.