**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

SLIDELL, INC.,

Plaintiff,

v.

MILLENNIUM INORGANIC CHEMICALS, INC.,

Defendant.

Civil No. 02-213 (JRT/FLN)

**THE COURT'S INSTRUCTIONS TO THE JURY**

---

Now that you have heard the evidence and the argument, the Court will now give you instructions on the law and on your duties as jurors.

INSTRUCTION 1.

Written copies of the instructions the Court is about to give you will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than the Court's earlier instructions. Please remember that *all* instructions, whenever given and whether in writing or not, must be followed.

The lawyers have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by the lawyers and the law as stated by the Court in these instructions, you must follow the Court's instructions.

From the evidence you will decide what the facts are. You are entitled to consider the evidence in light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions whether you agree with it or not.

(Counsel: Please note that citations will not be on the final copies provided to the jurors.)

Model Civil Jury Instructions for the Eighth Circuit, § 3.01 (2001) *(m)*;
3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.01 (5th ed.) *(m)*.

INSTRUCTION 2.

At no time during the course of this trial have I intended to give any opinion or suggestion as to what I think your verdict should be – not in these instructions, or in any of my rulings, actions, or remarks.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

---

Model Civil Jury Instructions for the Eighth Circuit, § 3.02 (2001) (*m*);
3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.01 (5th ed.) (*m*).

INSTRUCTION 3.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A large corporation and a small corporation have an equal right to a fair trial. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be treated as equals.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 103.12 (5th Ed.).

INSTRUCTION 4.

The evidence in this case consists of the testimony of witnesses, documents and other things received as exhibits.

Please remember also what is not evidence.

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.
2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and not guess what the answer might have been, or consider any answer inadvertently given before I could sustain the objection.
3. Anything you saw or heard about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, you can use it only for one particular purpose, and not for any other purpose.

Please remember also that you should not be concerned with the terms "direct evidence" and "circumstantial evidence." The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

---

Model Civil Jury Instructions for the Eighth Circuit, § 1.02 (2001) *(m).*

INSTRUCTION 5.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions that reason and common sense lead you to draw from facts that have been established by the evidence in the case.

---

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.20 (5th ed.) *(m).*

INSTRUCTION 6.

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. A fact is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, ignore that term because it must not be applied. The greater weight of the evidence is the standard you must apply.

---

Model Civil Jury Instructions for the Eighth Circuit, § 3.04 (2001) *(m);*
3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*; § 104.03 (5th ed.) *(m).*

INSTRUCTION 7.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, you may believe only part of what a witness said, or you may believe none of what a witness said.

In deciding what testimony to believe, you may consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent misrecollection or lapse of memory, or whether it is an intentional falsehood. That may depend on whether the contradiction has to do with an important fact or only with a small detail.

---

Model Civil Jury Instructions for the Eighth Circuit, § 3.03 (2001) (*m*).

INSTRUCTION 8.

The testimony of a witness may be discredited or, as we sometimes say, impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive right to give the testimony of that witness such weight, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or you may give it such weight as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 105.04 (5th ed.) *(m).*

INSTRUCTION 9.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those witnesses that we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, or profession may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion. Slidell's witness, Arthur Cobb, and Millennium's witness, Phillip Williams, were qualified as experts to testify at this trial.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, then you may disregard the opinion entirely.

---

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 104.40 (5th ed.) *(m).*

INSTRUCTION 10.

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify in person may be presented on a video recording shown on the video monitor, or by a person reading the transcript of a deposition out loud. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified in person.

---

3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 105.02 (5th ed.) *(m).*

INSTRUCTION 11.

The parties agree that Slidell and Millennium entered into a valid contract effective March 17, 2000, for Slidell to construct, install, and commission packaging equipment and train Millennium's employees to use the equipment. The contract also contained both a Proprietary Information Disclosure Agreement and an Operating Software Licensing Agreement. The terms of the contract are contained in the written contract entitled "Contract Number 1561," Exhibit 12 in this case, together with any Change Orders you find to be fully executed and binding. You should, therefore, treat those facts as having been proved.

