**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Slidell, Inc.,<br><br>Plaintiff and Counter-defendant,<br><br>v.<br><br>Millennium Inorganic Chemicals Inc.,<br><br>Defendant and Counter-claimant. | Court File No. 02-CV-213 (JRT/FLN)<br><br>**MEMORANDUM IN SUPPORT OF MILLENNIUM'S MOTION FOR PREJUDGMENT INTEREST** |

## INTRODUCTION

After a seven week jury trial, the jury returned a verdict in Millennium's favor. As the prevailing party, Millennium requests that the Court include in its judgment an award of pre-verdict and post-verdict interest.

## FACTS

The above-captioned matter came on for jury trial on January 11, 2005. The case was submitted to the jury at the conclusion of the trial on February 23, 2005. The jury returned its Special Verdict on February 24, 2005, a copy of which is attached as Exhibit A to Cialkowski Affidavit. The jury concluded that Slidell breached its contract with Millennium, that Slidell's breach was not legally justified, and awarded Millennium $4,822,850.64 on its breach of contract claim. Accordingly, this Court entered judgment on Millennium's behalf on March 31, 2005, a copy of which is attached as Exhibit B to Cialkowski Affidavit.

## ARGUMENT

In a diversity case, state law governs the award of prejudgment interest.[1] *Weitz Co., Inc. v. Mo-Kan Carpet, Inc.***,** 723 F.2d 1382, 1387 (8th Cir. 1983). In Minnesota, both statute and

[1] Millennium assumes that post-judgment interest will accrue daily from the date of judgment, and compound annually, until the judgment is satisfied, pursuant to 28 U.S.C. § 1961.

common law govern the award of prejudgment interest. *See* Minn. Stat. § 540.09; *Minnesota Supply Co. v. The Raymond Corporation*, 2004 WL 73589 (D. Minn. 2004); *UFE Inc. v. Methode Electronics, Inc.*, 808 F. Supp. 1407, 1419 (D. Minn. 1992). Section 549.09 provides that the prevailing party "shall receive" preverdict interest on pecuniary damages computed from the time of the commencement of the action, with a few limited exceptions that are not applicable here.[2]

"'Prejudgment interest is an element of damages awarded to provide full compensation by converting time-of-demand damages into time-of-verdict damages.'" *Minnesota Supply Co. v. The Raymond Corporation*, 2004 WL 73589 at *1 (quoting *Simeone v. First Bank Nat. Ass'n*, 73 F.3d 184, 190-91 (8th Cir. 1996)). Prejudgment interest is awarded to compensate the prevailing party for the loss of the use of the money owed. *Id.* An award of prejudgment interest includes both pre-verdict and post-verdict interest.

A. Pre-Verdict Interest

Prevailing parties are entitled to interest from the date of the commencement of the action, through the date of the verdict. Minn. Stat. § 540.09 (1)(b); *Minnesota Supply Co. v. The Raymond Corporation*, 2004 WL 73589 at *2; *see also Lienhard v. State of Minnesota*, 431 N.W.2d 865 (Minn. 1988) (interpreting Minn. Stat. § 540.09 and determining that interest is available "irrespective of a defendant's ability to ascertain the amount of damages").

The Court must calculate interest for the time Millennium was without the use of the money it had paid to Slidell. Millennium is entitled to interest from the time the lawsuit was commenced until the time of the verdict. Millennium filed its claim on March 1, 2002. The

---

[2] Millennium believes that there is no dispute but that it is the prevailing party because the net verdict is in its favor. Where one party wins a larger judgment, it is logically considered the prevailing party. *Hillside Enterprises v. Carlisle Corp.*, 69 F.3d 1410, 1416 (8th Cir. 1995)

interest rate for 2002 was 2 percent. *See* Minn. Stat. § 540.09. The amount of the verdict, $4,822,850.64, multiplied by 2 percent is $96,457.01. That results in an amount of $264.27 per day. March 1, 2002, was the 60th day of the year. Consequently, 305 days remained in 2002. Thus, the chargeable interest for 2002 is $80,602.35.

The interest rate for 2003-05 is 4 percent. *See* Minn. Stat. § 540.09. Thus, for each of the years 2003 and 2004, Millennium is entitled to pre-verdict interest in the amount of $192,914.03. For 2005, dividing $192,914.03 by 365 results in a daily interest rate of $528.53. The verdict was delivered on February 24, which was the 55th day of the year. Thus, for 2005, Millennium is entitled to pre-verdict interest in the amount of $29,069.15. The total amount of pre-verdict interest is $495,499.56. To reach a proper verdict amount, that figure should be added to the jury's amount of $4,822,850.64, for a total compensation award of $5,318,350.20.

B. Post-Verdict Interest

Minnesota Statute section 549.09 (1)(a) also allows that interest to be awarded from the time of the verdict to the time of entry of judgment. In this case, the verdict was rendered February 24, 2005. Judgment was entered on March 31, 2005. That results in a 35-day period.

Slidell is liable to Millennium for post-verdict interest from the time of the verdict to the time of entry of judgment. Assuming a total compensation award of $5,318,352.20, the corresponding daily interest amount would be $582.83.[3] Consequently, the Court should multiply the daily interest rate by 35 days Millennium was without the use of the award between the time of the verdict and the time judgment is entered, which results in post-verdict interest in

[3] Millennium believes that the pre-verdict interest should be added to the award before the post-verdict interest is calculated. Because pre-verdict interest is considered part of the compensatory damages necessary to make Millennium whole, post-verdict interest should be awarded on the total amount. Should the Court disagree, however, on the verdict of $4,822,850.64, the corresponding daily interest amount would be $528.53. Consequently, the Court should multiply the daily interest rate by 35 days Millennium was without the use of the award between the time of the verdict and the time judgment is entered, which results in post-verdict interest in the amount of $18,498.55. The total interest, therefore, would be $515,898.61, resulting in a judgment of $5,336,848.75.

the amount of $20,399.05. Added to the compensation award, the total amount of the judgment should be $5,338,751.25.

## CONCLUSION

For the foregoing reasons, Millennium asks that the Court add pre-verdict and post-verdict interest to the judgment in the amount of $513,998.11, resulting in a total judgment of $5,338,751.25.

Dated: April 14, 2005

HALLELAND LEWIS NILAN & JOHNSON, P.A.

By: s/ Amanda M. Cialkowski
Michael T. Nilan Reg. No. 79224
Scott A. Smith Reg. No. 174026
Matthew E. Johnson Reg. No. 235945
Amanda M. Cialkowski Reg. No. 306514
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-1838

Attorneys for Defendant and Counterclaimant
Millennium Inorganic Chemicals Inc.