**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Slidell, Inc.,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>Millennium Inorganic Chemicals Inc.,<br><br>Defendant and Counterclaimant. | Court File No. 02-CV-213 (JRT/FLN)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW IN MILLENNIUM'S FAVOR ON PLAINTIFF'S COMPLAINT** |

## INTRODUCTION

At summary judgment, Millennium contended that three separate affirmative defenses – (1) frustration of purpose, (2) total failure of performance, and (3) impracticability – barred Slidell's promissory estoppel claim against Millennium as a matter of law. Specifically, Millennium argued that any promise it allegedly made to Slidell to pay for European-based, long-term field support – the subject of Slidell's promissory estoppel claim – was predicated upon Slidell's subsequent completion, delivery, installation and commissioning of the four packaging machines intended for Stallingborough and LeHavre. Without the Slidell machines in Europe, Millennium had no need for *any* European field support from Slidell whatsoever. Accordingly, Millennium asserted, since it was undisputed that Slidell never did complete, deliver, install or commission any of the packaging machines intended for Europe, the three affirmative defenses enumerated above stood as absolute bars to Slidell's promissory estoppel claim against Millennium.

On June 28, 2004, the Court denied Millennium's motion for summary judgment upon the grounds that an unresolved issue of fact still remained – whether or not Millennium was at fault for Slidell's failure to complete, deliver, install and commission the Stallingborough and Le

Havre packaging machines. However, after six weeks of jury trial in January and February 2005, the jury resolved the question left open by the Court's summary judgment ruling: it determined that Slidell breached its contract with Millennium without justification or excuse and is therefore responsible for its failure to complete the Stallingborough and LeHavre packaging machines. Hence, as a matter of law, Millennium is *not* at fault for causing the frustration or impracticability.

As set forth in greater detail below, the jury's verdict conclusively establishes all of the elements to Millennium's affirmative defenses to Slidell's promissory estoppel claim, and Millennium is entitled to final judgment in its favor on Slidell's claim for promissory estoppel as a matter of law. Furthermore, because the promissory estoppel claim was the only claim in Slidell's Complaint upon which the jury found in Slidell's favor, Millennium is entitled to judgment in its favor as a matter of law on Slidell's Complaint in its entirety. Millennium submits that this Court should therefore vacate its entry of judgment in Slidell's favor on its Complaint against Millennium and direct the entry of judgment in Millennium's favor on all claims contained in Slidell's Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court is, of course, painfully familiar with the history and facts of this case, and Millennium will not provide a detailed recitation of all pertinent background matters here. For the purpose of this Motion, Millennium submits the following:

In 2003, Millennium moved for summary judgment in its favor as a matter of law on all counts and claims of Slidell's Complaint. As to Slidell's claim for promissory estoppel against Millennium, predicated upon Millennium's alleged promise to pay Slidell for European-based,

long-term field support[1] for the four Slidell packaging machines to be completed, delivered, installed and commissioned at Millennium's Stallingborough, United Kingdom and Le Havre, France plants, Millennium argued that because those four packaging machines were never completed or delivered by Slidell, three separate affirmative defenses – frustration of purpose, total failure of performance, and impracticability – stood in the way of Slidell's promissory estoppel claim. *See* Millennium's Memorandum of Law in support of its Motion for Summary Judgment, filed November 10, 2003 (Document No. 111), at 26-27.

In its ruling on Millennium's motion for summary judgment, the Court held that Millennium's reliance upon those defenses was premature, in that an open question of fact existed as to whether or not Millennium was responsible for Slidell's failure to complete and deliver the Stallingborough and Le Havre packaging machines:

> Finally, the Court cannot credit Millennium's affirmative defenses of frustration of purpose and impracticability at this time. Both defenses require that the party asserting the defense not be at fault for causing the frustration or impracticability. Because the Court does not grant Millennium's motion for summary judgment on the underlying breach of contract claim, these defenses do not entitle Millennium to summary judgment.

Memorandum Opinion and Order, dated June 28, 2004 (Document No. 140), at 38.

