UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Slidell, Inc.,

Plaintiff,

v.

Millennium Inorganic Chemicals, Inc.,

Defendant.

Court File No. 02-CV-213 (JRT/FLN)

**SLIDELL'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DETERMINE LIABILITY FOR WRONGFUL INJUNCTION**

## I. INTRODUCTION

Regardless of Millennium's success on its legal remedies, Millennium's failure to prevail on its equitable claims entitles Slidell to recover on the injunction bond. A series of decisions, most notably the Supreme Court's *Grupo Mexicano de Desorrollo, S.A. v. Alliance Bond Fund*, establishes Slidell's right to damages. Slidell requests that the Court (a) determine that Millennium is liable for a wrongful injunction and (b) set an evidentiary hearing to determine Slidell's damages flowing from Millennium's injunction.

## II. STATEMENT OF FACTS

Slidell's investment in the equipment ("Equipment") it was manufacturing for Millennium absorbed a large share of Slidell's resources. Slidell had over $3.8 million tied up in labor and overhead in the Equipment. (T 3739-40 (P. Williams)). Beyond the financial investment, the Equipment was taking up approximately one-half of Slidell's floor space. Affidavit of James McGregor, ¶ 45 (Docket #13).

If Slidell had been allowed to use Slidell's parts to sell the Equipment, Slidell's financial situation would have improved considerably. *Id.* Once this suit was filed and work on the

Equipment stopped, Slidell decided to try to sell the Equipment that was nearly complete and to utilize the parts purchased or built for the Equipment on other projects. *Id.* at 45. Also, Slidell planned to return any parts it could not use. *Id.* Slidell's mitigation efforts would have infused desperately-needed cash back into Slidell and would have prevented Slidell from incurring finance charges and facing collection actions. *Id.* at 43.

Slidell notified Millennium of its mitigation strategy, so Millennium would have a chance to inspect the Equipment. Memo. Op. and Order Granting Def.'s Mot. for a Prelim. Inj. at 6 (Docket #17). Slidell wanted to avoid any claim of spoliation of evidence. In response to Slidell's notice, Millennium inspected the Equipment.

During early 2002, Slidell had a narrow window of opportunity to sell the Equipment. Declaration of James McGregor ("McGregor Dec."), ¶ 2. The Equipment that was nearest to completion included three palletizers and a bagger. *Id.* This equipment was designed to meet European codes and had been metrified. *Id.* These modifications made the equipment unsuitable for the U.S. market. *Id.* In April 2002, Slidell was scheduled to attend a bi-annual, European trade show for packaging equipment manufacturers. At this trade show, numerous prospective customers were present. *Id.* At the hearing on the preliminary injunction, Slidell informed the Court about this limited opportunity. *Id.*

Millennium interfered with Slidell's mitigation plans by asserting an equitable interest in the Equipment. In response to Slidell's letters regarding Slidell's mitigation plans, Millennium sought a preliminary injunction. (Docket #5). Ultimately, the Court granted Millennium's motion for a preliminary injunction on April 17, 2002 ("Injunction"). (Docket #17). Millennium's basis for the Injunction was four equitable claims: equitable lien, constructive trust, replevin and specific performance. *Id.* The Injunction ordered the parties to meet

regarding storage costs. *Id.* The Injunction prevented Slidell from selling the Equipment, using the parts on other projects, or returning parts. *Id.*

Slidell had to bear the burden of storing the Equipment. McGregor Dec., ¶ 3. Slidell investigated the possibility of obtaining warehouse storage in the Owatonna area. *Id.* Millennium refused, however, to contribute to the storage costs. *Id.* Because of Slidell's financial condition, which was strained further by the Injunction, Slidell was unable to afford storage costs and had to store the Equipment on its production floor. *Id.* Although Slidell minimized the amount of floor space that the Equipment occupied (by stacking it), the Equipment still occupied 33.3 percent of Slidell's production floor. *Id.*

During the three years of the Injunction, the value of the Equipment declined. McGregor Dec., ¶ 4. First, Slidell's European operations failed after Millennium failed to meet its promises. *Id.* As Millennium admitted, a European buyer would be reluctant to buy Slidell equipment without Europe-based support. *Id.* Second, the warranties on the components of the Equipment have expired. *Id.* Third, many of the electronic components are out of date. *Id.* Fourth, Slidell's financial condition caused Slidell to lay off most of its work force, further hampering Slidell's ability to complete the Equipment. *Id.* As a result of these factors, the Equipment now has little value other than scrap. *Id.*

The Injunction's preclusion on using or returning parts cost Slidell dearly. McGregor Dec., ¶ 5. Slidell has incurred large interest, cost and finance penalties as a result of not being able to return the parts. *Id.* Moreover, some of Slidell's creditors became frustrated and initiated collection actions. *Id.* This caused Slidell to incur legal expenses in defending the actions. *Id.* Before the Injunction was issued, Slidell had begun the process of returning parts and was

negotiating to return additional parts. *Id.* The Injunction ended that process, imposing significant costs on Slidell. *Id.*

Millennium failed to prevail on its claims for permanent injunctive relief. Millennium's claims for equitable lien and constructive trust were dismissed in response to Slidell's summary-judgment motion. Mem. Op. and Order at 16-18 (Docket #140). Millennium's two remaining equitable claims, specific performance and replevin, were dismissed in response to Slidell's motion for a directed verdict. (T 3861:15-17; 3862:15-17).

