UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Slidell, Inc.,

Plaintiff,

v.

Millennium Inorganic Chemicals, Inc.,

Defendant.

Court File No. 02-CV-213 (JRT/FLN)

**DECLARATION OF JAMES McGREGOR**

---

I, James (Jim) McGregor, declare under oath as follows:

1. I am the CEO of Slidell, Inc. ("Slidell"), and I hold the majority of its stock. I submit this affidavit in support of Slidell's Motion to Determine Liability for Wrongful Injunction.

2. Shortly after initiating this lawsuit, in early 2002, Slidell had a narrow window of opportunity to sell the Equipment. The Equipment that was nearest to completion included three palletizers and a bagger. This equipment was designed to meet European codes and had been metrified. These modifications made the equipment unsuitable for the U.S. market. Indeed, in April 2002, Slidell was scheduled to attend a bi-annual, European trade show for packaging equipment manufacturers. At this trade show, numerous prospective customers were present.

3. After the injunction was issued, Slidell had to bear the burden of storing the Equipment. Slidell investigated the possibility of obtaining warehouse storage in the Owatonna area. Millennium refused, however, to contribute to the storage costs. Because of Slidell's financial condition, which was strained further by the Injunction, Slidell was unable to afford storage costs and had to store the Equipment on its production floor. Although Slidell minimized

the amount of floor space that the Equipment occupied (by stacking it), the Equipment still occupied 33.3 percent of Slidell's production floor.

4. During the three years of the Injunction, the value of the Equipment declined. First, Slidell's European operations failed after Millennium failed to meet its promises. As Millennium admitted, a European buyer would be reluctant to buy Slidell equipment without Europe-based support. Second, the warranties on the components of the Equipment have expired. Third, many of the electronic components are out of date. Fourth, Slidell's financial condition caused Slidell to lay off most of its work force, further hampering Slidell's ability to complete the Equipment. As a result of these factors, the Equipment now has little value other than scrap.

5. The Injunction's preclusion on using or returning parts cost Slidell dearly. Slidell has incurred large interest, cost and finance penalties as a result of not being able to return the parts. Moreover, some of Slidell's creditors became frustrated and initiated collection actions. This caused Slidell to incur legal expenses in defending the actions. Before the Injunction was issued, Slidell had begun the process of returning parts and was negotiating to return additional parts. The Injunction ended that process, imposing significant costs on Slidell.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 14, 2005

s/ James McGregor
James McGregor

#3107354\1