# EXHIBIT A

halleland lewis nilan
sipkins & johnson PA

Attorneys at Law / P.A.
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-4501
Office: 612.338.1838 Fax: 612.338.7858
www.halleland.com

FILE COPY

**Scott A. Smith**
**Direct Dial: 612.204-4117**
**Email: ssmith@halleland.com**

April 23, 2002

Thomas S. Fraser
Jeffrey Post
Fredrikson & Byron, P.A.
1100 International Centre
900 Second Avenue South
Minneapolis, MN 55402

Re: Slidell, Inc. v. Millennium Inorganic Chemicals, Inc.
Court File No.: 02-CV-213 (JRT/FLN)
Our File: 50467-0001

Dear Tom and Jeff:

Judge Tunheim's Order of April 17, 2002 directs the parties to "meet and confer and reach agreement concerning storage of the subject equipment until a full determination of the merits can be made." We are prepared to do just that.

As we see it, the storage situation hinges upon whether or not Slidell has a present need for the production space currently being occupied by Millennium's machines. If Slidell does not have other contracts or work requiring the space to be freed up, it probably would make sense to store the machines and parts where they are currently situated. If, conversely, Slidell does need the production space which those machines and parts currently occupy, we will search for an appropriate storage facility. If Slidell knows of one, please share that with us.

Please let me hear from you at your earliest convenience regarding these issues.

Very truly yours,

Scott A. Smith

SAS:cjw

DN: 147311

# EXHIBIT B

Fredrikson
& BYRON

August 2, 2002

RECEIVED
AUG - 6 2002

VIA U.S. MAIL & FACSIMILE
Scott A. Smith, Esq.
Halleland, Lewis, Nilan, Sipkins & Johnson
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-4501

Re: Slidell, Inc. v. Millennium Inorganic Chemical, Inc.

Dear Scott:

Now that settlement talks have ended, the issue of storing the packaging equipment and parts ("Equipment") must be resolved. Slidell plans to move the Equipment currently stored at its Owatonna facility, off-site.

At this point, there are two off-site storage options: an unheated warehouse or a heated warehouse. Storage in a heated warehouse would be best to protect the Equipment.

Slidell's tentative exploration of the heated warehouse market suggests that the cost would be $4 to $5/square foot annually. Slidell estimates that the Equipment will occupy approximately 10,000 square feet and provided that the warehouse has adequate headroom. The cost of heated storage may exceed $100,000 for the duration. Also, the cost of handling and transporting the Equipment into storage will probably exceed $25,000, if the Equipment can be stored locally. If no local storage is available, these costs will be substantially higher. There may also be additional costs for rust inhibiting treatment for the Equipment prior to and during storage. Finally, there will be additional insurance costs for the Equipment during the storage period.

Pursuant to the Court's order, Slidell is willing to meet and confer in an effort to reach agreement on the storage issue. Please respond at your earliest convenience. If I have not heard from you

by August 7, 2002, Slidell will make storage arrangements and ask the Court for clarification of the parties' interim obligations.

Sincerely,

Thomas Fraser

**Direct Dial:** 612.492.7028
**Email:** tfraser@fredlaw.com

TF:wpc:2682893\1

cc: Mary McGregor, Esq. (Via Facsimile and Mail)
Jeffrey W. Post, Esq.

# EXHIBIT C

halleland lewis nilan
sipkins & johnson PA

Attorneys at Law / P.A.
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-4501
Office: 612.338.1838 Fax: 612.338.7858
www.halleland.com

**Scott A. Smith**
**Direct Dial: 612.204-4117**
**Email: ssmith@halleland.com**

August 7, 2002

***Via Fax and U.S. Mail***

Thomas S. Fraser
Fredrikson & Byron, P.A.
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, MN 55402

Re: Slidell, Inc. v. Millennium Inorganic Chemicals, Inc.
Court File No.: 02-CV-213 (JRT/FLN)
Our File: 50467-0001

Dear Tom:

I am writing in response to your letter of Friday, August 2, 2002, which arrived here by fax quite late in the afternoon and was not read by anyone here until the morning of Monday, August 5.

