**Exhibit A**

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A04-2057**

Sharon Pollard, et al.,
Appellants,

vs.

Southdale Gardens of Edina Condominium
Association, Inc., et al.,
Respondents.

**Filed July 5, 2005**
**Reversed and remanded**
**Parker, Judge***

Hennepin County District Court
File No. CT 03-005991

Gary Van Winkle, Timothy L. Thompson, Lawrence R. McDonough, Law Offices of the Legal Aid Society of Minneapolis, 2929 Fourth Avenue South, Suite 201, Minneapolis, MN 55408 (for appellants)

Michael J. Tomsche, Jeanette P. Cogelow, Tomsche, Sonnesyn and Tomsche P.A., 610 Ottawa Avenue North, Golden Valley, MN 55422 (for respondents)

Considered and decided by Kalitowski, Presiding Judge; Toussaint, Chief Judge; and Parker, Judge.

**SYLLABUS**

A written contract may be modified by subsequent acts and conduct of the parties to the contract. Because a nonwaiver clause may be modified by subsequent conduct, the mere presence of a nonwaiver clause does not automatically bar a waiver claim.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

**PARKER**, Judge

Appellant-residents challenge the district court's order granting summary judgment in favor of the association and the board of directors of Southdale Gardens of Edina Condominium Association, Inc. (respondents). Appellants contend that the district court erred by holding that a nonwaiver clause in the condominium bylaws precluded appellants' claims of waiver, estoppel, and breach of duty. Appellants also contend that the district court erred in dismissing one appellant for lack of standing. We reverse and remand.

## FACTS

Appellants Sharon Pollard, Richard Locken, and John and Carol Weiland are residents of Southdale Gardens. The condominium rules state in relevant part that residents are not permitted to keep pets, but overnight or day guests may bring pets if certain rules are observed. The condominium bylaws include the following nonwaiver clause:

> The failure of the Association or of a member to enforce any right, provision, covenant or condition which may be granted by the Declaration or By-laws shall not constitute a waiver of the right of the Association or member to enforce such right, provision, covenant or condition in the future.

Pollard took occupancy of her condominium unit in 1996 and acquired a cat in March or April 2001. Locken took occupancy of his unit in 1994 and began caring for a dog in January 2002. In September 2002, respondents informed Locken and Pollard that

they were violating the condominium pet rule. Effective February 1, 2003, respondents fined Locken and Pollard $10 for each day that they kept their respective pets. In April 2003, Pollard filed a complaint seeking a declaratory judgment that the pet rule was unenforceable.

The Weilands took occupancy of their condominium unit in September 2002. In June 2003, the Weilands informed respondents that they would be caring for a dog for an undetermined amount of time and that they considered their situation to fall under the "visiting pet rule" because their primary residence was in Florida. In August 2003, respondents informed the Weilands that keeping a dog violated the condominium pet rule and that they would be fined $10 for each day that they kept the dog. In September 2003, an amended complaint was filed adding Locken and the Weilands as plaintiffs.

Appellants allege that throughout the period of 1989 to 2002, it was common knowledge among Southdale Gardens residents that a number of residents kept pets. Appellants point to deposition testimony as evidence that in the past, board members had affirmatively accepted and even condoned ownership of pets by residents. Although appellants concede that they were aware of the pet rule when they moved into their respective condominium units, they state that but for respondents' history of nonenforcement of the pet rule and acceptance of pets on the premises, appellants would not have assumed that it would be permissible for them to own pets.

In their amended complaint, appellants claimed (1) that respondents waived their right to enforce the condominium pet rule; (2) that respondents were equitably estopped from enforcing the condominium pet rule against appellants; and (3) that respondents

breached a duty to treat residents equally by attempting to enforce the condominium pet rule against appellants but not against other residents.

Respondents filed a motion for summary judgment on all of the above claims. Respondents also requested that Locken be dismissed from the suit for lack of standing because he does not own his condominium unit. The district court granted respondents' motion for summary judgment. In doing so, the district court stated:

> For the purposes of this motion, the Court assumes the facts most favorable to the non-moving party as well as the reasonable inferences to be drawn there from. In this case, that means that the court assumes lack of enforcement or selective enforcement of the no-pet policy. Irrespective of this, summary judgment is appropriate.
>
> . . . .
>
> Because of [the nonwaiver clause], there can be no claim that Southdale Gardens waived or is estopped from enforcing the no pet policy due to non-enforcement or selective enforcement.

