**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

SLIDELL, INC.,

Plaintiff,

v.

MILLENNIUM INORGANIC CHEMICALS, INC.,

Defendant.

Civil No. 02-213 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER**

Thomas S. Fraser, Jeffrey W. Post, Wade S. Davis, and Jeffrey W. Jones, **FREDRIKSON & BYRON**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402-1425, for plaintiff.

Scott A. Smith, Michael T. Nilan, Matthew E. Johnson, and Amanda M. Cialkowski, **HALLELAND LEWIS NILAN & JOHNSON**, 220 South Sixth Street, Suite 600, Minneapolis, MN 55402, for defendant.

Slidell, Inc. ("Slidell") and Millennium Inorganic Chemicals, Inc. ("Millennium") entered into a contract in which Slidell agreed to manufacture several packaging machines for Millennium. After numerous delays and complications, both parties filed suit against the other alleging, *inter alia*, breach of contract. The dispute proceeded to trial and, after six weeks of testimony, the jury found 1) in favor of Millennium on its breach of contract claim; 2) against Slidell on its breach of contract claim; 3) against Slidell on its trade secrets claim; and 4) in favor of Slidell on its promissory estoppel claim. The Court entered judgment accordingly. Both parties then filed post-trial motions. The Court addresses each of the motions below.

## I. MILLENNIUM'S MOTION FOR PREJUDGMENT INTEREST

Millennium filed a motion requesting that the Court include pre-verdict and post-verdict interest in its judgment award. The parties then filed a stipulation stating that Millennium is entitled to pre-verdict and post-verdict interest. As part of the stipulation, however, the parties note that they disagree as to whether the amount of post-verdict interest should be based on the net verdict, which would amount to $457.30/day; or the net verdict plus pre-verdict interest, which would amount to $504.18/day. The Court holds that the amount of post-verdict interest should be based on the net verdict alone. *See* Minn. Stat. § 549.09, subd. 1(a). Therefore, the amount of post-verdict interest is $457.30/day.

## II. MILLENNIUM'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON SLIDELL'S COMPLAINT

In its verdict, the jury found for Slidell on its claim of promissory estoppel based on Millennium's promise to pay Slidell for European-based, long-term field support. In 2003, Millennium moved for summary judgment on this claim arguing that, because Slidell never completed the packaging machines, Slidell's promissory estoppel claim was barred by the affirmative defenses of frustration of purpose, total failure of performance, and impracticability. The Court denied Millennium's motion on the ground that the defenses of frustration and impracticability require that the party asserting the defense not be at fault for the contract's demise and that the issue of Millennium's fault had yet to be determined. Millennium now moves for judgment as a matter of law, pursuant to Federal

Rules of Civil Procedure 50(b)[1] and 52(b)[2], asserting that the jury's verdict in favor of Millennium on its breach of contract claim establishes that Millennium was not at fault for Slidell's failure to complete the packaging machines intended for Europe, and, therefore, the defenses of frustration of purpose, total failure of performance, and impracticability defeat Slidell's promissory estoppel claim as a matter of law.

Slidell argues that Millennium is procedurally barred from raising these defenses in a Rule 50(b) motion because it did not raise these same issues in its motion for a directed verdict pursuant to Rule 50(a). The Court agrees. In its motion for a directed verdict, Millennium argued that Slidell did not make out a prima facie case for promissory estoppel, but did not argue that the three defenses it now asserts barred the claim. Millennium, therefore, cannot raise the defenses here. *See, e.g., Holmes v. United States*, 85 F.3d 956, 962 (2d Cir. 1996); *Tsai v. Rosenthal*, 297 F.2d 614, 618 (8th Cir. 1961); Fed. R. Civ. P. 50 advisory committee's note, 1991 amendments ("A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion.").

To the extent Millennium brings this motion under Rule 52(b),[3] the motion still fails on the merits. In order to establish a defense of frustration of purpose, Millennium

---

[1] Federal Rule of Civil Procedure 50(b) is entitled "Renewing Motion for Judgment After Trial; Alternative Motion for New Trial."

[2] Federal Rule of Civil Procedure 52(b) applies when a party requests that a court amend its judgment.