---

Model Civil Jury Instructions for the Eighth Circuit, § 2.03 (2001) (*m*);
3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 102.11 (5th ed.) (*m*).

INSTRUCTION 12.

Both Slidell and Millennium agree that they had a valid and enforceable contract. Both parties, however, allege that the other party breached that contract. A contract is breached when there is a failure, without legal justification, to perform a substantial or material part of the contract.

In order to find for Slidell on its claim of breach of contract, you must find all of the following by the greater weight of the evidence:

1. Millennium breached the contract;
2. Millennium's breach was not legally justified or excused by any act or omission on the part of Slidell; and
3. Slidell was damaged by Millennium's breach.

In order to find for Millennium on its counterclaim of breach of contract, you must find all of the following by the greater weight of the evidence:

1. Slidell breached the contract;
2. Slidell's breach was not legally justified or excused by any act or omission on the part of Millennium; and
3. Millennium was damaged by Slidell's failure breach.

There are several ways a party can breach a contract including:

1) Failing to perform an express term of the contract;
2) Failing to carry out part of the contract that required performance within a reasonable time;

3) Failing to carry out a term of the contract by preventing the term from being completed;

4) Repudiating its obligation to perform the contract; and

5) Failing to fulfill its duty of good faith and fair dealing.

Repudiation requires an overt communication of intent not to perform the contract, or an action that renders performance impossible or demonstrates a clear determination not to continue with performance. If a party demands that the other party perform an act that is not required under the contract, and states definitively that unless this demand is complied with it will not perform its obligations under the contract, then the party has repudiated the contract. A suggestion for modification of a contract, however, does not amount to repudiation unless the party makes it clear that it will not perform without the modification. A repudiation can be retracted by any method that clearly indicates to the aggrieved party that the repudiating party intends to perform its contractual obligations. Such retraction must occur prior to the other party materially changing its position or the other party indicating that it considers the repudiation to be final.

Under Minnesota law, every contract has an implied duty of good faith and fair dealing. "Acting in good faith" means a person acts honestly in performing the contract. "Fair dealing" means that one party will not prevent or make impossible the other party's performance.

---

Minnesota Practice, *Jury Instruction Guide* 20.45 (4th ed.) (*m*);
Minnesota Practice, *Jury Instruction Guide* 20.55 (4th ed.) (*m*);
*In Re Hennepin County 1986 Recycling Bond Litig.*, 540 N.W.2d 494, 502 (Minn. 1995).
Minn. Stat. § 336.2-311(3);
*Int'l Travel Arrangers v. NWA, Inc.*, 991 F.2d 1389, 1405(8th Cir. 1993);
*Unique Systems, Inc. v. Zotos Int'l, Inc.*, 622 F.2d 373 (8th Cir. 1980);
Minn. Stat. § 336.2-611.

INSTRUCTION 13.

A party that breaches a contract may have its breach excused if the party possesses a legal justification for its breach. The party asserting that its breach was excused must show that its breach was legally justified by the greater weight of the evidence.

In this case, Slidell has alleged one legal justification for its breach. Slidell argues that Millennium committed a material breach of the contract prior to Slidell's material breach. If you find that Millennium materially breached the contract before Slidell stopped performance and initiated this lawsuit, then Slidell's breach is excused. A breach is material if it defeats one of the primary purposes of the contract.

In this case, Millennium has alleged three legal justifications for its breach. First, Millennium alleges that Slidell waived Millennium's breach. In order for Slidell to have waived Millennium's breach, you must find that Slidell knew of its legal rights, intended to relinquish its rights, and unequivocally did so. If you find that Millennium breached particular provisions of the contract, in some way, but that Slidell knew of Millennium's breach and continued to exercise its rights under the contract and continued to demand performance after Millennium's breach, then Millennium's breach may be excused. Any waiver by Slidell is limited to the specific breach that was waived.

Second Millennium argues that Slidell committed a material breach of the contract prior to Millennium's material breach. If you find that Slidell materially breached the contact before Millennium materially breached the contract, then Millennium's breach is excused. A breach is material if it defeats one of the primary purposes of the contract.