The case thereafter proceeded to trial on Slidell's claims for breach of contract, violation of the Uniform Trade Secrets Act, and promissory estoppel against Millennium, and

[1] As the Court knows, the parties' March 17, 2000, contract encompasses Slidell's services relating to the completion, delivery, installation and commissioning of all seven packaging machines, including the four European ones. Where a written contract exists, as a matter of law and as the Court has previously found, the doctrine of promissory estoppel cannot lie. *Waldor Pump & Equipment Co. v. Envirex, Inc.*, 1993 U.S. Dist. LEXIS 13315, *37 (D. Minn. 1993); Memorandum Opinion and Order, dated June 28, 2004, at 35. Accordingly, Slidell's promissory estoppel claim is of necessity premised upon Millennium's promise to pay for long-term, post-commissioning European field support, which would only have been necessary after the Stallingborough and Le Havre machines were installed and operational.

Millennium's counterclaim for breach of contract against Slidell.[2] On February 24, 2005, the jury returned a verdict in favor of Millennium on Slidell's breach of contract and trade secret claims in Slidell's Complaint and on Millennium's Counterclaim against Slidell, and awarded damages in Millennium's favor against Slidell in the amount of $4,822,850.64. The jury also returned a verdict in favor of Slidell on the promissory estoppel claim in its Complaint against Millennium in the amount of $650,000.

Millennium submits that, from the evidence adduced at trial, the following facts are undisputed:

1. Millennium's principal purpose in promising to pay Slidell for long-term European field support was to maximize the Stallingborough and Le Havre packaging machines' productivity and up-time after they were up and running.

2. Millennium's promise to pay Slidell for long-term European field support was predicated upon Millennium's and Slidell's expectation that there would be packaging machines in Stallingborough and Le Havre in need of periodic service. Put another way, without the four packaging machines in Stallingborough and Le Havre, Millennium had no reason to seek long-term European field support from Slidell, and Slidell had no reason to offer it.

3. Slidell never completed, delivered, installed or commissioned the four packaging machines intended for Millennium's Stallingborough and Le Havre plants.

---

[2] As originally pled, Slidell's Complaint against Millennium consisted of claims for breach of contract (Complaint, section II(A)), equitable estoppel (section II(B)), *quantum meruit* (section II(C)), violation of the Uniform Trade Secrets Act (section II(D)), and promissory estoppel (section II(E)). Slidell's equitable estoppel claim was dismissed by the Court in its June 28, 2004, ruling on Millennium's motion for summary judgment, and it withdrew its *quantum meruit* claim during trial. In its Counterclaim, Millennium asserted a breach of contract claim and a variety of equitable claims against Slidell; certain of the equitable claims were dismissed by the Court at the summary judgment stage, and the remaining equitable claims were withdrawn by Millennium during trial.

4. The jury's verdict on the parties' breach-of-contract claims in the case establishes that Millennium was not at fault for Slidell's failure to complete the packaging machines intended for Stallingborough and Le Havre.

Though the jury found for Slidell on its promissory estoppel claim, the jury was not asked to decide and did not consider the affirmative defenses of frustration of purpose, total failure of performance, and impracticability raised by Millennium in its Answer and at the summary judgment stage.[3] As shown below, the jury's finding in favor of Millennium on the parties' breach of contract claims conclusively establishes each of Millennium's affirmative defenses.

## ARGUMENT

### I. The Jury's Verdict On The Parties' Breach-Of-Contract Claims Necessarily Establishes Millennium's Right To Judgment In Its Favor As A Matter Of Law On Slidell's Promissory Estoppel Claim

The unresolved issue noted by the Court in its June 28, 2004, ruling denying Millennium's motion for summary judgment on Slidell's promissory estoppel claim – whether Millennium, as the party claiming frustration of purpose and impracticability, was at fault for causing those conditions – was answered loud and clear by the jury in its February 24, 2005, verdict. According to the jury, Slidell, and *not* Millennium, was at fault for Slidell's failure to complete and deliver the packaging machines covered by the parties' contract. That being the case, Millennium submits that each of the three affirmative defenses it raised in its Motion for Summary Judgment – frustration of purpose, total failure of performance, and impracticability –