## III. LEGAL STANDARD

### A. Right To An Evidentiary Hearing.

A wrongful injunction entitles the enjoined party to an evidentiary hearing on damages. Federal Rule of Civil Procedure 65(c) provides that no restraining order or preliminary injunction shall be issued unless the applicant provides security "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." *Id.* A party may make a claim against the bond if the injunction was wrongful. *Nintendo of America, Inc. v. Lewis Galloob Toys, Inc,* 16 F.3d 1032, 1036 (9th Cir. 1994). Where the damages flowing from the injunction are disputed, due process requires that the enjoined party receive an evidentiary hearing on the amount of damages. *Monroe Div., Litton Bus. Sys., Inc. v. De Bari,* 562 F.2d 30, 33 (10th Cir. 1977).

### B. Determination Whether Injunction Is Wrongful.

In determining whether an injunction is wrongful, the focus is on whether the enjoined party ultimately had the right to perform the enjoined conduct. *Nintendo* at 1036; *Curtis 1000, Inc. v. Youngblade,* 878 F.Supp. 1224, 1278 n.51 (N.D. Iowa 1995) ("The entitlement to recover on the injunction bond generally depends upon whether it is ultimately determined that the

enjoined party in fact had the right to pursue the conduct enjoined."). A party's failure to prevail at trial on its claim for permanent injunctive relief is a conclusive determination that the enjoined party ultimately had the right to perform the enjoined conduct and that the injunction was wrongful: "The Supreme Court held that the failure to carry their burden of proof on the permanent injunction was itself sufficient to show that the temporary injunction should not have been allowed." *Middlewest Motor Freight Bureau v. United States,* 433 F.2d 212, 243 (8th Cir. 1970), *citing Arkadelphia Milling Co. v. St. Louis S.W. Ry. Co.*, 249 U.S. 134, 144 (1919).

Even if a party prevails on its legal remedy, that party is still liable if it fails on its claim for injunctive relief. The only issue relevant to determining an injunction's wrongfulness is whether the enjoined party ultimately had the right to engage in the enjoined conduct, and "[t]he resolution of the merits is immaterial to the validity of petitioners' potential claim on the bond." *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 316 (1999).

## IV. ARGUMENT

### A. Millennium's Injunction Was Wrongful.

Millennium's failure to prevail on its claim for permanent injunctive relief means Millennium's injunction was wrongful. The Eighth Circuit held in *Middlewest Motor* that a party's failure to carry its burden of proof on a permanent injunction establishes that the preliminary injunction was wrongful. *Id.* at 243 (relying on the Supreme Court's holding in *Arkadelphia*, 249 U.S. at 144). Moreover, federal courts have routinely held that, where a party is granted a preliminary injunction, but fails to prevail on its claim for permanent injunctive relief, the preliminary injunction is by definition wrongful. *Nintendo*, 16 F.3d at 1036; *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1055 (2nd Cir. 1990); *Pendarvis v. Ormet Corp.*, 135 F.3d 1036, 1039-40 (5th Cir 1998) (applying Louisiana law);

*Sionix Corp. v. Moorehead,* 299 F.Supp.2d 1082, 1087 (S.D. Cal. 2003); *Silvers v. TTC Indus., Inc.*, 395 F.Supp. 1318, 1322 (E.D. Tenn.). Millennium failed to carry its burden of proof on its equitable claims, so Millennium's injunction was wrongful.

Additionally, a functional analysis of the injunction's impact shows that the injunction was wrongful, because Slidell ultimately had the right to perform the enjoined conduct. *Nintendo* at 1036; *Curtis 1000*, 878 F.Supp. at 1278. After a trial on the merits, Millennium had no basis to claim an interest in the Equipment. Millennium's equitable claims that gave it a putative interest were all dismissed. Absent an equitable interest in the Equipment, Millennium had no right to enjoin Slidell from selling the Equipment to another buyer. *Grupo Mexicano*, 527 U.S. at 330. Moreover, the Court noted that if Millennium lacked valid equitable claims, then the Court lacked the jurisdiction to issue an injunction. Memo. Op. and Order Granting Def.'s Mot. For a Prelim. Inj. at 7 (Docket No. 17). Millennium's ultimate failure to establish an equitable interest means that it had no right to interfere with Slidell's sale of the Equipment and that the Injunction was wrongful within the meaning of Rule 65(c).