Millennium has been and remains interested in discussing with you and your client the mechanics and cost of storing Millennium's equipment to free up Slidell's production floor. You will recall that we first broached this issue in our letter to your office dated April 23, 2002. Unfortunately, we received no response from your office for over 3 months until your August 2, 2002 letter, which indicates that Slidell will act unilaterally on placing the equipment into storage unless some response is received from us by August 7, just two days after we became aware of your August 2 letter.

We would like to know more about the information your client has apparently obtained. Specifically, we would like to know what warehouses your client has investigated, where they are located, and what their rates, capacities and conditions are. We would also like to know more regarding the quotes your client may have obtained for transportation costs, rust inhibiting treatment, and additional insurance costs. We would also like a reasonable opportunity to investigate suitable storage arrangements if the facilities investigated by your client prove not to be satisfactory.

Although we are more than willing to meet and confer with you on these points, we do not agree that Slidell has any right to take unilateral action with regard to storage of the equipment after August 7. Again, we first raised the issue with you several months ago and received no response until now. We are committed to working in good faith to find a

mutually-agreeable solution to the storage situation. We do not agree that such an agreement can or should be reached in the two days you have arbitrarily allotted to the process.

For the purpose of arranging a meeting, my schedule is absolutely horrendous both this week and next. I could theoretically meet on August 16, or Tuesday through Friday of the week of August 19. I do not have any ability to meet any sooner than the dates indicated.

Please advise at your earliest convenience how you wish to proceed from here.

Very truly yours,

Scott A. Smith

SAS:cjw

# EXHIBIT D

Fredrikson
& BYRON

August 7, 2002

Scott A. Smith, Esq.
Halleland, Lewis, Nilan, Sipkins & Johnson
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-4501

Re: Slidell, Inc. v. Millennium Inorganic Chemical, Inc.

Dear Scott:

I have to take issue with your characterization that Slidell failed to respond to you regarding your offer to meet and confer on the issue of equipment storage. As I indicated in my past conversations with you, storing the equipment prior to the conclusion of settlement discussions would have been counterproductive. First, it would have caused needless expense if a settlement was reached. Second, putting the equipment in storage would have caused delay if Millenium had decided it had wanted the equipment. In order for production to have begun after storage, the parts would have had to have been reinventoried and the production floor rearranged.

Now that Millenium has decided to purchase other packaging equipment, there is no longer any justification for taking up Slidell's valuable production space with the equipment. Every additional day that the equipment remains on the floor, Slidell continues to experience expenses.

Although storage of the equipment should primarily be Millenium's responsibility, since the storage costs are entirely associated with Millenium's request for injunctive relief, your letter makes it clear that Millenium has not undertaken any effort to make arrangements for storage. So far Slidell has borne the injunction's entire burden: the injunction has caused Slidell to incur interest and other carrying costs on the parts associated with the equipment, damaged Slidell's relationships with its vendors, and cost Slidell the opportunity to market the equipment in Europe. Millenium should at least bear some of the costs for the relief it requested.

main 612.492.7000
fax 612.492.7077
www.fredlaw.com
Fredrikson & Byron, P.A.
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, Minnesota
55402-1425

Slidell is still willing to meet and confer regarding the storage issues and is willing to share the results of Slidell's storage inquiries with you as part of that process. If you are busy, perhaps Mike Nilan, Matt Johnson or someone at your firm can find time this week to deal with this issue. If Millenium is unwilling to meet yet this week, Slidell will make interim storage arrangements to free up production space by storing the equipment temporarily until Millenium decides to meet and confer or an order can be obtained from the court.

Very truly yours,

Jeffrey W. Post

**Direct Dial:** 612.492.7193
**Email:** jpost@fredlaw.com

JWP/cm/#2684774\1

cc: Mary McGregor
Thomas Fraser, Esq.

# EXHIBIT E

halleland lewis nilan
sipkins & johnson P.A.