The district court made no mention of appellants' duty claim or respondents' standing argument; but the court stated that respondents' motion for summary judgment was "in all respects granted." This appeal followed.

**ISSUES**

1. Did the district court err in granting summary judgment in favor of respondents on appellants' claim that respondents waived their right to enforce the condominium pet rule?

2. Did the district court err in granting summary judgment in favor of respondents on appellants' claim that respondents were equitably estopped from enforcing the condominium pet rule against appellants?

3. Did the district court err in granting summary judgment in favor of respondents on appellants' claim that respondents breached a duty to treat residents equally by attempting to enforce the condominium pet rule against appellants but not against other residents?

4. Did the district court err in dismissing one appellant-resident from the suit for lack of standing because he does not own his condominium unit?

**ANALYSIS**

On appeal from summary judgment, this court asks whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990). Summary judgment is appropriate "when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that either party is entitled to a judgment as a matter of law." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993). A reviewing court must examine the evidence in the light most favorable to the party against whom summary judgment was granted. *Id.* A reviewing court is not bound by and need not give deference to a district court's decision on a purely legal issue. *Modrow v. JP Foodservice, Inc.*, 656 N.W.2d 389, 393 (Minn. 2003).

I.

Waiver is a voluntary relinquishment of a known right. *Illinois Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 798 (Minn. 2004). "The party alleging waiver must provide evidence that the party that is alleged to have waived the right possessed both knowledge of the right in question and the intent to waive that right." *Id.* Waiver is ordinarily a question of fact for a jury, unless only one inference may be drawn from the facts. *N. States Power Co. v. City of Mendota Heights*, 646 N.W.2d 919, 925 (Minn. App. 2002), *review denied* (Minn. Sept. 25, 2002).

It is well settled that a written contract may be modified by subsequent acts and conduct of the parties to the contract. *See, e.g., Huver v. Opatz*, 392 N.W.2d 237, 241 (Minn. 1986). Because a nonwaiver clause may be modified by subsequent conduct, the mere presence of a nonwaiver clause does not automatically bar a waiver claim. *See Green v. Minnesota Farmers' Mut. Ins. Co.*, 190 Minn. 109, 117, 251 N.W. 14, 17 (1933) (acknowledging an insurance contract's nonwaiver clause, but holding that evidence of insurance agent's conduct supported the finding that there was in fact a waiver of the contract's forfeiture provision); *see also Marblestone Co. v. Phoenix Assur. Co.*, 169 Minn. 1, 12-14, 210 N.W. 385, 386-87 (1926) (holding that insurer's conduct did not waive the right to limit coverage, even though existence of nonwaiver clause did not preclude the possibility of such a waiver).

Appellants contend that it was an error of law for the district court to grant summary judgment on the basis of the nonwaiver clause alone when the evidence shows that respondents failed to enforce the rule for 12 years and even encouraged violation of

the rule. Respondents, however, deny failure to enforce the pet rule and state that several Minnesota cases support the use and enforcement of nonwaiver clauses. *See, e.g.*, *Minneapolis Cmty. Dev. Agency v. Powell*, 352 N.W.2d 532, 535 (Minn. App. 1984) (stating that a nonwaiver provision in a public housing lease is not per se unconscionable or void as against public policy). But the cases cited by respondents do not stand for the proposition that a waiver by conduct can never occur where a contract contains a nonwaiver provision, and we find no authority to support such an argument.

The district court assumed that for the purposes of respondents' summary judgment motion, there was lack of enforcement or selective enforcement of the condominium pet rule. Viewing the evidence in the light most favorable to appellants, the record supports this assumption and creates an issue of material fact as to whether respondents knowingly and intentionally waived their right to enforce the pet rule. Therefore, we are compelled to reverse the district court's order of summary judgment with respect to appellants' waiver claim.

**II.**

"Equitable estoppel prevents the assertion of otherwise valid rights where one has acted in such a way as to induce another party to detrimentally rely on those actions." *Drake v. Reile's Transfer & Delivery, Inc.*, 613 N.W.2d 428, 434 (Minn. App. 2000). Parties seeking to invoke the doctrine of equitable estoppel must prove (1) that promises or inducements were made; (2) that they reasonably relied upon the promises; and (3) that they will be harmed if estoppel is not applied. *Hydra-Mac, Inc. v. Onan Corp.*, 450 N.W.2d 913, 919 (Minn. 1990). The application of equitable estoppel ordinarily presents

a question of fact, unless only one inference may be drawn from the facts. *Drake*, 613 N.W.2d at 434.