[3] The Eighth Circuit, in holding that a Rule 50(b) motion cannot be made without a proper prior Rule 50(a) motion in the *Tsai* case, noted that a Rule 52 motion "applies only to findings of fact in actions tried to a court without a jury, *and possibly to situations where the jury*

(Footnote continued on next page.)

must show that 1) the party's principal purpose in making the contract was frustrated; 2) without that party's fault; and 3) by the occurrence of an event, the non-occurrence of which was a basic assumption on which the contract was made. *Nat'l Recruiters, Inc. v. Toro Co.*, 343 N.W.2d 704, 707 (Minn. Ct. App. 1984). Millennium argues that the primary purpose of its promise to pay for European field support was to obtain service for its machines in Europe and, since the machines were never delivered to Europe, the primary purpose of the agreement was frustrated. The Court agrees with Slidell's assertion, however, that the primary purpose, or at least one of the primary purposes, of Millennium's promise to pay for European field support was to obtain a discount on the price of the equipment. In fact, Millennium received a $1.2 million discount on the price of the packaging equipment in exchange for its promise to contract with Slidell for future field support. Moreover, the jury found that Millennium breached the contract with Slidell. Although the jury also found that Millennium's breach was excused, the Court is unwilling to find as a matter of law that Millennium did not share any responsibility for Slidell's failure to deliver the packaging machines to Europe. The jury's finding that Millennium breached the contact could have been based, at least in part, on Millennium having some responsibility for Slidell's failure to complete the machines. Therefore, Millennium has failed to adequately support the defense of frustration of purpose. The

(Footnote continued.)

*is serving only in an advisory capacity.*" 297 F.2d at 618 (emphasis added). As promissory estoppel claims, which are equitable in nature, are typically decided by a court, Millennium could argue that the jury was serving in an advisory capacity on Slidell's promissory estoppel claim and, therefore, the procedural bar to its Rule 50(b) motion does not apply to its motion to amend the judgment pursuant to Rule 52(b).

Court's unwillingness to find that Millennium was not at fault, at least to some degree, for Slidell's failure to deliver the machines to Europe, also forecloses the defense of impracticability. *See* Restatement (Second) of Contracts § 261.

As for the defense of total failure of performance, Millennium argues that it cannot be held liable for its breach of its promise to pay for European field support because Slidell was unable to complete its end of the bargain by delivering the machines to Europe. For support, Millennium relies on two Eighth Circuit cases: *Gibbs, Nathaniel (Canada) Ltd. v. Int'l Multifoods Corp.*, 804 F.2d 450, 452 (8th Cir. 1986), in which the court held that a peanut buyer was not liable for its breach of a contract because the seller was unable to deliver the peanuts; and *Acme Invs., Inc. v. Southwest Tracor, Inc.*, 105 F.3d 412, 416 (8th Cir. 1997), in which the court held that a property owner was not liable for refusing to honor an option on the property because the buyer was unable to tender the purchase price. In the present case, Slidell asserts that by relying on Millennium's promise to pay for European field support, and because Millennium breached that promise, Slidell did not have the cash flow needed to complete the machines and deliver them to Europe. Therefore, unlike the circumstances in *Gibbs* and *Acme*, the jury, in finding that Millennium breached the contract with Slidell, may have determined that Millennium *contributed* to Slidell's inability to live up to its end of the agreement. Therefore, the Court cannot say, as a matter of law, that Millennium's duty was discharged because Slidell would have been unable to fulfill its end of the contract.

For the reasons discussed above, Millennium's motion for judgment as a matter of law on Slidell's complaint is denied.

## III. SLIDELL'S MOTION TO DETERMINE LIABILITY FOR WRONGFUL INJUNCTION

On April 17, 2002, this Court issued a preliminary injunction preventing Slidell from selling the equipment it was building for Millennium and from selling or returning the parts used to build the equipment. Slidell now argues that it was wrongfully enjoined and is entitled to recover on the injunction bond because Millennium failed to prevail on its equitable claims at trial.[4] Fed. R. Civ. P. 65(c).