Third, Millennium alleges the defense of "equitable estoppel." To establish equitable estoppel, Millennium must show that:

1) Slidell misrepresented a material fact or was silent when it had a duty to speak;
2) Slidell knew or should have known the representation was false;
3) Slidell intended Millennium to act on the representation;
4) Millennium lacked knowledge of the true facts; and
5) Millennium reasonably relied upon the misrepresentation to breach the contact.

---

*Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 510 (8th Cir. 1999);
*Freitag v. Wolf*, 226 N.W. 2d 868, 870 (Minn. 1975);
*Apollo v. Reynolds*, 364 N.W.2d 422 (Minn. Ct. App. 1985);
*Slidell v. Millenium Inorganic Chemicals, Inc.*, 2004 WL 1447921 (D. Minn. June 28, 2004).

INSTRUCTION 14.

If you find that one of the parties is in breach of the contract, you are to determine the amount of money that will fairly and adequately compensate the nonbreaching party for damages caused by the breach of the contract. The damages award, if any, should put the nonbreaching party in the position they would have been in, if the contract had not been breached by the other party. The damages award, if any, should not include interest.

The party asking for damages must prove by the greater weight of the evidence the nature, extent, duration, and consequences of the harm.

You must not decide damages based on speculation or guess, but damages need not be based on a mathematical certainty.

When considering damages, you should take care not to award double recovery. A party may not recover damages twice for the same harm.

Slidell is not seeking to recover the $8,822,850.64 that Millennium has already paid on the contract and has not included it in its damages calculations.

INSTRUCTION 15.

If you find for Slidell on its breach of contract claim, Slidell's damages are limited to direct damages up to the value of the contract. Direct damages are those that arise naturally in the usual course of things from the breach itself. Slidell is not entitled to indirect, incidental, consequential, or punitive damages. On this contract, Slidell is entitled to lost profits as direct damages, but Slidell is not entitled to lost profits on other contracts.

These limitations on damages do not apply to the "Proprietary Information Agreement," which is Exhibit A to the Contract, or the "Operating Software Licensing Agreement," which is Exhibit B to the Contract.

You have heard testimony that Slidell allegedly lost a number of sales of $TiO_2$ packaging equipment to other customers as a result of Millennium's conduct. The Court has ruled, however, that Slidell is not entitled to any damages for those alleged lost sales. Therefore, you may not award any damages to Slidell, under any theory of recovery, for its alleged lost sales of $TiO_2$ packaging equipment to other customers.

Any damages that are claimed by Slidell with respect to Millennium's alleged promise concerning European field support should only be awarded, if at all, on Slidell's promissory estoppel claim, Jury Instruction 20, and should not be taken into account on Slidell's breach of contract claim. The Court has previously ruled that there is no contract between the parties for European field support.

If you find for Millennium on its breach of contact claim, Millennium's damages are limited to direct damages up to the value of the contract. Direct damages are those

that arise naturally in the usual course of things from the breach itself. Millennium is not entitled to damages related to loss of use or loss of profits. Millennium is also not entitled to indirect, incidental, consequential, or punitive damages – including delayed benefits, mothballed investments, and building construction costs.

INSTRUCTION 16.

Slidell alleges that Millennium misappropriated trade secrets. In order to find for Slidell on their claim of trade secret misappropriation, you must find all of the following by the greater weight of the evidence:

(1) Slidell possessed a trade secret;

(2) Millennium acquired the trade secret as a result of its relationship with Slidell;

(3) Millennium used or disclosed the trade secret without express or implied consent from Slidell; and

(4) Slidell suffered harm as a direct result of Millennium's use or disclosure of Slidell's trade secret, or Millennium gained from such use or disclosure.

•

• Minnesota Practice, *Jury Instruction Guide* 40.25 (4th ed.) (*m*).
Minn. Stat. § 325C.01,
*I-Systems, Inc. v. Softwares, Inc.*, 2004 WL 742082, *4 (D. Minn. Mar. 29, 2004);
3 O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 127.10 (5th ed.) (*m*).