[3] Millennium maintains that promissory estoppel is an equitable doctrine to be decided by the Court, not the jury. *Olson v. Synergistic Tech. Bus. Sys., Inc.*, 628 N.W.2d 142 (Minn. 2001); *see also* Millennium's Memorandum of Law in Opposition to Slidell's Motion to Present Promissory Estoppel Claim to Jury, dated January 10, 2005 (Document No. 330). Accordingly, these defenses were and remain issues for the Court, not the jury, to decide. More importantly, the only unresolved question of fact attendant to Millennium's affirmative defenses was whether Millennium was at fault for causing the events giving rise to the frustration or impracticability; that issue was submitted to the jury, of course, and decided by the jury in Millennium's favor.

has now been conclusively established as a matter of law. Each of these defenses is set forth in detail in the following paragraphs.

**A. <u>Frustration of Purpose.</u>**

The doctrine of frustration of purpose is contained within Section 265 of the Restatement (Second) of Contracts. It provides the following:

> Where, after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged, unless the language or the circumstances indicate the contrary.

Section 265 of the Restatement (Second) of Contracts has been adopted as the law in Minnesota. *J.J. Brooksbank Co. v. Budget Rent-A-Car Corp.*, 337 N.W.2d 372, 377 (Minn. 1983); *City of Savage v. Formanek*, 459 N.W.2d 173, 176 (Minn. App. 1990), *rev. denied* (Minn. Oct. 25, 1990); *National Recruiters, Inc. v. Toro Co.*, 343 N.W.2d 704, 707 (Minn. App. 1984); *see also Viking Supply v. National Cart Co., Inc.*, 310 F.3d 1092, 1096-97 (8th Cir. 2002) (applying Minnesota law).

For the defense of frustration of purpose to apply, three conditions must be met:

1. The party's principal purpose in making the contract is frustrated;
2. Without that party's fault;
3. By the occurrence of an event, the non-occurrence of which was a basic assumption on which the contract was made.

*National Recruiters, Inc.*, *supra*, *City of Savage*, *supra.*; *Viking Supply*, *supra.*

*City of Savage* illustrates the correct application of the doctrine of frustration of purpose. In that case, a municipality and a landowner entered into an assessment agreement by which the municipality extended, and the landowner agreed to pay for, water and sewer service to the landowner's property for the purpose of including the landowners' property within an industrial

development project. However, after the water and sewer improvements were completed and the landowner made an initial assessment payment, the Army Corps of Engineers assumed control over the development of the property and blocked all industrial development on it. As a consequence, the landowner stopped making assessment payments, the municipality sued the landowner for breach of contract, and the landowner claimed, *inter alia*, the defense of frustration of purpose.

The trial court found that the doctrine of frustration of purpose applied, and the Minnesota Court of Appeals affirmed that ruling. The Court of Appeals found that both the municipality and the landowner understood that the principal purpose of the assessment agreement was to provide for the industrial development of the landowner's property; the Army Corps of Engineers' assertion of authority over the property made that purpose impossible. 459 N.W.2d at 176-177. The landowner did nothing to cause the Corps of Engineers to assume authority over the property. 459 N.W.2d at 177. Finally, had the landowner or the municipality known of the Corps of Engineers' determination to exercise its authority over the property, they would not have entered into the assessment agreement. Upon these facts, the Court of Appeals concluded that all of the elements necessary to establish the doctrine of frustration of purpose had been satisfied by the landowner.

Similarly, in *Viking Supply*, *supra*, a manufacturer of "shopping cart corrals," used by large retailers for the placement, handling and storage of shopping carts, entered into a sales distribution agreement by which the distributor would sell shopping cart corrals only to two specific customers; the manufacturer retained the right to market directly to all other potential customers. After nearly four years under this arrangement, one of the two targeted customers informed the manufacturer that it was dissatisfied with the distributor's service and pricing and

would no longer purchase shopping cart corrals from the distributor. As a result, the manufacturer terminated the distributorship relationship with the distributor, and the distributor claimed that the manufacturer breached the agreement by doing so. The manufacturer raised the defense of frustration of purpose, claiming that the substantial purpose of the distributorship agreement was frustrated when the customer refused to buy shopping cart corrals from the distributor.