**B. Millennium's Success On Its Legal Remedy Is Irrelevant To Slidell's Claim On The Bond.**

Although Millennium received a legal remedy for breach of contract, Millennium's success does not alter the fact that Millennium was not entitled to permanent equitable relief. As the following cases establish, courts have repeatedly recognized that a party's right to damages is distinct from its right to equitable relief. Accordingly, a party's success on its legal remedy does not excuse the party's failure to prevail on its equitable theories.

The Supreme Court held that there is a distinction between legal and equitable relief and that that distinction is critical to determining liability on the bond. In *Grupo Mexicano*, the plaintiffs were a group of investment funds who had purchased notes issued by the defendants,

Mexican toll road operators. 527 U.S. at 312. The defendants missed a payment on the notes and were allegedly making preferential payments to its Mexican creditors. *Id.* The plaintiffs obtained an injunction that precluded the defendants from transferring any assets. *Id.* Ultimately, the plaintiffs were able to obtain a judgment for $82,444,259. *Id.* at 313. On appeal, the defendants claimed that the preliminary injunction was wrongful. *Id.* at 313-14. Plaintiffs countered that their success on their legal remedy precluded a claim on the bond. *Id.* at 314. The Supreme Court reasoned that the resolution on the merits was immaterial to whether the defendants had been wrongfully enjoined, because the plaintiffs' right to an injunction was distinct from their success on the merits. *Id.* at 317. The Supreme Court declared: "[W]e **reject** respondents' argument that petitioners have no wrongful injunction claim because they lost the claim on the merits." *Id.* at 318 (emphasis added). The holding in *Grupo Mexicano* invalidates any argument that Millennium's success on its legal remedy insulates Millennium from liability for its wrongful injunction.

Likewise, the Second Circuit held that an applicant's success on its legal remedy did not prevent an enjoined party from making a claim against the bond. In *Blumenthal,* two brokers sought to enforce an arbitration provision against their former employer under the Federal Arbitration Act. *Id.*, 910 F.2d at 1051. The former employer countered by seeking both damages and a preliminary injunction that enjoined the brokers from working for a competitor. *Id.* After a hearing on the merits, arbitrators awarded the former employer $80,000 against one of the brokers, but denied the employer's requested permanent injunction and dissolved the preliminary injunction. *Id.* When the brokers sought recovery against the injunction bond, the former employer argued that its success on its legal remedy precluded the brokers from proceeding against the bond. *Id.* at 1055. In rejecting the employer's argument, the Second

Circuit noted that the wrongfulness inquiry focuses on whether "the enjoining party had at all times the right to do the enjoined act." *Id.* at 1054. "Put another way, the question is whether the plaintiffs 'ought not to have been enjoined.'" *Id.* at 1055. Despite the employer's success on its legal remedy, the Second Circuit held that the brokers could proceed against the bond, because the former employer did not prevail on its equitable claims. *Id.* at 1056. As *Blumenthal* illustrates, a party's entitlement to an injunction is an inquiry distinct from whether a party is entitled to a legal remedy. *Blumenthal* demonstrates Slidell is entitled to recover against the injunction bond regardless of Millennium's success on its legal remedy.

**C. The Injunction Is Not At Issue.**

The propriety of the Court's initial grant of the Injunction in this case is not at issue. Numerous cases hold that whether an injunction should have been granted initially is separate from the ultimate question of whether an injunction was wrongful. *Guzman v. Local 32B-32J, Serv. Employees International Union*, 72 F.3d 260, 263 (2d Cir. 1995); *Nintendo*, 16 F.3d at 1036 n.4; *Blumenthal*, 910 F.2d at 1054; *Sionix*, 299 F.Supp.2d at 1086; *Wainwright Secs. Inc. v. Wall Street Tr. Corp.*, 80 F.R.D. 103, 107 (S.D.N.Y. 1978). Moreover, these courts have recognized that the decision to grant an injunction can be proper even where the injunction ultimately is found to be wrongful. *Id.*

The *Nintendo* case demonstrates that the salient question is whether the enjoined party ultimately had the right to act in the manner enjoined, not whether the preliminary injunction should have been issued. In *Nintendo*, the Ninth Circuit upheld an injunction on appeal. *Id.* at 1036 n.4. At trial the plaintiff failed to obtain equitable relief. *Id.* The enjoined party then made a claim against the injunction bond. *Id.* Despite its previous affirmation of the preliminary injunction, the Ninth Circuit held that the plaintiff's failure to prevail on its permanent injunctive

relief ultimately made the injunction wrongful. *Id.; See also Wainwright*, 80 F.R.D. at 107 (reaching the same conclusion as the *Nintendo* court).