FILE COPY

Attorneys at Law / P.A.
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-4501
Office: 612.338.1838 Fax: 612.338.7858
www.halleland.com

**Scott A. Smith**
**Direct Dial: 612.204-4117**
**Email: ssmith@halleland.com**

August 9, 2002

**VIA FACSIMILE & U.S. MAIL**
Jeffrey W. Post, Esq.
Fredrikson & Byron, P.A.
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, MN 55402

Re: Slidell, Inc. v. Millennium Inorganic Chemicals, Inc.
Court File No.: 02-CV-213 (JRT/FLN)
Our File: 50467-0001

Dear Jeff:

Thank you for your letter of August 7, 2002, which was not received by us until after the close of business that day. I was out of the office all day yesterday and have not had an opportunity to respond until now.

The only time I have available to meet with you today regarding the storage issue is between 3:00 p.m. and 4:00 p.m. Otherwise, I am not available until next Friday at the earliest. Because of the extremely short notice you have now twice given of your intention to unilaterally move Millennium's equipment into some undisclosed manner of storage, I am unable to have a Millennium representative attend or participate in any meeting today. Nor am I authorized today to commit Millennium to any particular storage arrangement or the cost thereof; Mr. Breslow is out of the country on business and cannot be readily reached today. With these understandings, if you want to meet between 3:00 p.m. and 4:00 p.m. today to discuss what specific plans Slidell is considering for the equipment (including location, transportation, insurance, environment and cost), and what Slidell believes an appropriate cost-sharing agreement would be, that would be fine; please advise me accordingly. I would be willing to come to your place, or you can come here -- it is not a long walk either way.

That having been said, however, I am deeply distressed by and disappointed in the course of events here and in the tone and substance of your August 7 letter. I recall no conversations between you and me regarding the storage issue after I sent my letter of April 23, 2002, which was intended to begin a dialogue on the storage question. Although I take it from your letter of August 7 that your recollection may differ, it is quite clear that nothing was reduced to writing and no specifics regarding location,

transportation or cost were ever discussed. Moreover, settlement negotiations broke down the last week in June, 2002; yet, we still heard nothing from you in response to the storage question until Tom Fraser's end-of-the-day letter of August 2, 2002, indicating that Slidell would act unilaterally if it received no response from Millennium by August 7.

We did, indeed, respond to that letter on August 7. We informed you that Millennium was more than willing to meet with you and to achieve agreement on the mechanics and costs of storage. I also asked you to provide those specifics to me. In response, we received your letter of August 7, 2002 which contains none of the specifics we requested, declares that Slidell will unilaterally make "interim storage agreements" and pejoratively suggests, in the final sentence, that Millennium has not yet decided to meet and confer.

Let me be plain. Millennium has been willing for months to meet and confer with Slidell on these storage issues, as our April 23 letter indicates. After 3 ½ months of silence from Slidell, you suddenly announce that Slidell will take immediate and unilateral action on the storage issue, without any explanation as to why such action is now imperative; you demand a totally unreasonable time frame for reaching an agreement prior to Slidell's commencement of unilateral action; and, you falsely accuse Millennium of not being willing to meet and confer with you on these issues. Such conduct and comments are starkly inconsistent with the tenor and tone of this litigation up to now, and we sincerely hope that they are not the harbinger of acrimony to come. Such would serve neither party's interests.

Finally, in the event that Slidell -- as it seems determined to do -- takes unilateral action to place Millennium's equipment in storage or otherwise takes any action inconsistent with the terms of the injunction, Millennium will take all appropriate steps to preserve and protect its rights under the injunction.

Again, please let me know if you want to meet this afternoon as suggested above.

Very truly yours,

Scott A. Smith

SAS:lmb
cc: Stuart G. Breslow
Michael T. Nilan
Matthew E. Johnson

# EXHIBIT F

Fredrikson & BYRON

September 17, 2002

**VIA TELEFAX**

Matthew E. Johnson, Esq.
Halleland, Lewis, Nilan, Sipkins & Johnson
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-4501

Re: **Slidell, Inc. v. Millennium Inorganic Chemical, Inc.**

Dear Mr. Johnson:

Please find enclosed Slidell's proposed Stipulation regarding the storage of the Equipment. It is my understanding that the lessor would be willing to modify the lease so it has a six month term. After the initial term, the lease would be month-to-month, and the lessee would have a right of first refusal on the space. This should address Paul Berwanger's concern regarding the lease's term.