Here, the district court held that because of the nonwaiver clause, there could be no claim that respondents were estopped from enforcing the pet rule. Without further analysis, the district court granted summary judgment on appellants' estoppel claim. We find no authority to support the proposition that a nonwaiver clause precludes estoppel claims.

Respondents contend that summary judgment was appropriate on the estoppel claim because respondents did not make any affirmative promises or inducements to appellants. But we recognize the supreme court's long-standing position on estoppel as follows:

> The authorities are . . . substantially all agreed upon the following general propositions. First. *To create an estoppel, the conduct of the party need not consist of affirmative acts or words. It may consist of silence or a negative omission to act when it was his duty to speak or act.* Second. It is not necessary that the facts must be actually known to a party estopped. It is enough if the circumstances are such that a knowledge of the truth is necessarily imputed to him. Third. It is not necessary that the conduct be done with a fraudulent intention to deceive, or with an actual intention that such conduct will be acted upon by the other party. It is enough that the conduct was done under such circumstances that he should have known that it was both natural and probable that it would be so acted upon.

*Dimond v. Manheim*, 61 Minn. 178, 182, 63 N.W. 495, 497 (1895) (emphasis added).

Respondents argue that even if Pollard and Locken may properly invoke the doctrine of equitable estoppel, the Weilands cannot. Respondents support this position

by underscoring the fact that after the Weilands informed respondents that they would be caring for a dog for an undetermined amount of time under the "visiting pet rule," respondents notified the Weilands that doing so would violate the condominium pet rule. But appellants maintain that notwithstanding respondents' notice, the Weilands reasonably relied on respondents' history of nonenforcement as an indication that the condominium pet rule may no longer be valid. Viewing the record in the light most favorable to the nonmoving party, more than one inference may be drawn from the facts at hand and the Weilands' estoppel claim is sufficient to survive summary judgment.

The district court erred in holding that as a matter of law, the mere existence of a nonwaiver clause precludes estoppel claims. Moreover, the record creates a genuine issue of material fact as to the merits of appellants' estoppel claims. Therefore, we must reverse the district court's order of summary judgment with respect to all of appellants' estoppel claims.

**III.**

Appellants contend that, under the Minnesota Common Interest Ownership Act, respondents have a duty to treat all condominium residents equally. *See* Minn. Stat. § 515B.3-103(a) (2004) (setting forth the standard of care to be exercised by officers and directors of an association). Appellants claim that by attempting to enforce the pet rule against appellants but not against other residents, respondents breached their duty to treat residents equally.

Although the district court made no mention of appellants' duty claim, the court granted respondents' motion for summary judgment "in all respects." It appears that the

district court granted summary judgment on appellants' duty claim based on the nonwaiver clause. We make no determination as to whether respondents had a duty to treat residents equally under the law cited by appellants or as to whether respondents violated this alleged duty. But we find no authority for the proposition that a nonwaiver clause precludes such a claim. Therefore, we must reverse the district court's order of summary judgment with respect to appellants' duty claim.

**IV.**

"Standing is the requirement that a party has a sufficient stake in a justiciable controversy to seek relief from a court." *State by Humphrey v. Philip Morris, Inc.*, 551 N.W.2d 490, 493 (Minn. 1996) (citing *Sierra Club v. Morton*, 405 U.S. 727, 731-32, 92 S. Ct. 1361, 1364-65 (1972)). Standing is acquired if the plaintiff has suffered some injury-in-fact or the plaintiff is the beneficiary of some legislative enactment granting standing. *Id.*

In their motion for summary judgment, respondents argued that Locken should be dismissed from the suit for lack of standing because he does not own his condominium unit and is not a member of the condominium association. The district court made no mention of the standing issue, but granted respondents' motion for summary judgment in "all respects."

The condominium rules and regulations read in relevant part that they are intended "to provide reasonable guidelines for the residents" of the condominium. The pet rule states that "[r]esidents are not permitted to keep pets." Because the condominium rules are directed at residents and not limited to occupants who own units, we hold that Locken

has standing in this matter and should not have been dismissed from the suit. Therefore, we must reverse the district court's order of summary judgment with respect to Locken's standing to sue.

## DECISION

The district court erred in concluding that the mere presence of a nonwaiver clause barred appellants' claims of waiver, equitable estoppel, and breach of duty. The district court also erred in dismissing appellant Locken for lack of standing. The record shows that appellants' claims involve genuine issues of material fact. Therefore, we must reverse the district court's order of summary judgment and remand for further proceedings.

**Reversed and remanded.**