Slidell asserts that "where a party is granted a preliminary injunction, but fails to prevail on its claim for permanent injunctive relief, the preliminary injunction is by definition wrongful." (Slidell's Mem. in Supp. of its Mot. to Determine Liability for Wrongful Inj. at 5 (*citing Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994); *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1055 (2d. Cir. 1990); *Middlewest Motor Freight Bureau v. United States*, 433 F.2d 212, 243 (8th Cir. 1970).) The Court does not find sufficient support in any of the cases cited by Slidell for this contention. Rather, the cases indicate that a party is wrongfully enjoined if "the party enjoined had the right all along to do what it was enjoined from doing." *Nintendo*, 16 F.3d at 1036; *see also Blumenthal*, 910 F.2d at 1054 ("A party has been 'wrongfully enjoined' under Fed. R. Civ. P. 65(c) if it is ultimately found that the enjoined party had at all times the right to do the enjoined act.").

"The focus of the 'wrongfulness' inquiry is whether, in hindsight in light of the ultimate decision on the merits after a full hearing, the injunction should not have issued

[4] Millennium's equitable claims of equitable lien, constructive trust, replevin, and specific performance were dismissed either on summary judgment or directed verdict.

in the first instance." *Blumenthal*, 910 F.2d at 1054. Millennium argues that since the jury found that Slidell breached the contract by not delivering the machines to Millennium, then certainly Slidell did not have the right to benefit from the breach by selling off the equipment and pocketing the proceeds. Millennium also argues that because it had a property interest in the equipment, Slidell's selling of the equipment would have amounted to conversion. *See* Minn. Stat. § 336.2-501(1) (stating that a buyer obtains a special property interest in goods as soon as the goods are identified as part of the contract). Finally, Millennium asserts that Slidell would have been unjustly enriched by selling the equipment and parts for which Millennium had already paid. *See, e.g.*, *Gallinger v. N. Star Hosp. Mut. Assurance, Ltd.*, 64 F.3d 422 (8th Cir. 1995). The Court finds merit in all three of these arguments, and therefore, finds that Slidell did not, at all times, have the right to sell the equipment and parts intended for Millennium and is not entitled to recover on the injunction bond.

In light of the fact that the preliminary injunction at issue was dissolved by the Court in its March 14, 2005 Order, and the Court's current holding that Slidell is not entitled to recover on the injunction bond, the Court orders that the bond be released.

## IV. SLIDELL'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND A NEW TRIAL

The jury was instructed that a party that breaches a contract may have its breach excused if the party's breach was legally justified. Millennium asserted three legal justifications for its breach: prior breach, equitable estoppel, and waiver. Slidell now moves for judgment as a matter of law and a new trial pursuant to Federal Rules of Civil Procedure 50 and 59, arguing that Millennium's defenses of equitable estoppel and

waiver are not legally or factually sustainable. Slidell also argues that the jury's finding that Slidell's control flow and connectivity diagrams are not trade secrets is against the great weight of the evidence.

Slidell does not assert that the defense of prior breach was in any way lacking. Millennium asserts that the evidence presented to support the prior breach justification – *e.g.*, that Slidell failed to comply with its obligations to send biweekly status reports and refused to provide Millennium with information it needed to build new facilities – is sufficient to uphold the jury's verdict. The Court agrees. Assuming arguendo, however, that the jury found that Millennium's breach was justified because of equitable estoppel or waiver, the Court still finds no error that warrants a judgment as a matter of law or a new trial.

### A. Equitable Estoppel

Slidell argues that Millennium failed to adequately support its justification of equitable estoppel and that the Court's instruction on equitable estoppel was improper.[5] At trial, Slidell argued that Millennium breached the contract when it shared Slidell's proprietary information with RoviSys without Slidell's permission. In response,

---

[5] The jury instruction on equitable estoppel provided that:

> To establish equitable estoppel, Millennium must show that: 1) Slidell misrepresented a material fact or was silent when it had a duty to speak; 2) Slidell knew or should have known the representation was false; 3) Slidell intended Millennium to act on the representation; 4) Millennium lacked knowledge of the true facts; and 5) Millennium reasonably relied upon the misrepresentation to breach the contract.