INSTRUCTION 17.

A trade secret is information that:

(1) Derives actual or potential independent economic value from not being generally known to, and not being readily ascertainable by, other persons who can obtain economic value from its disclosure or use; and

(2) Is the subject of reasonable efforts under the circumstances to maintain its secrecy.

A trade secret may consist of a formula, pattern, compilation, program, device, method, technique, process, or other type of information.

The existence of a trade secret is not negated merely because an employee or other person has acquired the trade secret without express or specific notice that it is a trade secret if, under all the circumstances, the employee or other person knows or has reason to know that the owner intends or expects the secrecy of the type of information comprising the trade secret to be maintained.

---

Minnesota Practice, *Jury Instruction Guide* 40.20 (4th ed.) (*m*);
*Electro-Craft Corp. v. Controlled Motion, Inc.* 332 N.W.2d 890, 898 (Minn. 1983);
Minn. Stat. § 325C.01.

INSTRUCTION 18.

If you find that the Millennium misappropriated Slidell's trade secrets, you must then determine what amount of damages, if any, will fairly compensate Slidell for any damages caused by Millennium's conduct. Slidell may recover both the actual loss caused by misappropriation and the unjust enrichment to Millennium caused by misappropriation that is not taken into account in computing actual loss. Slidell must prove its damages by the greater weight of the evidence.

In calculating any damages for unjust enrichment, you should not take into account any damages already considered in calculating actual loss.

You may not decide damages based upon speculation or guess, but damages need not be based on a mathematical certainty.

When considering damages, you should take care not to award double recovery. A party may not recover damages twice for the same harm. This principle applies if you award Slidell damages on its other claims as well. To receive separate awards of damages, Slidell must prove that it incurred separate and distinct injuries with respect to each award of damages.

---

Minn. Stat. § 325C.03.

INSTRUCTION 19.

Slidell may be entitled to additional damages if you find that Millennium willfully and maliciously misappropriated Slidell's trade secrets.

If you find that Millennium misappropriated Slidell's trade secrets, you must determine whether Millennium's misappropriation was willful and malicious. An act is willfully done if done voluntarily and intentionally and with the specific intent to commit such an act. An act is maliciously done, if prompted or accompanied by ill will or such gross indifference to the rights of others as to amount to a willful act done intentionally without just cause or excuse.

INSTRUCTION 20.

Slidell has alleged that Millennium made a promise concerning European field support services that should be enforced against Millennium. According to the law of promissory estoppel, a party may be held to a promise made to another party, even if there was no contract between them. In order for Slidell to prevail on this claim, you must find by the greater weight of the evidence that:

(1) Millennium made a clear and definite promise to pay Slidell for field support services in Europe;

(2) It was reasonably foreseeable to Millennium that Slidell would rely on the promise;

(3) Slidell reasonably relied on the promise;

(4) Slidell had losses or was disadvantaged because it relied on Millennium's promise; and

(5) Millennium's conduct was unconscionable.

---

Minnesota Practice, *Jury Instruction Guide* 20.50 (4th ed.) (*m*).

INSTRUCTION 21.

If you find for Slidell on its promissory estoppel claim, Slidell may recover all damages that are necessary to place it in the same position it would have been in had Millennium performed as promised.

---

*Cohen v. Cowles Media Co.* 479 N.W.2d 387 (Minn. 1992);
*Dallum v. Farmers Union Cent. Exchange, Inc.*, 462 N.W.2d 608, 613 (Minn. Ct. App. 1991).

INSTRUCTION 22.

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your deliberations.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without infringing on individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not change your opinion simply because other jurors think it is right, or simply in order to reach a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with the Court during your deliberations, you may send a note to me through the marshal, signed by one or more jurors. I will respond as soon as possible in writing. Remember that you should not tell anyone during your deliberations – including me – how the jury stands, numerically or otherwise.

*Fourth*, your verdict must be based solely on the evidence and on the law that the Court has given to you in these instructions. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal that you are ready to return to the courtroom.

---

Model Civil Jury Instructions for the Eighth Circuit, § 3.06 (2001) *(m).*