The Eighth Circuit affirmed the District Court's grant of summary judgment in favor of the manufacturer based upon the doctrine of frustration of purpose. As the Eighth Circuit held:

> Target's [customer's] willingness to buy National Cart corrals from Viking [distributor] was clearly the basis of the contract. National Cart's essential purpose in selling corrals to Target through Viking, with or without competition, was frustrated by the occurrence of an event. This event was Target's unwillingness to do business with Viking. This event completely frustrated the basic assumption upon which the contract was made and without which the contract would make no sense.

310 F.3d at 1096-97. The Eighth Circuit also found that the manufacturer was not at fault in any way for the customer's unwillingness to do business with the distributor, and that the customer's refusal was not contemplated by either the distributor or the manufacturer at the time the distributorship agreement was reached. *Id.* Accordingly, as a matter of law, the doctrine of frustration of purpose applied.

Millennium submits that the undisputed facts of this case, viewed in light of the plain language of Section 265 and the courts' holdings in *City of Savage* and *Viking Supply*, unequivocally satisfy all three elements of the doctrine of frustration of purpose.

First, it is undisputed that Millennium's principal purpose in promising to pay for long-term, post-commissioning European support was to ensure that the packaging machines at Stallingborough and LeHavre would be serviced by Slidell with a minimum of delay. That purpose obviously hinged *entirely* upon the presence of the packaging machines in

Stallingborough and LeHavre; Millennium had no interest in post-commissioning technical support for machines it would never receive. Slidell's failure to complete the Stallingborough and Le Havre packaging machines frustrated Millennium's principal purpose underlying its promise to pay for long-term European technical support — keeping the Stallingborough and Le Havre machines running. *See, e.g., City of Savage,* 459 N.W.2d at 176 (the principal purpose "must be so completely the basis of the contract that, as both parties understand, without it the transaction would make little sense"); *Viking Supply*, 310 F.3d at 1096.

Second, the jury found the Slidell's failure to deliver, install and commission the packaging machines at Stallingborough and LeHavre was not Millennium's fault. That finding establishes, as a matter of law, the second condition to the applicability of the doctrine of frustration of purpose – that the party claiming frustration not be at fault for causing it.

Finally, Millennium's purpose in offering to pay for long-term European technical support was unequivocally premised upon the assumption that Slidell would complete the packaging machines, deliver them to Stallingborough and LeHavre, install them, and commission them as per the terms of the Contract. The event giving rise to the application of frustration of purpose here – that Millennium would never receive the Stallingborough and Le Havre machines – was wholly outside the parties' basic assumption that Slidell would complete its contractual requirements. Hence, the third element of the doctrine is established.

Millennium's situation is particularly analogous to that of the landowner in *City of Savage*. There, the landowner entered into an agreement, and paid monies for, a purpose that never came to pass – development of the landowner's parcel for industrial purposes. As the Court of Appeals expressly noted, "[t]he [landowner] would have little use for sewer and water on a parcel of land they have held for 31 years if they could not sell or develop it." 459 N.W.2d

at 176. Similarly, Millennium had little (indeed, *no*) use for Slidell's long-term technical support on packaging machines Slidell never completed or delivered. If anything, this action presents a stronger case for application of the doctrine of frustration of purpose than does *City of Savage*, for in *City of Savage* the events giving rise to the frustration were occasioned by a third party, the Army Corps of Engineers – here, by contrast, the jury found Slidell to be responsible for Slidell's failure to complete and deliver the Stallingborough and Le Havre packaging machines.

In sum, Millennium submits that, as a matter of law, with the jury's verdict on the contract claims, it has now established all of the elements of the doctrine of frustration of purpose as expressed in Section 265 of the Restatement (Second) of Contracts and adopted by the Minnesota courts. Accordingly, for this reason alone, Millennium is entitled to judgment in its favor on Slidell's promissory estoppel claim as a matter of law.