**D. Good Faith Is Not A Defense.**

Although Millennium might assert that it obtained its preliminary injunction in good faith, its subjective intent is irrelevant. The Ninth Circuit rejected the notion that good faith relieves a party from liability, noting that good faith is a minimal requirement for seeking an injunction and that a party should not be rewarded merely for meeting its inherent obligations as a litigant: "That a party lives up to this standard simply means that the party did what it ought to have done." *Nintendo* at 1037; *see also Waterjet Sys., Inc.*, 758 So.2d 505, 512 (Ala 1999) ("A party's good faith is irrelevant to its liability on the bond").

**E. Millennium's Dismissal Triggers Liability.**

Millennium's dismissal of its remaining equitable claims in response to Slidell's motion for a directed verdict does not relieve Millennium of liability for its wrongful injunction. First, whether Millennium's dismissal can be considered voluntary is doubtful in light of Slidell's directed verdict motion and Millennium's failure to offer proof on its equitable claims. Second, the Eighth Circuit has held that voluntary dismissal still triggers the dismissing party's liability for the wrongful injunction, unless the enjoined party agrees to waive liability. *Middlewest Motor*, 433 F.2d at 243; *Wainwright*, 80 F.R.D. at 106 (reaching the same conclusion as the Eighth Circuit). Slidell never agreed to waive Millennium's liability when it moved for a directed verdict on Millennium's remaining equitable defenses. Moreover, the stipulation vacating the injunction made it clear that Slidell was not waiving its claim on the bond. (Docket # 429).

**F. The Presumption Favors Execution On The Bond.**

Although some courts have held that a court retains discretion in determining whether to allow execution on the bond even if an injunction is wrongful, that discretion is tempered by a strong presumption in favor of allowing the wrongfully-enjoined party to execute on the bond. *Nintendo* at 1036 (majority of circuits have presumption in favor of execution on the bond). Underlying this presumption are the following four policy goals: (1) to discourage parties from seeking injunctions on tenuous legal grounds; (2) to assure judges that enjoined parties will be compensated for their losses if it later emerges the injunction was wrongful; (3) to preserve judicial resources by lessening the chance that the enjoined party will file a separate wrongful prosecution suit; and (4) to ensure that the party who sought extraordinary relief bears the burden of that relief. *Nintendo* at 1037; *Sionix Corp.*, 299 F.Supp.2d at 1086, 1089.

Three factors preclude this Court from exercising any equitable discretion to disallow Slidell's wrongful injunction claim. First, the language of Rule 65(c) is mandatory. Second, the Eighth Circuit has not recognized an equitable exception to Rule 65(c) that would give the Court the discretion to disallow Slidell from making a claim against the bond. Third, even if the Court had the discretion to block Slidell's wrongful injunction claim, nothing in the record warrants a departure from the presumption that Slidell is entitled to proceed against the bond.

Indeed, the record supports not departing from the presumption in favor of executing the bond for the following reasons:

- The jury's finding that Millennium breached the contract means that Millennium was ineligible for specific performance. Summary-Judgment Order at 6 (Docket No. 140) *citing Ellwood v. Mid States Commodities, Inc.*, 404 N.W.2d 174, 184 (Iowa 1987): *Boulevard Plaza Corp. v. Campbell*, 94 N.W.2d 273, 283 (Minn. 1959); *Golden Needles Knitting v. Dynamic Marketing*, 766 F. Supp. 421, 428 (W.D. N.C. 1991);

- Millennium did not dispute that it had ordered its employees not to cooperate on the LeHavre or Ashtabula equipment for over a year or that Millennium had suspended the LeHavre portion of the project. (T. 3060 (Dissaux); 2959-60 (Root); and Ex. P114.) Such conduct does not meet the standard of performing fairly, equitably, and honestly that is required for specific performance. Summary-Judgment Order at 6;

- The equipment that was most complete was three palletizers and a bagger, making this equipment the best candidate for resale. Nick Sands admitted that was nothing unique about the Slidell palletizers and was able to purchase replacement palletizer. (T. 1896-98.)

- Millennium did not even pursue its equitable claims at trial.

## V. CONCLUSION

Millennium's failure to prevail on its claim for permanent injunctive relief means that Millennium's preliminary injunction was wrongful. Because the preliminary injunction was wrongful, Millennium is liable for Slidell's damages resulting from the injunction. For these reasons, Slidell requests that the Court determine that Millennium is liable for a wrongful injunction and schedule an evidentiary hearing to determine Slidell's damages.

Dated: April 14, 2005

s/ Jeffrey W. Post
Thomas S. Fraser (#31641)
Jeffrey W. Post (#271883)
Jeffrey W. Jones (#311418)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

ATTORNEYS FOR SLIDELL, INC.

#3087651\1