Please let me know your thoughts regarding the storage stipulation as soon as possible. Slidell needs to utilize the current production space being occupied by the Equipment.

Also, I would like to inspect the Ashtabula documents on September 24 through September 26. If these dates do not work for Anker, please provide me with alternative dates.

Finally, I eagerly anticipate your proposed changes to the stipulation and protective order. Please provide me with your written comments at your earliest possible convenience.

Very truly yours,

Jeffrey W. Post

Jeffrey W. Post
**Direct Dial:** 612.492.7193
**Email:** jpost@fredlaw.com

JWP/cm/#2701227
cc: Mary McGregor, Esq. (via telefax)
Thomas Fraser, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Slidell, Inc.,

Plaintiff and Counter-Defendant,

v.

Millennium Inorganic Chemicals, Inc.,

Defendant and Counter-Claimant.

Court File No. 02-CV-213 (JRT/FLN)

**STIPULATION REGARDING STORAGE OF THE EQUIPMENT**

The parties in the above-captioned matter have reached the following stipulation regarding the storage of the seven partially-constructed titanium dioxide packaging machines, and all parts, subassemblies, or components (collectively hereinafter "Equipment") subject to the Court's Order Granting Defendant/Counterclaimant's Motion for a Preliminary Injunction:

1. Title to the Equipment shall continue to be retained by Slidell, Inc. ("Slidell") pending the outcome of the litigation in the above-encaptioned matter or until the parties mutually consent in writing;

2. The Equipment shall be stored at the warehouse described in the lease attached as Exhibit A ("Warehouse");

3. As title holder to the Equipment, Slidell shall be named as the Lessee in Exhibit A;

4. Millennium Inorganic Chemicals, Inc. ("Millennium") shall pay the rent required by Exhibit A and any subsequent extension of the lease until the above-captioned litigation is resolved or the parties mutually consent in writing. Millennium shall make the lease payments jointly payable to the Lessor and Slidell (as Lessee), and Slidell shall, promptly upon receipt of

such payments, endorse the payments over the Lessor for payment of the rent. Slidell will receive photocopies of the lease payment;

5. Millennium shall pay for the cost of shipping and handling for transferring the Equipment from Slidell's facility to the Warehouse;

6. Slidell shall continue to allow Millennium, its attorneys and any expert retained for trial, supervised access to the Equipment during its storage in the Warehouse, provided that Millennium provides reasonable advance written notice of its request for access, including the identity of all visitors seeking access. After receipt of Millennium's written request for access, the parties shall mutually agree upon the time for such supervised access. No photographs, videotapes, or other recordings of the Equipment shall be taken, unless they are subject to a protective order mutually agreed to by the parties;

7. The Equipment shall not be transported from the Warehouse until the above-encaptioned litigation is resolved or the parties mutually consent in writing.

8. Millennium shall be provided all insurance required by the lease and shall insure the Equipment at the value of $_______________. The insured value of the Equipment specified in this order shall be inadmissible for any purpose in this litigation. Nothing in this paragraph shall be construed to limit Millennium's ability to introduce evidence regarding the amount of progress payments it made to Slidell;

9. If either party brings a motion to enforce the terms of this stipulation or the related order, the prevailing party shall be entitled to its reasonable attorney fees and legal costs.