(The Court's Instructions to the Jury, No. 13.)

Millennium argued that Slidell was equitably estopped from making this claim. Slidell now argues that Millennium did not meet its burden on three of the elements of its equitable estoppel defense. Specifically, Slidell argues that Millennium did not show that: 1) Slidell made a false statement or had a duty to speak; 2) Slidell intended Millennium to act on the representation; or 3) Millennium reasonably relied on the misrepresentation. The Court disagrees. There is considerable evidence in the record that Slidell was aware of Millennium's intention to share the information with RoviSys, that Slidell knew that Millennium believed that Slidell consented to the information being shared, and that Slidell failed to properly notify Millennium that it did not consent to the information being shared. This evidence is more than sufficient to support the jury's verdict.

Slidell also argues that the Court's instruction on equitable estoppel was improper because the Court 1) failed to instruct the jury that the defense of equitable estoppel is limited to the specific breach to which Slidell's representation or omission related; 2) the instruction did not include an element requiring unconscionability; and 3) the Court failed to instruct the jury that a party with unclean hands cannot seek estoppel. The Court finds that Slidell's first two arguments were not raised during the trial and, therefore, were not preserved. *See* Fed. R. Civ. P. 51. Slidell's third argument, that the jury instruction on equitable estoppel should have included an additional element requiring Millennium to have "unclean hands" in order to invoke an equitable defense was raised during the charge conference. Millennium responded that unclean hands was an equitable defense that could not be used to defeat its equitable defense of estoppel. In its current motion, Slidell has not put forth any cases where a court applied the defense of unclean hands in

the manner suggested by Slidell. Moreover, "[t]he district court has broad discretion to instruct the jury in the form and language it considers fair and adequate to present the substantive law." *Gray v. Bickness*, 86 F.3d 1472, 1485 (8th Cir. 1996). "Jury instructions are not erroneous if they, as a whole, fairly and adequately instruct the jury as to the substantive law." *Superior FCR Landfill, Inc. v. Wright County*, 2002 WL 511460, at * 6 (D. Minn. Mar. 31, 2002). The Court is confident that it properly instructed the jury as to the elements of equitable estoppel. *See Slidell v. Millennium Inorganic Chems., Inc.*, 2004 WL 1447921, at *16 (listing elements of equitable estoppel and citing further authority, none of which include an element for unclean hands). As such, the Court finds no error on this issue.

**B. Waiver**

Slidell also argues that Millennium failed to adequately support its justification of waiver and that the Court's instruction on waiver was improper.[6] Slidell does not argue that the jury instruction on waiver was not an accurate statement of the law, but instead argues that the Court should have included additional statements with the instruction. First Slidell argues that the Court should have instructed the jury that in order for

[6] The jury instruction on waiver provided that:

> In order for Slidell to have waived Millennium's breach, you must find that Slidell knew of its legal rights, intended to relinquish its rights, and unequivocally did so. If you find that Millennium breached particular provisions of the contract, in some way, but that Slidell knew of Millennium's breach and continued to exercise its rights under the contract and continued to demand performance after Millennium's breach, then Millennium's breach may be excused. Any waiver by Slidell is limited to the specific breach that was waived.

(The Court's Instructions to the Jury, No. 13.)

Slidell's waiver to excuse Millennium's breach, the jury must first have found that Slidell waived the contract provision requiring all waivers to be in writing. It is undisputed that written waiver requirements can be waived. *See Pollard v. Southdale Gardens of Edina Condominium Association, Inc.*, No. A04-2057, 698 N.W.2d 449, 453 (MN Ct App July 5, 2005). Moreover, after the six-plus weeks of trial, the jury was well acquainted with the contract, and Slidell addressed the written waiver requirement in its closing argument. As the jury was correctly instructed on the law of waiver, the Court finds no error on this issue. *See*, *e.g*., *Gray*, 86 F.3d at 1485 (stating that "[a] party is not . . . entitled to a specific formulation of an instruction"); *Davis v. Merrill Lynch*, *Pierce, Fenner & Smith, Inc.*, 906 F.2d 1206, 1212 (8th Cir. 1990) (noting that a judge is not "required to accept the particular phraseology proposed by any given litigant.")