**B. Total Failure of Performance.**

The doctrine of total failure of performance, found at Section 254 of the Restatement (Second) of Contracts, also applies to the facts of this case. It provides the following:

> (1) A party's duty to pay damages for total breach by repudiation is discharged if it appears after the breach that there would have been a total failure by the injured party to perform his return promise.
>
> (2) A party's duty to pay damages for total breach by repudiation is discharged if it appears after the breach that the duty that he repudiated would have been discharged by impracticability or frustration before any breach by non-performance.

Section 254's principles are also incorporated into Minnesota law. *Gibbs, Nathaniel (Canada) Ltd. v. International Multifoods Corp.*, 804 F.2d 450, 452 (8th Cir. 1986) (Minnesota law); *see also Acme Investments, Inc. v. Southwest Tracor, Inc.*, 105 F.3d 412, 416 (8th Cir. 1997) (Nebraska law).

In *Gibbs, supra,* a commercial peanut seller sued its buyer for breach of contract after the buyer rejected some 330,000 pounds of peanuts that initially failed importation inspection by the U.S. Food and Drug Administration, on the theory that the parties' contract permitted the seller the option of reconditioning any peanuts that initially failed FDA inspection. According to the Eighth Circuit, even assuming that the buyer's refusal to permit the seller an opportunity to recondition the substandard peanuts amounted to an anticipatory breach of the parties' contract, the record showed that the seller could not possibly have reconditioned the peanuts so as to satisfy the contract. Applying Section 254(1) of the Restatement, the Eighth Circuit held that because the seller was unable to perform its return promise – to deliver peanuts that conformed to the contract – the buyer was therefore entitled to judgment in its favor as a matter of law. 804 F.2d at 452.

In *Acme Investment, supra,* a party seeking to purchase real estate through exercise of an option sued for specific performance after the property owner refused to honor the option. The trial court found, and the Eighth Circuit agreed, that even though the prospective purchaser properly exercised the purchase option, the purchaser was not able to tender the purchase price within the option period. Thus, even though the owner was unequivocally in breach of the option agreement, under Section 254(1) of the Restatement the purchaser's inability to consummate the transaction entitled the owner to judgment in its favor as a matter of law. 105 F.3d at 416-17.

Though this case involves a claim for promissory estoppel and not an enforceable contract, the legal principles involved are identical. Millennium's promise, which Slidell claims to have relied upon to its detriment, was to pay Slidell for long-term, post-commissioning technical support for the Stallingborough and Le Havre packaging machines. Though the jury

found that Millennium reneged on that promise, it is undisputed that Millennium did so *before* the time of Slidell's return performance – when Slidell was to have provided the post-commissioning technical support on the installed-and-commissioned machines. Equally undisputed is the fact that, by virtue of Slidell's failure to complete the Stallingborough and Le Havre packaging machines, Slidell could never have provided that which Millennium was buying from it – technical support for the installed machines. Thus, under Section 254(1), as a matter of law Millennium must be deemed to be excused from its promise to pay for long-term European support.

As the Eighth Circuit concluded in *Gibbs*, 804 F.2d at 452:

> It is hypocritical for Gibbs [peanut seller] to have used a reconditioning method that left the peanuts substandard, then claim in court that another party – Adams [peanut buyer] – should bear the loss caused by this failure. It was Gibbs that neglected its one contractual and statutory right to recondition the peanuts. Adams should not be forced to pay damages for this error.

The same rationale holds here. Slidell's own conduct in breaching its contract rendered Millennium's alleged promise to pay for long-term European support valueless to Millennium – Millennium never received the machines that formed the basis for Millennium's promise in the first place. Millennium should not be forced to pay damages on account of Slidell's breach of its contractual obligations and its destruction of the premise upon which Millennium's promise was based. Section 254(1) of the Restatement, Millennium submits, is an absolute defense to Slidell's promissory estoppel claim and is established as a matter of law by the facts of this case.

For essentially the same reasons, Millennium submits that Section 254(2) of the Restatement also applies. The purpose of Millennium's promise to pay Slidell for post-commissioning technical support — the presence of operational packaging machines in Stallingborough and LeHavre — was rendered impracticable, and/or frustrated, by Slidell's failure to complete, deliver, install and commission the machines. The jury has held that

Millennium is not responsible for Slidell's failures. Accordingly, now that the jury has spoken, Section 254(2) also applies to relieve Millennium from liability, as a matter of law, on Slidell's promissory estoppel claims.

**C. <u>Impracticability.</u>**

Finally, the doctrine of impracticability, as set forth in Section 261 of the Restatement (Second) of Contracts, establishes a third independent basis for the entry of judgment as a matter of law in Millennium's favor on Slidell's promissory estoppel claim. Section 261 provides:

> Where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate the contrary.

Section 261 has also been adopted by the Minnesota state courts as Minnesota law. *J.J. Brooksbank Co. v. Budget Rent-A-Car Corp.*, *supra*, 337 N.W.2d at 377. Moreover, prior thereto, the doctrine of impracticability was recognized at common law by the Minnesota Supreme Court. *Powers v. Siats*, 244 Minn. 515, 520, 70 N.W.2d 344, 348 (1955).

The same facts that establish Millennium's defense to Slidell's promissory estoppel claim under Section 265 of the Restatement (Second) also create a defense under Section 261. Millennium promised to pay for long-term technical support that was necessary *only* if the packaging machines intended for Stallingborough and LeHavre were actually completed, delivered, installed and commissioned by Slidell. At the time Millennium promised to pay for European long-term, post-commissioning field support, it was understood by all concerned that Slidell would, in fact, complete, deliver, install and commission the Stallingborough and LeHavre machines. The jury has found that Millennium was not at fault for the failure of those events to occur. Accordingly, the elements to the defense of impracticability of performance are

satisfied, and Millennium is entitled to judgment in its favor on Slidell's promissory estoppel claim for this additional reason.

In sum, thus, the jury's verdict on the parties' breach of contract claims answers the only open question found by the Court at the summary judgment stage attendant to Millennium's three affirmative defenses – whether or not Millennium was at fault for Slidell's failure to deliver and complete the packaging machines. As the jury found, Millennium was *not* at fault. That being the case, Millennium submits that all of the elements to each of its defenses to Slidell's Promissory estoppel claim are conclusively established, and Millennium is entitled to judgment in its favor as a matter of law on Slidell's promissory estoppel claim.

## II. Because The Jury Found In Favor Of Millennium On The Remaining Counts And Claims Of Slidell's Complaint, Millennium Is Entitled To Judgment In Its Favor On Slidell's Complaint In Its Entirety

With judgment properly entered in Millennium's favor on Slidell's promissory estoppel claim against it, it is abundantly clear that the entire judgment in Slidell's favor on its Complaint cannot stand. The only claim supporting that judgment was Slidell's promissory estoppel claim; the jury found for Millennium on Slidell's breach of contract and trade secret claims, the only other claims in Slidell's Complaint to go to trial. That being the case, the entire judgment in Slidell's favor on its Complaint against Millennium should be vacated, and this Court should enter judgment in Millennium's favor on all counts and claims contained in Slidell's Complaint.

## CONCLUSION

Millennium is entitled to judgment in its favor as a matter of law on Slidell's promissory estoppel claims against Millennium. Because Slidell's promissory estoppel claim is the sole claim supporting the entry of judgment in Slidell's favor on its Complaint against Millennium, that judgment cannot stand. Accordingly, Millennium respectfully submits that this Court should vacate its March 31, 2005 entry of judgment in Slidell's favor on its Complaint against

Millennium and enter final judgment in favor of Millennium on all counts and claims of Slidell's Complaint.

Dated: April 14, 2005

HALLELAND LEWIS NILAN & JOHNSON, P.A.

By: s/ Amanda M. Cialkowski

Michael T. Nilan Reg. No. 79224
Scott A. Smith Reg. No. 174026
Matthew E. Johnson Reg. No. 235945
Amanda M. Cialkowski Reg. No. 306514
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-1838

Attorneys for Defendant and Counterclaimant
Millennium Inorganic Chemicals Inc.