Dated:______________________

______________________________
Thomas S. Fraser (#31641)
Jeffrey W. Post (#0271883)
FREDRIKSON & BYRON, P.A.
4000 Pillsbury Center
600 Second Avenue South
Minneapolis, MN 55402
Phone: (612) 492-7000
Fax: (612) 492-7077

ATTORNEYS FOR PLAINTIFF

Dated:______________________

______________________________
Michael T. Nilan, Esq. (#79224)
Scott A. Smith, Esq. (#174026)
HALLELAND, LEWIS, NILAN,
SIPKINS & JOHNSON
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-4501
(612) 338-1838
(612) 338-7858 (fax)

ATTORNEYS FOR DEFENDANT

#2694985\1

SEP-17-02 05:42PM FROM- T-307 P.001/005 F-439

Fredrikson & BYRON

**FAX**

DATE: September 17, 2002

TO: Matthew Johnson

COMPANY: Halleland, Lewis, Nilan, Sipkins & Johnson, P.A.

FAX: (612) 338-7858

DIRECT DIAL: (612) 338-1838

FROM: Jeffrey W. Post

DIRECT DIAL: (612) 492-7193

TOTAL NUMBER OF PAGES (including this page): 5 pgs

COMMENTS:

17-09-02P05:38 RCVD

main 612.492.7000
fax 612.492.7077
www.fredlaw.com

Fredrikson & Byron, P.A.
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, Minnesota
55402-1425

OFFICES: Minneapolis, London AFFILIATES Mexico City, Warsaw, Montreal, Toronto, Vancouver

**CONFIDENTIALITY NOTICE**

The document(s) accompanying this fax contain confidential information which is legally privileged. The information is intended only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the telecopied information except its direct delivery to the intended recipient named above is strictly prohibited. If you have received this fax in error, please notify us immediately by telephone to arrange for return of the original document to us.

**FAX CENTER USE**

EMPL: 1414

C/M:

EQ. NO. ENTERED: 46328.0001

NAME: Jeff Post

EXT. 7193 / 39

VERIFIED: cm

IF YOU DO NOT RECEIVE ALL PAGES OR ARE EXPERIENCING OTHER PROBLEMS IN TRANSMISSION, PLEASE CALL 612.492.7835. THANK YOU.

09/17/2002 TUE 17:45 [TX/RX NO 9573]

# EXHIBIT G

halleland lewis nilan
sipkins & johnson P.A.

FILE COPY

Attorneys at Law / P.A.
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-4501
Office: 612.338.1838 Fax 612.338.7858
www.halleland.com

**Matthew E. Johnson, Esq.**
**Direct Dial: 612.573.2901**
**Email: mjohnson@halleland.com**

September 19, 2002

**VIA FAX & U.S. MAIL**

Jeffrey W. Post, Esq.
Fredrikson & Byron, P.A.
4000 Pillsbury Center
200 South Sixth Street
Minneapolis, Minnesota 55402

RE: <u>Slidell, Inc. v. Millennium Inorganic Chemicals, Inc.</u>
Case No. 02-CV-213 (JRT/FLN) (D. Minn.)
Our File No. 50467-0001

Dear Mr. Post:

I write in response to your September 17 letter, which I received yesterday.

Please send me, via e-mail and in Word format, your proposed stipulation concerning storage of the Equipment. I will return it to you with our proposed changes highlighted, and we can discuss them in greater detail thereafter. I can inform you now, however, that Millennium will not agree to pay 100% of the costs of transporting and storing the equipment. We believe that a 50%/50% sharing arrangement is fair and equitable and accounts for Slidell's interests in removing the Equipment from its manufacturing facility.

With respect to your request to inspect documents in Ashtabula, it appears now that they will be ready for inspection on either September 25 or 26. I note, as I've said before, that we will need to have a protective order in place before your inspection begins. On that issue, I remind you that I left you a voice-mail message on September 12 (one day after you e-mailed me your proposed stipulation for a protective order) asking you to call me to discuss the proposed stipulation. I have not received a response to that telephone call. I continue to believe that a

telephone conversation is the most efficient and most productive means of arriving at a final version of a stipulation that we can submit to the Court. Thus, please call me to discuss further.

Very truly yours,

Matthew E. Johnson

MEJ/lmb

cc: Stuart G. Breslow, Esq.
Michael T. Nilan, Esq.
Scott A. Smith, Esq.