Slidell next argues that the waiver instruction was improper because it did not instruct the jury on Slidell's reservation of rights or Slidell's right to proceed in a commercially reasonable manner. The Court finds that there was no error in not including an instruction on Slidell's reservation of rights. As an initial matter, this argument may not have been preserved by Slidell as Slidell's request for this instruction was in response to Millennium's request for a continuing breach instruction. The Court denied Millennium's request and Slidell did not renew its request for an instruction on reservation of rights. Even if this argument was preserved, however, the Court finds that 1) the instruction given was adequate because it required the jury to find that Slidell knew of its legal rights, *intended to relinquish its rights*, and unequivocally did so, and 2) there is insufficient evidence to support a finding that Slidell "explicitly" reserved its rights despite continuing to perform under the contract as required by statute. *See* Minn. Stat.

§ 336.1-308. Similarly, the Court finds that Slidell's argument that the jury should have been instructed on proceeding in a commercially reasonably manner was neither properly preserved for review because it was tied to Millennium's request for a continuing breach instruction, nor supported by the evidence.

Slidell also argues that Millennium failed to submit sufficient evidence for a jury to find waiver. Slidell seems to be arguing that the instruction was improper because it did not include the higher burden of proof required under implied waiver. During the charge conference, however, the Court rejected Millennium's request to include an instruction on implied waiver. Therefore, there was no reason for the instruction to include the higher burden of proof associated with implied waiver.

Slidell next argues that Millennium cannot raise the defense of waiver in response to a breach of its duty of good faith and fair dealing, nor can Slidell waive its right to sue based on Millennium's anticipatory repudiation of the contract. The Court finds that these arguments also are not preserved, or supported by evidence.

Finally, Slidell argues that the Court improperly instructed the jury to allow Millennium to claim Slidell's breach theories. According to Slidell, its breach of contract claim was based on several theories including breach of the contract's express terms, failure to specify in a timely manner, preventing a contract term from being completed, anticipatory repudiation, and breach of the duty of good faith and fair dealing. Whereas, Millennium's only claim was that Slidell breached the contract by failing to deliver the equipment. According to Slidell "[b]estowing on Millennium the ability to mirror Slidell's numerous breach theories ambushed Slidell." (Slidell's Mem. in Supp. of Its Mot. for J. as a Matter of Law and New Trial at 14.) The Court finds that this argument

is without merit as 1) there is nothing in the record to suggest that Millennium's breach theory was so narrowly tailored; 2) the record is replete with depositions, testimony, and briefing on Millennium's various allegations of breach; and 3) Slidell failed to object to the introduction of such evidence during the trial.

### C. Trade Secrets

Slidell argues that the overwhelming weight of the evidence shows that it did not waive Millennium's breach of the confidentiality and software licensing agreement, Millennium's breach for failing to provide specifications for two of Millennium's plants, or Millennium's breach for failing to refund the discount; and that Slidell's control flow diagrams and connectivity drawings were trade secrets. All of these arguments were raised during trial and both parties presented evidence to support its position. The Court finds that there is ample evidence in the record to support the jury's verdict on all of these issues and the Court is not in the position to supplant the jury's verdict with its own. *See, e.g.*, *Stafne v. Unicare Homes, Inc.*, 1999 WL 1212656, at *1 (D. Minn. Aug. 12, 1999).

## ORDER

Based upon the foregoing, the submissions of the parties, the arguments of counsel and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Millennium's Motion for Entry of Judgment as a Matter of Law in Millennium's Favor on Plaintiff's Complaint [Docket No. 441] is **DENIED**.

2. Slidell's Motion for Order to Determine Liability for Wrongful Injunction [Docket No. 444] is **DENIED**.

3. Slidell's Motion for Judgment as a Matter of Law and New Trial [Docket No. 449] is **DENIED**.

**IT IS FURTHER ORDERED** that the post-verdict interest awarded to Millennium should be based on the net verdict alone, or an amount of $457.30/day, and that the injunction bond obtained by Millennium is released.

DATED: July 26, 2005
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge